Rick L. Koehmstedt, WSB 6-3101
Schwartz, Bon, Walker & Studer, LLC
141 S. Center St., Suite 500
Casper, WY  82601
(307) 235-6681
rick@schwartzbon.com

Patricia K. Buchanan (WSBA 19892)
*Admitted Pro Hac Vice*
Patterson Buchanan Fobes & Leitch, Inc., P.S.
1000 Second Ave., 30th Floor
Seattle, WA  98104
(206) 462-6700
pkb@pattersonbuchanan.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH, and JOHN DOE, on behalf Of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRINITY TEEN SOLUTIONS, INC., a Wyoming corporation; TRIANGLE CROSS RANCH, LLC, a Wyoming limited liability corporation; MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE, a Wyoming Corporation; GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; JUDITH D. JEFFERIS; DALLY-UP, LLC, a Wyoming limited liability corporation; ROCK CREEK RANCH, INC., a Delaware corporation; DIOCESE OF CHEYENNE, a Wyoming corporation; the SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, a Texas corporation; and NEW MOUNT CARMEL FOUNDATION, INC., a Wyoming corporation,<br><br>    Defendants. | Civil Action No.: 20-cv-00215 |

## BRIEF IN SUPPORT OF DEFENDANT NEW MOUNT CARMEL FOUNDATION, INC.'S MOTION TO DISMISS

### I.   INTRODUCTION AND RELIEF REQUESTED

In Plaintiffs' 109-page complaint against numerous defendants,[1] Defendant New Mount Carmel Foundation, Inc. (the "Foundation"), is mentioned only in a footnote. *See* Compl., dkt. 1, at 19 n. 11.  The footnote is a single sentence.  And that sentence amounts to a conclusory allegation that the Foundation knew about and benefitted from coerced labor and that it "supported" an unidentified monastery—how the Foundation allegedly "supported" the monastery is unclear.  *Id.*  ("Plaintiff avers that the sole purpose of the Foundation is the support of the monastery and that it is the sole source of significant support, therefore each hour of coerced child labor directly benefitted the Foundation with the knowledge and consent of its president, director, secretary, and other officers.").  *Id.*

Conclusory allegations do not meet federal pleading standards and are legally insufficient to survive a motion to dismiss.  *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).  Accordingly, under Federal Rule of Civil Procedure12(b)(6), the Foundation moves to dismiss, with prejudice, Plaintiffs' claims against it for alleged violations of 18 U.S.C.§ 1589(b)—forced labor—and 18 U.S.C. 1590(a)—human trafficking.[2]  With respect to their claims against the Foundation, Plaintiffs have failed to state a plausible claim upon which relief can be granted.

### II.   STATEMENT OF FACTS

Plaintiffs brought a putative class action complaint against numerous defendants, including the Foundation.  *See generally* Compl., dkt. 1.

Plaintiffs allege that they, and others in the putative class, were coerced through threats

---

[1] This page count includes an attached exhibit.  Excluding the exhibit, the complaint is 57 pages.  Compl., dkt. 1.
[2] The Foundation infers that these claims are being brought against it because they are brought against "all defendants."  Compl., dkt. 1, at 48 (Count 2), 49 (Count 3).

and other means to provide free labor at working ranches in Wyoming. *Id.* at ¶¶ 3–4, 9–12, 49–64. It is also alleged that Daniel Schneider, a relative of other defendants allegedly connected to the forced-labor ranches, would transport Triangle Ranch residents from the ranch to "the monastery" for labor. *Id.* at ¶ 65. Plaintiffs, however, do not allege where this "monastery" is located. It is further alleged that Daniel Schneider would deliver pressure washers and other machines requiring repair to the Triangle Ranch. *Id.*

Plaintiff Sherman alleges that her forced labor included cleaning at Mystic Monks Coffee and that it occurred at "the monastery at which Defendant [Mystic Monks Coffee] is located." *Id.* at ¶¶ 70(q)–71. Plaintiff Gozun alleges that her forced labor occurred at, among other locations, "the monastery." *Id.* at 76. While it remains unclear where this monastery is located and what Plaintiff Gozun alleges occurred there, it can be inferred from the prior paragraph in the Complaint that the allegation is the same as Plaintiff Sherman—*i.e.*, cleaning at Mystic Monks Coffee. *See id.* ¶ 75 ("Plaintiff Gozun's labor list substantially mirrors Plaintiff Sherman's list."). Plaintiff Doe alleges that his labor included repairing "pressure washers on . . . monastery equipment." *Id.* at ¶ 88(b). He also alleges more vaguely that "he provided mechanical labor to the Monastery." *Id.* at ¶ 89.

With respect to the Foundation, the only allegation is contained in a single-sentence footnote: "Plaintiff avers that the sole purpose of the Foundation is the support of the monastery and that it is the sole source of significant support, therefore each hour of coerced child labor directly benefitted the Foundation with the knowledge and consent of its president, director, secretary, and other officers." *Id.* at 19 n. 11.

The Foundation infers that Plaintiffs are bringing two claims against it: a claim under 18 U.S.C. § 1589(b) for allegedly receiving a known benefit from forced labor, and a claim under 18 U.S.C. §1590(a) for alleged trafficking. Compl., dkt. 1, at 48 (Count 2), 49 (Count 3) (stating claims brought against "all defendants").

3

### III.   ISSUE

Should this Court dismiss Plaintiffs' claims against the Foundation when Plaintiffs have provided only conclusory allegations that merely parrot the relevant legal standard?

### IV.   ARGUMENT

**Legal standard under Fed. R. Civ. P. 12(b)(6)**

For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). However, only well-pleaded (non-conclusory) factual allegations are taken as true; the rest must be disregarded. *Id.* at 679–80; *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012); *Soto for estate of Jimenez v. Bd. of Cty. Commissioners of Caddo Cty., Okla.*, 748 Fed. Appx. 790, 793 (10th Cir. 2018) ("We accept as true the remaining, well-pleaded (that is, plausible, non-conclusory, and non-speculative) factual allegations and construe them in the light most favorable to the plaintiff."). Considering the well-pleaded facts and the reasonable inferences from those facts, the court must determine if the plaintiff has alleged a plausible claim for relief. *See id.*

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679. A *possible* claim for relief will not survive. *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* at 678 (citing and quoting *Bell Atlantic Corp. v. Twombly*, 560 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### A.   18 U.S.C. 1589(b) (Count 2)

**Plaintiffs failed to allege any facts supporting a plausible claim for relief under 18 U.S.C. 1589(b).**

Plaintiffs allege that the Foundation violated 18 U.S.C. 1589(b), which permits them to seek damages under 18 U.S.C. 1595(a). 18 U.S.C. 1589(b) states:

> Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in

4

reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means . . . .

To avoid dismissal of a § 1589(b) claim, plaintiffs must plausibly allege that they provided labor or services that were procured by a method that is prohibited under § 1589(a) and that the Foundation knowingly benefited financially from participating in a venture that the Foundation knew engaged in the providing or obtaining of such prohibited labor. *See Bistline v. Parker*, 918 F.3d 849, 871 (10th Cir. 2019).

For the purposes of this motion, the Foundation assumes Plaintiffs have alleged sufficient primary violations of § 1589(a) under Count 1 of the complaint. To prove venture liability under 1589(b), however, Plaintiffs must plausibly allege that Defendants knowingly benefitted from participating in a venture engaged in these violations and that they knew about this illegal conduct. *See Bistline*, 918 F.3d at 873–76; 18 U.S.C. 1589(b).

Here, with respect to the Foundation, Plaintiffs have failed to plausibly allege a violation of § 1589(b). Although they allege that the Foundation knew about and benefitted from coerced labor, this is a conclusory allegation that merely parrots the legal requirements of a § 1589(b) violation. This is legally insufficient to survive a motion to dismiss. *See, e.g., Khalik*, 671 F.3d at 1191; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### B. 18 U.S.C. 1590(a) (Count 3)

**Plaintiffs failed to allege a plausible claim for relief under § 1590(a)—they have only provided conclusory allegations.**

Plaintiffs also allege a claim under 18 U.S.C. § 1595(a) against the Foundation for knowingly benefitting financially from participating in a venture that it knew or should have known engaged in a violation of 1590(a). *See* Compl., dkt. 1, ¶¶ 122–26.

This claim is largely duplicative of Plaintiffs' Count 2 claim, which alleges a violation of § 1589(b). The standard for proving liability under § 1595(a) is very similar to the standard for venture liability under § 1589(b) discussed above. Section 1595(a) states:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by

5

receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter[3]) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

The standard for obtaining civil liability under § 1595(a)—other than against a direct perpetrator—closely mirrors the venture liability standard under § 1589(b).[4] However, instead of the defendant knowing about coerced labor within the meaning of § 1589(a), Plaintiffs allege participation in a venture knowing that the venture engaged in conduct violating 18 U.S.C. § 1590(a), which states:

> Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

It is not alleged—even in a conclusory fashion—that the Foundation knowingly did anything to directly violate § 1590(a). Instead, Plaintiffs appear to allege that the Foundation knowingly benefitted from participating in a venture that it knew engaged in an act that violated § 1590(a), which would then constitute a violation of § 1595(a) and permit civil liability. *See* Compl., dkt. 1, ¶¶ 122–26.

However, as explained above, Plaintiffs failed to plausibly allege that the Foundation benefitted financially or knew about coerced labor, let alone the trafficking conduct at issue in § 1590(a). For these reasons, Plaintiffs' claim under Count 3 must be dismissed against the Foundation.

## V. CONCLUSION

Because Plaintiffs failed to state a plausible claim for relief against the Foundation, their claims against the Foundation must be dismissed, with prejudice.

---

[3] In Count 3, the "act in violation of this chapter" under 18 U.S.C. § 1595(a) is alleged to be an act violating 18 U.S.C. § 1590(a). *See* Compl., dkt. 1, ¶¶ 122–26.

[4] With respect to the interplay between 18 U.S.C. § 1589(b) and § 1595(a), though the standards for venture liability and knowingly benefitting under § 1595(a) are very similar, a person could be considered a "direct perpetrator" under § 1595(a) by violating § 1589(b).

DATED this 21st day of January, 2021.

        SCHWARTZ, BON, WALKER & STUDER, LLC

By: *s/Rick L. Koehmstedt*
    Rick L. Koehmstedt, WSB 6-3101
    Of Attorneys for Defendant New Mount Carmel Foundation, Inc.
    141 S. Center St., Suite 500
    Casper, WY  82601
    (307) 235-6681
    rick@schwartzbon.com

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

By: *s/Patricia K. Buchanan*
    Patricia K. Buchanan, WSBA 19892
    *Admitted Pro Hac Vice*
    Of Attorneys for Defendant New Mount Carmel Foundation, Inc.
    1000 Second Ave., 30th Floor
    Seattle, WA  98104
    pkb@pattersonbuchanan.com

**CERTIFICATE OF SERVICE**

        This is to certify that on this 21st day of January, 2021, I served a true and correct copy of the above and foregoing document via the CM/ECF addressed as follows:

| **Attorneys for Plaintiffs:**<br>Michael Rosenthal (mike@hkwyolaw.com)<br>Nathan Nicholas (nnicholas@hkwyolaw.com)<br>Hathaway & Kunz, LLP<br>PO Box 1208<br>Cheyenne, WY 82003-1208<br><br>Brice Timmons (brice@donatilaw.com)<br>Bryce Ashby (bryce@donatilaw.com)<br>Craig Edgington (craig@donatilaw.com)<br>Donati Law, PLLC<br>1545 Union Ave.<br>Memphis, TN 38104<br><br>Frank Watson, III (fwatson@watsonburns.com)<br>Watson Burns, PLLC<br>253 Adams Ave.<br>Memphis, TN 38104 | **Attorneys for Defendants Trinity Teen Solutions, Inc, Jerry Woodward, Kara Woodward, Kyle Woodard, Dally-Up, LLC:**<br>Thomas Quinn (tquinn@gordonrees.com)<br>Lillian Alves (lalves@grsm.com)<br>Gordon & Rees, LLP<br>555 Seventeenth St., Ste. 3400<br>Denver, CO 80202 |
|---|---|
| **Attorneys for Defendants Triangle Cross Ranch LLC, Gerald Schneider, Michaeleen Schneider. Matthew Schneider, Mark Schneider, and Thomas George:**<br>Keith R. Olivera (kolivera@wsteele.com)<br>Monty L. Barnett (mbarnett@wsteele.com)<br>Rachel E. Ryckman (rryckman@wsteele.com)<br>White & Steele, PC<br>600 17th St., Ste. 600N<br>Denver, CO 80202 | **Attorneys for Defendants Monks of the Most Blessed Virgin Mary of Mount Carmel, and Daniel Schneider:**<br>Traci Lacock (tlacock@hirstapplegate.com)<br>Hirst Applegate, LLC<br>1720 Carey Ave., Suite 400<br>Cheyenne, WY 82003 |
| **Attorney for Defendants Rock Creek Ranch Inc, and Judith Jefferis:**<br>Timothy Stubson (tstubson@crowleyfleck.com)<br>Crowley Fleck PLLP<br>111 West Second Street, Suite 220<br>Casper, WY 82601 | **Attorneys for Defendant Diocese of Cheyenne:**<br>Paul Hickey (phickey@hickeyevans.com)<br>Loyd Smith (lsmith@hickeyevans.com)<br>Hickey & Evans, LLP<br>PO Box 467<br>Cheyenne, WY 82003-0467 |
| **Attorneys for Defendant Society of Our Lady of the Most Holy Trinity:**<br>Jane M. France (jfrance@spkm.org)<br>Sundahl Powers Kapp & Martin | **Attorney for Defendant New Mount Carmel Foundation, Inc.:**<br>Rick Koehmstedt (rick@schwartzbon.com)<br>141 S. Center St., Suite 500 |

8

| | |
|---|---|
| PO Box 328<br>Cheyenne, WY 82003-0328<br><br>Patrick Sodoro (psodoro@smllawoffice.com)<br>Makena Stoakes (mstoakes@smllawoffice.com)<br>Sodoro, Mooney, Lenaghan<br>13924 Gold Circle<br>Omaha, NE 68144 | Casper, WY  82601<br>(307) 235-6681 |

*/s/Jennifer Friesen*
Jennifer Friesen, Legal Assistant