Monty L. Barnett, #6-2694
Rachel E. Ryckman, # 7-4656
Keith R. Olivera *(Pro Hac Vice)*
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202-5406
(303) 296-2828

ATTORNEYS FOR DEFENDANTS
TRIANGLE CROSS RANCH, LLC;
GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER
MATHEW SCHNEIDER; MARK SCHNEIDER and THOMAS GEORGE

UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH**, and **JOHN DOE** on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC**, a Wyoming limited liability corporation; **MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE**, a Wyoming corporation; **GERALD E. SCHNEIDER**; **MICHAELEEN P. SCHNEIDER**; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD**; **KYLE WOODWARD**; **THOMAS GEORGE; JUDITH D. JEFFERIS**; **DALLY-UP, LLC**, a Wyoming limited liability corporation; **ROCK CREEK RANCH, INC.**, a Delaware corporation; **DIOCESE OF CHEYENNE**, a Wyoming corporation; and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY**, a Texas corporation; and **NEW MOUNT CARMEL FOUNDATION, INC.**, a Wyoming corporation,<br><br>DEFENDANTS. | Civil Case No. 20-CV-00215-SWS |

**DEFENDANTS' RESPONSE TO PLAINTIFF JOHN DOE'S *EX PARTE* MOTION TO PROCEED UNDER A PSEUDONYM AND FOR PROTECTIVE ORDER**

Defendants Triangle Cross Ranch, LLC ("TCR"), Gerald E. Schneider, Michaeleen P. Schneider, Matthew Schneider, Mark Schneider and Thomas George (the "TCR Defendants"), through undersigned counsel, hereby respectfully request an Order denying Plaintiff John Doe's *Ex Parte* Motion to Proceed under a Pseudonym and for Protective Order. In support of this Response, the TCR Defendants state as follows:

## I. INTRODUCTION

Plaintiff John Doe ("John Doe") is the sole plaintiff asserting claims against the TCR Defendants in this case. He contends that, in 2011, he was forced to complete chores at TCR, a working ranch – with the consent of his parents – and might have faced repercussions if he did not complete his assigned tasks. Despite the almost ten years that have passed since John Doe had contact with the TCR Defendants, he seeks to remain anonymous in this lawsuit where he not only seeks damages for himself, but also seeks to be a representative of a class of alleged similarly situated plaintiffs. The TCR Defendants oppose John Doe's motion for two reasons: 1) John Doe's circumstances in this case do not justify circumventing the Federal Rules of Civil Procedure's, requirement of public disclosure of the names of parties in a lawsuit; and 2) as a class representative, John Doe must disclose his identity in this litigation.

## II. LEGAL ARGUMENT

**A. John Doe's Circumstances Do Not Meet the Criteria Needed to Circumvent F.R.C.P. 10(a)'s Clear Requirement that All Parties Must be Named in the Complaint.**

F.R.C.P. 10(a) states, in pertinent part: "The title of the complaint must name all the parties…". F.R.C.P. 17(1)(a) states, in pertinent part: "An action must be prosecuted in the name of the real party in interest." Discussing these two rules, the 10th Circuit Court of Appeals has stated: "…the Federal Rules of Civil Procedure mandate that the real names of all real parties in interest must be used in complaints." *Raiser v. Church of Jesus Christ of Latter-Day Saints,* 182 F. App'x 810, 811(10th Cir. 2006). There is no exception to these rules found within the language of the two rules or within the language of any other Federal Rule of Civil Procedure. Nor are there any statutes creating such an exception. *Raiser v. Brigham Young University,* 127 F. App'x 409, 410 (10th Cir. 2005).

John Doe asks this court to apply an exception to these clear rules based on his individual circumstances. On this issue, the 10th Circuit Court of Appeals has stated: "This court, has, however, recognized that there may be 'exceptional circumstances' in which a party may be allowed to proceed anonymously." *Id.* at 410-411, citing *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000); *see also Doe v. Heitler*, 26 P.3d 539, 542 (Colo. App. 2001) ("[c]ourt[s] are to bear in mind that proceeding under a pseudonym is an unusual procedure and is reserved for exceptional cases.") citing *Femedeer*, 227 F.3d 1244. Exceptional circumstances are required "because the public has an important interest in access to legal proceedings, we have held that its interest should be considered in determining whether some form of anonymity is warranted." *Id.* at 411 citing *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir. 1992). "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Id.* (internal citations omitted). In both *Raiser* cases the 10th Circuit Court of Appeals declined to overturn the district court's denial of the plaintiff's motion to proceed using a pseudonym.

3

Here, John Doe has also failed to show the exceptional circumstances required for this court to grant his motion. John Doe alleges his "tenuous psychological recovery" will "almost certainly" be impeded should his identity be made public. However, John Doe has submitted no evidence supporting this statement, such as redacted medical records, an affidavit signed by John Doe, or a statement from a treating physician.. Likewise, John Doe has presented no evidence of his alleged "PTSD, agoraphobia, and other mental health issues" or how revealing his identity in this lawsuit he has chosen to pursue creates a "risk of exacerbation of his psychiatric conditions."

Similarly, John Doe's concerns for the risks of "exposing his parents to public shame and harassment" and the risk of his "severe embarrassment" are insufficient to establish the exceptional circumstances required for the use of a pseudonym in this case. "The risk that a plaintiff may suffer some embarrassment is insufficient to permit anonymity." *Raiser v. BYU,* 127 F. App'x at 410 citing *Doe v. Frank*, 951 F.2d at 324. "(W)here the issues involved are matters of a sensitive and highly personal nature," such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields "to a policy of protecting privacy in a very private matter." *S. Methodist University Association of Women Law Students v. Wynn & Jaffe,* 599 F.2d 707, 712-713 (5th Cir. 1979) citing *Doe v. Deschamps,* D. Montana, 1974, 64 F.R.D. 652, 653. However, even in those extreme examples, plaintiffs have, on occasion, been forced to disclose their identity. Notably, in *Doe v. Unified School District 331*, the plaintiffs alleged they suffered childhood sexual harassment and battery at the hands of a teacher and the district court denied their motion to proceed under pseudonyms. 2013 U.S. Dist. LEXIS 53440 *4, 2013 WL 1624823 (D. Kan. April 15, 2013). No such matters are involved in this case.

To the contrary, the party most affected by John Doe's decision to raise his claims in the instant litigation is the TCR Defendants. Indeed, John Doe has made salacious, unsubstantiated allegations against the TCR Defendants and fairness requires that he stand behind such allegations and allow the TCR Defendants to publicly defend themselves against such claims. As the Court in *Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 141-42 (S.D. Ind. 1996) explained:

> Most important for this court's analysis of plaintiff's request to proceed under a fictitious name is the nature of the specific claims he is making against the defendants. His claims directly accuse the defendants of several forms of serious and deliberate wrongdoing. He attacks the defendants' integrity and reputations. Basic fairness requires that where a plaintiff makes such accusations publicly, he should stand behind those accusation and the defendants should be able to defend themselves publicly.

Here, John Doe has similarly raised unsubstantiated allegations attacking the integrity and reputation of the TCR Defendants and should be required to stand behind the veracity (or lack thereof) of those claims. Further, John Doe has not pointed to any interest sufficient to allow him to proceed anonymously in this case – given that his claims amount to him taking issue with his parents consenting to his performance of chores at a working ranch more than nine years ago. In fact, the three other plaintiffs in this action, women who allegedly suffered mistreatment at an unrelated treatment facility catering to teenage females, have identified themselves by name in the Complaint. As such John Doe's motion to proceed anonymously should be denied.[1]

### B. Because John Doe Seeks to be the Class Representative in this case, He Must Disclose His Identity.

---

[1] While not considered by the 10th Circuit, other Circuits have considered the prejudice to the defendant in evaluating a request for anonymity. *See, e.g., Doe v. Kamehameha Sch./Bernice Pauahi Bishop*, 596 F.3d 1036, 1042 (9th Cir. 2010). Here, the TCR Defendants are already faced with the daunting task of investigating unsubstantiated factual allegations from a decade ago. If John Doe is permitted to proceed anonymously, the TCR Defendants will face severe prejudice in preparing their defense of this action because, without being able to disclose John Doe's identity, they will be unable to interview individuals who stayed at TCR at the same time as John Doe to discuss his specific allegations, contact former employees who may have had interactions with John Doe, or issue subpoenas to third parties who may have provided treatment to John Doe prior to his arrival at TCR.

John Doe is named in the complaint as the class representative of the putative class seeking damages from the TCR Defendants in this case. Under F.R.C.P. 23(a)(4), John Doe must "fairly and adequately protect the interests of the class."[2] Numerosity is one of the four prerequisites that must be established by the court before a case is allowed to proceed forward as a class action. John Doe cannot properly be a class representative in this case without disclosing his identify to the public, including potential class members. This issue was analyzed by one federal court as follows:

> (T)here is a compelling public interest in open court proceedings, particularly in the context of a class action, where a plaintiff seeks to represent a class of consumers who have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation.
>
> * * *
>
> The Court has also considered the fact that these Plaintiffs are seeking to represent a putative class of users of the Ashley Madison website. There are significant differences between the roles of class representative and class member. Because class actions determine the rights of absent class members, due process requires the class be fairly and adequately represented.
>
> * * *
>
> The focus of Rule 23(a)(4) is whether (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.
>
> * * *
>
> Class representatives have a fiduciary obligation to fairly represent the entire class.
>
> * * *
>
> Given the importance of the role of class representatives, the Court will require Plaintiffs to disclose their identities so that the public, including the putative class members they seek to represent, know who is guiding and

---

[2] A significant question arises as to whether John Doe will ever be able to satisfy the numerosity requirement of F.R.C.P 23(a)(1) if no class representative can be found who is willing to identify himself in the complaint.

> directing the litigation. Because class members are not typically testifying or offering evidence, they do not need to be specifically identified by name in order to be part of the litigation, they merely need to be identifiable.
>
> * * *
>
> Plaintiffs currently proceeding under pseudonym who are seeking to serve as class representatives must decide whether to proceed using their real names or dismiss their complaints and proceed, without publicly disclosing their names, as class member – if and when a class is certified.

*In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 U.S. Dist. LEXIS 46893* 17-19.

This same analysis should lead this Court to the same conclusion. Neither the TCR Defendants nor other potential class members will be able to adequately determine if John Doe can "fairly and adequately protect the interests of the class" unless he provides his identity as a party in this case. As such, John Doe's request to use a pseudonym in this case should be denied if he chooses to remain the class representative in the case against the TCR Defendants.

### III.  CONCLUSION

Federal courts allow a plaintiff to proceed under a pseudonym under very limited circumstances. Those circumstances do not apply in this case. In addition, the plaintiff cannot serve as a class representative in this case without disclosing his identity. Allowing John Doe to do so would violate F.R.C.P. 23(a)(4) and unfairly prejudice the ability of the TCR Defendants and other possible class member to determine if John Doe is a proper class representative.

Accordingly, the TCR Defendants request that the Court issue an order denying the John Doe's *Ex Parte* Motion to Proceed Under a Pseudonym and for Protective Order[3], issue an order

---

[3] While the Motion states that John Doe prepared a protective order (and presumably attached it to his motion), John Doe has not yet provided a proposed protective order to the Court or the TCR Defendants. In the event that such an Order is provided, the TCR Defendants are prepared to discuss limiting the disclosure of John Doe's medical records and other sensitive materials.

requiring John Doe to file an amended complaint which discloses his identity, and grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 1st day of February, 2021.

.

                WHITE & STEELE, P.C.

                */s/ Rachel E. Ryckman*
                Monty L. Barnett, #6-2694
                Rachel E. Ryckman, # 7-4656
                Keith R. Olivera (*Pro Hac Vice*)
                White and Steele, P.C.
                Dominion Towers, North Tower
                600 Seventeenth Street, Suite 600Na
                Denver, CO  80202

                ATTORNEYS FOR DEFENDANTS
                TRIANGLE CROSS RANCH, LLC
                GERALD E. SCHNEIDER;
                MICHAELEEN P. SCHNEIDER
                MATHEW SCHNEIDER;
                MARK SCHNEIDER and
                THOMAS GEORGE

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed on February 1, 2021, with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Michael Rosenthal | mike@hkwyolaw.com |
| Nathan Nicholas | nnickolas@hkwyolaw.com |
| Brice M. Timmons | brice@donatilaw.com |
| Bryce Ashby | bryce@donatilaw.com |
| Craig Edgington | craig@donatilaw.com |
| Frank L. Watson, III | fwatson@watsonburns.com |
| Rick L. Koehmstedt | rick@schwartzbon.com |
| Thomas Quinn | tquinn@grsm.com |
| Lillian Alves | lalvez@grsm.com |
| Lloyd E. Smith | lsmith@hickeyevans.com |
| Paul J. Hickey | pkickey@hickeyevans.com |
| Traci Lacock | tlacock@hirstapplegate.com |
| MaKenna Stoakes | mstakes@smllawoffice.com |
| Patrick Sodoro | psodoro@smllawoffice.com |
| Timothy Stubson | tstubson@crowleyfleck.com |
| Mara Cohara | mara.cohara@lathropgpm.com |
| Brian Fries | brian.fries@lathropgpm.com |

                                        */s/ Adriana Vega*
                                        For White and Steele