IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**FILED**

11:05 am, 2/11/21

**U.S. Magistrate Judge**

CARLIE SHERMAN, ANNA GOZUN,
AMANDA NASH, and JOHN DOE on
behalf of themselves and all similarly
situated persons,

      Plaintiffs,

      vs.

TRINITY TEEN SOLUTIONS, INC., a
Wyoming corporation; TRIANGLE
CROSS RANCH, LLC, a Wyoming
limited liability corporation; MONKS OF
THE MOST BLESSED VIRGIN MARY
OF MOUNT CARMEL, d/b/a MYSTIC
MONK COFFEE, a Wyoming
corporation; GERALD E. SCHNEIDER;
MICHAELEEN P. SCHNEIDER;
ANGELA C. WOODWARD; JERRY D.
WOODWARD; DANIEL SCHNEIDER;
MATHEW SCHNEIDER; MARK
SCHNEIDER; KARA WOODWARD;
KYLE WOODWARD; THOMAS
GEORGE; JUDITH D. JEFFERIS;
DALLY-UP, LLC, a Wyoming limited
liability corporation; ROCK
CREEK RANCH, INC., a Delaware
corporation; DIOCESE OF CHEYENNE,
a Wyoming corporation; and the
SOCIETY OF OUR LADY OF THE
MOST HOLY TRINITY, a Texas
corporation; and NEW MOUNT
CARMEL FOUNDATION, INC., a
Wyoming corporation,

      Defendants.

Case No.  20-CV-00215-SWS

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM [7]

This matter is before the Court on Plaintiff's *Motion to Proceed Under a Pseudonym and for Protective Order* (ECF No. 7). Plaintiff seeks permission to proceed under a pseudonym because of the intimate nature of his allegations. The Court finds that the public interest in open legal proceedings outweighs Plaintiff's privacy interest. Further, Plaintiff's status as a class action representative requires disclosure of his identity in order to fairly and adequately protect the interests of the class.

### BACKGROUND

Plaintiff John Doe filed suit under the Trafficking Victims Protection Reauthorization Act. Plaintiff seeks leave to proceed under a pseudonym for fear of embarrassment over the nature and severity of the child abuse he sustained as a child. Plaintiff suffers from post-traumatic stress disorder, agoraphobia, and other mental health issues. Because his claims are "of the utmost intimacy," Plaintiff asserts disclosure of his identity will further compound his mental health issues. (ECF No. 7, at 3). Additionally, Plaintiff argues disclosure of his identity will prejudice his future employment and relationships.

Defendants Triangle Cross Ranch, LLC ("TCR"), Gerald E. Schneider, Michaeleen P. Schneider, Matthew Schneider, Mark Schneider and Thomas George ("Defendants") oppose the Motion. (ECF No. 97). Defendants argue Plaintiff's circumstances do not meet the requisite exceptionality necessary to proceed anonymously. Additionally, Defendants argue that as the class action representative, Plaintiff must disclose his identity. Finally, Defendants assert they would be unfairly prejudiced if Plaintiff proceeds under a pseudonym.

**RELEVANT LAW**

Comporting with the fundamental presumption of open and available judicial proceedings, the Federal Rules of Civil Procedure require pleadings to use the real names of all real parties in interest. Fed. R. Civ. P. 10(a), 17(a). Nevertheless, courts allow parties to proceed anonymously in "exceptional cases." *Raiser v. Brigham Young University,* 127 F. App'x 409, 410 (10th Cir. 2005); *Doe v. Megless*, 654 F.3d 404, 408-09 (3d Cir. 2011); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("[p]roceeding under a pseudonym in federal court is, by all accounts, an unusual procedure.").

In order to proceed anonymously, Plaintiff must show that disclosure of his identity would: (1) reveal highly sensitive and personal information; that would (2) result in social stigma or the threat of real and imminent physical harm. *Raiser*, 127 Fed. App'x., at 411. Whether to permit a party to proceed under a pseudonym is within the district court's discretion. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). In exercising its discretion, a court must weigh the public interest against the plaintiff's claimed right to privacy. *Id.* at 803.

Under Federal Rule of Civil Procedure 23(a), a member of a class may sue as a representative of the party on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

With respect to Rule 23(a)(4), two considerations must be met to determine the legal adequacy of the representative parties: "1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel

prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (internal citations omitted); Fed. R. Civ. P. 23(a)(4).

## ANALYSIS

In weighing the two competing interests, the Court finds that Plaintiff's interests are not sufficiently exceptional to outweigh the public interest in maintaining open judicial proceedings in this case. First, the subject matter of this litigation is not highly sensitive in nature as typically defined by courts. Plaintiff claims the severity of the alleged child abuse is of the utmost intimacy. Generally, a showing of highly sensitive is met in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Megless*, 654 F.3d at 409 (internal citations omitted). While child abuse is certainly serious, its sensitive nature is also weakened here because Plaintiff is no longer a child and these allegations occurred more than nine years ago.

Plaintiff has also failed to show how disclosure of his child abuse would result in social stigma or the threat of real and imminent physical harm. Plaintiff asserts the social stigma includes personal embarrassment, harm to his reputation, and future prejudice in employment and relationships. Additionally, Plaintiff fears the risks associated with exposing his parents to "public shame and harassment." (ECF No. 7, at 3). While the Court is sympathetic with these fears, the risk of embarrassment is generally insufficient to allow anonymity. *Raiser*, 127 Fed. Appx. at 411. Further, Plaintiff has not shown how embarrassment would lead to any real threat of imminent physical danger. Plaintiff claims his embarrassment will further exacerbate his psychiatric conditions. However, Plaintiff provided no particularized evidence

documenting his psychiatric conditions, or proof that embarrassment would cause imminent danger.

In contrast, there is a public interest in open and fair proceedings. Plaintiff has publicly alleged serious wrongdoings against Defendants. Because the allegations are severe, policy and fairness to Defendants lean in favor of openness. *Raiser*, 127 F. App'x at 411 ("[l]awsuits are public events." (citing Doe v. Frank, 951 F.2d 320, 324 (11th Cir.1992))).

Plaintiff's role as the class representative in this case also weighs in favor of an open proceeding. If Plaintiff proceeds under a pseudonym, it will be difficult to ascertain if Plaintiff and his counsel can fairly and adequately protect the interests of the class. First, without knowing Plaintiff's identity, it would be difficult to determine if he and his counsel have conflicts of interest with other class members. Second, and most important, as the class representative, Plaintiff has a fiduciary duty and obligation to vigorously prosecute the interests of the class. *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 U.S. Dist. LEXIS 46893, at *17-19 (E.D. Mo. Apr. 6, 2016). In order to do so, the other class members should know who is representing them.

Thus, when weighed against the public's interest in open court proceedings, the Court finds that Plaintiff has not sufficiently demonstrated that disclosure of his identity would reveal highly sensitive, personal information that would result in social stigma or the threat of real and imminent physical harm.

## CONCLUSION

Courts allow plaintiffs to proceed under a pseudonym only in limited, exceptional circumstances. *Raiser*, 127 Fed. App'x., at 411. Furthermore, Plaintiff has a "fiduciary

obligation to fairly represent the entire class." *In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 U.S. Dist. LEXIS 46893, at *17-19. For these reasons, the Court denies Plaintiff's Motion. Nevertheless, the Court does recognize the sensitive and confidential nature of the claims in this matter, and Orders parties to confer about entering an appropriate protective order in this matter.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion to Proceed Under a Pseudonym [Doc. 7] is DENIED.

IT IS FURTHER ORDERED the parties shall confer and establish an appropriate protective order to be entered in this matter.

Dated this 11th day of February, 2021.

Kelly H. Rankin
United States Magistrate Judge