**TRACI L. LACOCK, #6-4009**
Hirst Applegate, LLP
P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
tlacock@hirstapplegate.com

*Admitted Pro Hac Vice*:
**BRIAN C. FRIES** (MO # 40830)
**MARA H. COHARA** (MO # 51051)
Lathrop GPM LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO  64108
Phone: (816) 292-2000
Fax: (816) 292-2001
brian.fries@lathropgpm.com
mara.cohara@lathropgpm.com

*Attorneys for Defendants Monks of the Most Blessed Virgin Mary of Mount Carmel d/b/a Mystic Monk Coffee and Daniel Schneider*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH, ANDREW SCAVUZZO**, and **EHAN JELINEK** on behalf of themselves and all similarly situated persons,<br><br>PLAINTIFFS,<br><br>v.<br><br>**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC**, a Wyoming limited liability corporation; **MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE**, a Wyoming corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; JUDITH D. JEFFERIS; DALLY-UP, LLC**, a Wyoming limited liability corporation; **ROCK CREEK RANCH, INC.**, a Delaware corporation; **DIOCESE OF CHEYENNE**, a Wyoming corporation; the **SOCIETY OF OUR LADY OF** | Case No. 20-CV-215-SWS |

**THE MOST HOLY TRINITY**, a Texas )
corporation; and **NEW MOUNT CARMEL** )
**FOUNDATION, INC.**, a Wyoming corporation, )
                                                                   )
       DEFENDANTS. )

### DEFENDANTS MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, D/B/A MYSTIC MONK COFFEE AND DANIEL SCHNEIDER'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Monks of the Most Blessed Virgin Mary of Mount Carmel, d/b/a Mystic Monk Coffee ("Monks") and Daniel Schneider ("Fr. Daniel Schneider") (collectively, the "Monk Defendants"), by and through their undersigned counsel, submit the following Reply in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion").

**I.      Plaintiffs' New Allegations in their Response to the Motion Should Be Disregarded.**

Plaintiffs filed a First Amended Complaint ("Amended Complaint") in an attempt to cure the deficiencies in their initial Complaint against the Monk Defendants. Despite artful wording, the amended allegations regarding the Monk Defendants' knowledge of force or coercion continue to be nothing more than conclusory recitations of the legal elements of Plaintiffs' claims. *See* Motion, p. 5. Now, in their Response to the Motion ("Response") Plaintiffs are attempting to transform their conclusory allegations into statements of fact. Specifically, in their Response, Plaintiffs stated for the first time:

- Fr. Daniel Schneider "*worked closely* with his father to obtain coerced labor from Plaintiffs and the putative class." Response, p. 12 (emphasis added).

- "Plaintiffs and the putative class were subject to punishment for failing to perform the labor, and Defendant Schneider *could easily ensure that such punishment was meted out given his close familial relationship with his father and the others running TCR*." Response, p. 12 (emphasis added).

- The Monk Defendants "*directly and specifically knew of all of the conditions under which they were obtaining and benefitting from the forced labor* of Plaintiffs and the putative class." Response, p. 16 (emphasis added).

These purported facts were not included in the Amended Complaint and thus the Court must disregard them in deciding of the Motion. *See Sherman v. Klenke*, 653 Fed.Appx. 580, 593 (10th

Cir. 2016) (stating that an additional allegation in a plaintiff's response to a motion to dismiss will not be considered since "the sufficiency of a complaint must rest on its contents alone.").

Further, Plaintiffs already amended their complaint once with the benefit of having reviewed the Monk Defendants' first Motion to Dismiss. If these new allegations were considered for purposes of this Motion, or if Plaintiffs were allowed to amend the complaint again, it would create a moving target that would prejudice the Monk Defendants in their defense of this action. *See Freiermuth v. Town of Thermopolois*, 2010 WL 11601712, at *1 (D. Wy. Jan. 27, 2010) (a court may deny a motion to amend "if it appears that a plaintiff is attempting to use Rule 15 to make the complaint a moving target."). The Court should disregard the purported facts in the Response and bar Plaintiffs from further amending their Amended Complaint.

## II. Plaintiffs Failed to Plead Facts Showing that Fr. Daniel Schneider Had Knowledge of Force or Coercion of Plaintiffs (Count 1).

Plaintiffs argue that Fr. Daniel Schneider was a primary offender of forced labor under 18 U.S.C. § 1589(a)(4). *See* Response, p.12. Thus, Plaintiffs must plead facts that Fr. Daniel Schneider "*knowingly* acquired [Plaintiffs'] labor by means and/or threats of . . . (4) a scheme *intended* to cause [Plaintiffs] to believe that if [they] did not perform the labor or services, [they] would suffer severe harm." *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1164 (D. Kan. 2018) (emphasis added).

Plaintiffs primarily rely on two allegations to establish Fr. Daniel Schneider's knowledge and intent: (1) Fr. Daniel Schneider "would coordinate with his father . . . to obtain free, coerced labor," and (2) Fr. Daniel Schneider "had direct knowledge" that Plaintiffs "faced punishment at TCR" if they failed to provide the labor. *See* Response, pp.9-10. These allegations are pure conclusory recitations of the knowledge and intent requirements, and Plaintiffs do not provide any factual allegations to show when, how, or to what extent Fr. Daniel Schneider ever became aware of any coercive conduct toward Plaintiffs. Plaintiffs' emphasis on Fr. Daniel Schneider's biological relationship to his father is immaterial and does nothing to show that Fr. Daniel Schneider knew of any coercive conduct allegedly occurring at TCR or TTS.

Plaintiffs cite *Ruelas* as support for their argument that they pleaded sufficient facts that Fr. Daniel Schneider had knowledge of the alleged coercion of Plaintiffs. *See Ruelas v. Cty. of Alameda*, No. 19-cv-07637-JST, 2021 WL 475764 (N.D. Cal. Feb. 9, 2021). However, Plaintiffs admit that, in *Ruelas*, the plaintiffs alleged that defendant Aramark's employees coerced the plaintiff-inmates "by threatening to report them to the [s]heriff's deputies for punishment for attempting to leave work early." *Id.* at 6; *see* Response, p. 11. Further, the plaintiffs in *Ruelas* also pleaded that the sheriff's deputies made threats against the plaintiff-inmates *in the presence of Aramark employees* including threats of solitary confinement, lengthier jail sentences, and employment termination. *Ruelas*, 2021 WL 475764, at *1. These factual allegations informed the court's decision to deny Aramark's motion to dismiss and find that there were sufficient factual allegations that the Aramark employees knew of the coercion of plaintiffs. *Id.* at 7.

Plaintiffs' allegations against Fr. Daniel Schneider are nothing like those in *Ruelas*. Plaintiffs never claim that Fr. Daniel Schneider threatened Plaintiffs or observed or overheard anyone else threatening Plaintiffs. Furthermore, Plaintiffs do not allege that they ever showed up to the monastery with any signs of abuse or mistreatment or ever notified Fr. Daniel Schneider that they were being forced to work. The only allegations related to Fr. Daniel Schneider's knowledge or intent were conclusory elemental recitations and must be disregarded.

### III. Plaintiffs Failed to Plead Facts Showing that the Monk Defendants Knew or Should Have Known that Plaintiffs Were Forced or Coerced to Work (Counts 2 and 3).

Plaintiffs next argue that they made sufficient factual allegations of venture liability against the Monk Defendants for trafficking and forced labor. *See* Response pp.12-17. The trafficking and forced labor provisions of the TVPRA require that the defendant have knowledge of the coercive means used against the plaintiff. *See* 18 U.S.C. §§1589, 1590. However, venture liability may be established under both provisions if the defendant knowingly benefits from participation in a venture and the defendant "knew or should have known" the venture engaged in forced labor or trafficking. §1595(a). Thus, to establish venture liability, Plaintiffs must allege sufficient facts that

the Monk Defendants "knew or should have known" of the coercion that the purported "venture" employed against Plaintiffs. §1595(a). No such facts exist in the Amended Complaint.

Plaintiffs cite four main cases for their argument that they sufficiently pleaded the scienter element of a venture liability claim against the Monk Defendants. However, each of those cases involved materially different factual allegations than the allegations here. *See Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (finding the hotel's operators acted at least in reckless disregard of McClean's forced sexual labor of the victim where the hotel operators high-fived McLean while discussing "getting this thing going again," observed kicking and physical violence against the victim, observed her physical deterioration including bruises, and ignored her plea for help in escaping McLean's control); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 968 (S.D. Ohio 2019) (finding the defendant hotels should have known of the trafficking of plaintiff because they were notified of the prevalence of sex trafficking at their hotels, they failed to train staff to prevent sex trafficking, and plaintiff alleged facts showing that the staff should have recognized the continual signs of her trafficking including the constant traffic to her room, cash payments, and her screaming when she was beaten at the defendant-hotels' properties); *J.L. v. Best Western Int'l, Inc.*, No. 19-cv-03713-PAB-STV, 2021 WL 719853, at *56 (D. Colo. Feb. 24, 2021) (finding that the parent companies of hotel chains were not liable under the TVPRA despite plaintiff's allegations that they were notified of sex trafficking occurring at their hotels, failed to properly train their staff, and failed to recognize signs of plaintiff's sex trafficking including that she "repeatedly visited the hotel, often with different guests, without any luggage, avoiding all eye contact, and exhibiting signs of malnourishment, and often displaying prominent bruising all over her person."); *Ruelas*, 2021 WL 475764, at *7 (finding that plaintiffs sufficiently pleaded Aramark's venture liability for forced labor where "Aramark employees 'observe the Sheriff's deputies' supervision of the prisoner-employees, including threats of force,' and that Aramark employees themselves threaten to report employees to Sheriff's deputies for punishment."). Additionally, most of those cases involved liability of hotel defendants for sex trafficking that occurred within their hotels. In those cases, the unlawful conduct occurred within the same

buildings that defendants operated; thus, the defendants had the benefit of observing the daily patterns and behavior of the victim and the perpetrators.

In this case, the Monk Defendants worked and resided at the monastery which was many miles away from TTS and TCR on a spread-out terrain in the mountains of Wyoming. Amended Complaint, ¶3. There are no allegations that the Monk defendants ever spent any significant amount of time at the ranches or that they ever observed or witnessed any mistreatment or abusive conduct or behavior to the Plaintiffs. In their Response, Plaintiffs point to the following allegation for satisfaction of the scienter requirement for venture liability:

> Fr. Maroney, Br. Simon Mary, and/or another similarly situated agent of The Monastery or The Foundation knew or in the exercise of reasonable diligence should have known that the putative class members were providing labor to The Monastery and Foundation, that the labor was not compensated, and that the putative class members faced punishment if they did not provide such labor.

Response, p.16. This conclusory allegation in no way fulfills the federal pleading standard. As such, Counts 2 and 3 against the Monk Defendants should be dismissed with prejudice.

### IV. Plaintiffs Did Not Sustain Injury to their Business or Property (Count 4).

Plaintiffs argue that they suffered injury to their business or property from medical treatment expenses they incurred as well as a lack of compensation for their work at the monastery. Response, p.20. First, Plaintiffs do not allege that they sustained any personal injuries or required any medical treatment related to their alleged work with the Monk Defendants. Nevertheless, contrary to Plaintiffs' assertion, medical costs that are results of personal injuries are not available remedies under RICO. *See Jackson v. Sedgwick Claims Management Svcs., Inc.*, 731 F.3d 556, 564-565 (6th Cir. 2013). The cases cited by Plaintiffs are distinguishable. For instance, in *Blevins*, the medical costs did not result from personal injuries but rather from unnecessary medical treatments resulting from the defendant's conduct. *See Blevins v. Aksut*, 849 F.3d 1016, 1021 (11th Cir. 2017). Here, Plaintiffs' alleged medical expenses were directly resulting from physical and emotional injuries Plaintiffs allegedly sustained from their work at TTS and TCR. *See* Amended Complaint, ¶¶141-146, 199. Likewise, lost wages as a result of personal injuries are not considered injuries to business or property unless there is some legitimate property interest that was injured

such as a business contract. *See Diaz v. Gates*, 420 F.3d 897, 899-00 (9th Cir. 2005). Accordingly, Plaintiffs have not sustained injuries to business or property as required by RICO.

## V.     Conclusion

For the reasons set forth herein, in addition to the reasons stated in their Motion to Dismiss and Brief in Support, Fr. Daniel Schneider and Monks of the Most Blessed Virgin Mary of Mount Carmel, d/b/a Mystic Monk Coffee respectfully request that the Court dismiss them from Plaintiffs' First Amended Complaint with prejudice.

Dated: 24 May 2021.

MONKS OF THE MOST BLESSED VIRGIN
MARY OF MOUNT CARMEL, a Wyoming
corporation, d/b/a Mystic Monk Coffee, and
DANIEL SCHNEIDER, Defendants

BY: _____
**TRACI L. LACOCK, #6-4009**
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendants
P.O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
tlacock@hirstapplegate.com

*Admitted Pro Hac Vice*:
**BRIAN C. FRIES** (MO # 40830)
**MARA H. COHARA** (MO # 51051)
Lathrop GPM LLP
2345 Grand Blvd., Ste. 2200
Kansas City, MO  64108
Phone: (816) 292-2000
Fax: (816) 292-2001
brian.fries@lathropgpm.com
mara.cohara@lathropgpm.com

## CERTIFICATE OF SERVICE

I certify the foregoing ***Defendants Monks of the Most Blessed Virgin Mary of Mount Carmel, D/B/A Mystic Monk Coffee and Daniel Schneider's Reply in Support of Their Motion to Dismiss Plaintiffs' First Amended Complaint*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 24 May 2021, and that copies were served as follows:

| | |
|---|---|
| Michael B. Rosenthal<br>Nathan A. Nicholas<br>Hathaway & Kunz, LLP<br>P. O. Box 1208<br>Cheyenne, WY  82003-1208<br>mike@hkwyolaw.com<br>nnicholas@hkwyolaw.com<br>*Attorneys for Plaintiffs* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Brice M. Timmons<br>Bryce Ashby<br>Craig Edgington<br>Donati Law, PLLC<br>1545 Union Ave.<br>Memphis, TN  38104<br>brice@donatilaw.com<br>bryce@donatilaw.com<br>craig@donatilaw.com<br>*Attorneys for Plaintiffs* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Frank L. Watson, III<br>Watson Burns, PLLC<br>253 Adams Avenue<br>Memphis, TN  38104<br>fwatson@watsonburns.com<br>*Attorney for Plaintiffs* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |
| Lillian Alves<br>Thomas B. Quinn<br>Gordon & Rees LLP<br>555 Seventeenth Street, Suite 3400<br>Denver, CO  80202<br>lalves@grsm.com<br>tquinn@gordonrees.com<br>*Attorneys for Defendants<br>Trinity Teen Solutions Inc.,<br>Angela C. Woodward,<br>Jerry D. Woodward,<br>Kara Woodward,<br>Kyle Woodward,<br>Dally-Up LLC* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☒ E-FILE |

| Recipient | Method |
|---|---|
| Keith R. Olivera<br>Monty L. Barnett<br>Rachel E. Ryckman<br>John C. Matthews<br>White & Steele P.C.<br>Dominion Towers, North Tower<br>600 17th Street, Suite 600N<br>Denver, CO 80202-5406<br>*kolivera@wsteele.com*<br>*mbarnett@wsteele.com*<br>*rryckman@wsteele.com*<br>*jmatthews@wsteele.com*<br>*Attorneys for Defendants*<br>*Triangle Cross Ranch LLC,*<br>*Gerald E. Schneider,*<br>*Michaeleen P. Schneider,*<br>*Mathew Schneider,*<br>*Mark Schneider,*<br>*Thomas George* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Paul J. Hickey<br>Loyd E. Smith<br>Hickey & Evans LLP<br>1800 Carey Avenue, Suite 700<br>P. O. Box 467<br>Cheyenne, WY 82003-0467<br>*phickey@hickeyevans.com*<br>*lsmith@hickeyevans.com*<br>*Attorneys for Defendant*<br>*Diocese of Cheyenne* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Jane M. France<br>Sundahl, Powers, Kapp & Martin<br>P. O. Box 328<br>Cheyenne, WY 82003-0328<br>*jfrance@spkm.org*<br>*Attorney for Defendant*<br>*Society of Our Lady of the Most Holy Trinity* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Patrick J. Sodoro<br>MaKenna J. Stoakes<br>Sodoro Mooney & Lenaghan<br>13924 Gold Cir.<br>Omaha, NE 68144<br>*psodoro@smllawoffice.com*<br>*mstoakes@smllawoffice.com*<br>*Attorneys for Defendant*<br>*Society of Our Lady of the Most Holy Trinity* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

| | |
|---|---|
| Rick L. Koehmstedt<br>Schwartz, Bon, Walker & Studer<br>141 South Center Street, Suite 500<br>Casper, WY 82601<br>*rick@schwartzbon.com*<br>*Attorneys for Defendant*<br>*New Mount Carmel Foundation Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Patricia K. Buchanan<br>Patterson Buchanan Fobes & Leitch<br>1000 2nd Ave. - Ste 30th Floor<br>Seattle, WA 98104<br>*pkb@pattersonbuchanan.com*<br>*Attorney for Defendant*<br>*New Mount Carmel Foundation Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Zenith S. Ward<br>Buchhammer & Ward, P.C.<br>1821 Logan Avenue<br>P. O. Box 568<br>Cheyenne, WY 82003-0568<br>*zsw@wyoming.com*<br>*Attorney for Defendant*<br>*Judith D. Jefferis*<br>*Rock Creek Ranch, Inc.* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

_____
OF HIRST APPLEGATE, LLP
Attorneys for Above-Named Defendants