Zenith Ward, WSB #7-4584
Buchhammer & Ward, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
fax (307) 634-2199
zsw@wyoming.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH, and JOHN DOE on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>TRINITY TEEN SOLUTIONS, INC., a Wyoming corporation; TRIANGLE CROSS RANCH, LLC, a Wyoming limited liability corporation; MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE, a Wyoming corporation; GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER KARA WOODWARD; KYLE WOODWARD THOMAS GEORGE; JUDITH D. JEFFERIS; DALLY-UP, LLC, a Wyoming limited liability corporation; ROCK CREEK RANCH, INC. A Delaware corporation, DIOCESE OF CHEYENNE, a Wyoming corporation; and the SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, a Texas corporation; and NEW MOUNT CARMEL FOUNDATION, INC., a Wyoming corporation,<br><br>Defendants. | Civil Action No. 20-CV-215-S |

## DEFENDANTS JUDITH D. JEFFERIS AND ROCK CREEK RANCH INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

COME NOW Defendants Judith D. Jefferis and Rock Creek Ranch, Inc. (hereinafter "Defendants"), through their attorneys Buchhammer & Ward, P.C., and for their Reply to

Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint show the Court as follows:

### I. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS THE "SHOTGUN" OR "KITCHEN SINK" ALLEGATIONS FAIL TO MEET THE PLEADING STANDARD OF ASHCROFT V. IQBAL

The United States Supreme Court set forth the pleading standards for complaints in Federal Courts in *Ashcroft v. Iqbal*. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, the United States Supreme Court in *Iqbal* explained that formulaic recitations and conclusory statements are not sufficient to survive a motion to dismiss:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

556 U.S. at 678 (citations omitted) (second alteration in original).

In this case the Plaintiffs filed a 73-page, 204-paragraph, 39-footnote Amended Complaint against 19 named defendants with factual allegations ranging from 1973, (Am. Compl., dkt. 106, at ¶ 3), through at least November 2019. (Id. at ¶ 90). In these 73 pages and 204 paragraphs of allegations, the only allegations against Defendants Judith Jefferis (Jefferis) and Rock Creek Ranch, Inc. (RCR) are that Jefferis is the owner/operator of RCR, which is adjacent to Trinity Teen Solutions, Inc. (Trinity), that prior to 2010 Trinity leased property from RCR and eventually purchased that property, that the sales agreement for the property included an agreement to provide labor for RCR and that Plaintiffs were not paid for their labor. (Id at ¶¶ 43, 45, 55 and 56).

In their Response to the Motion to Dismiss the Amended Complaint, Plaintiffs argue

that Defendants knew or should have known that labor was being forced or coerced out of children because "any reasonable corporation that is receiving the benefit of **substantial** amounts of volunteer labor from a facility that [i]s purportedly housing troubled teens from urban areas would (1) closely supervise and observe said minor and (2) be suspicious of the source and true cost for that labor." (Response, dkt. 140, at p. 13) (Emphasis added). The problem with Plaintiff's argument is that the Amended Complaint does not allege that a "substantial" amount of volunteer labor was provided. Plaintiffs are asking this Court to circumvent the pleading requirements and infer factual allegations in Plaintiff's Amended Complaint that do not appear in the text of the Pleading. Under *Iqbal*, Plaintiffs are required to plead sufficient factual information to allow the Court to determine whether or not volunteer labor was "substantial." In this case Plaintiffs failed to plead facts that meet the standard and now ask the Court to read facts into the Amended Complaint that are not there, and as such Plaintiff's Amended Complaint should be dismissed.

In *Gurman v. Metro Housing & Redevelopment Authority*, the United States District Court for the District of Minnesota explained that the burden "kitchen-sink" or "shotgun" complaints place on courts and defendants:

> This Court has repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. Complaints like the one in this case unfairly burden defendants and courts. The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. In this case, for example, plaintiffs have essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two.
>
> This is emphatically not the job of either a defendant or the Court. It is the plaintiffs' burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them.

842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (footnote omitted) (citation omitted), quoted

in part in *Harrington v. Strong*, 363 F. Supp. 3d 984, 993 n.5 (D. Neb. 2019), and in *D.J. Young Publ'g Co. ex rel. Young v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, No. 12-CV-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sep. 18, 2012) (unpublished opinion). *See also Pachta v. Judd*, No. 19-cv-0030 RB-GJF, 2020 WL 4201844, at *2 (D.N.M. Jul. 22, 2020) (unpublished opinion) (rejecting "kitchen-sink" or "shotgun" filing as unfairly burdening the defendants in the case).

The District of Colorado has also criticized and observed the following with respect to "illegally pleaded shotgun claims":

> Pleading the claims in such a fashion has wrongfully placed "an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim" . . . .

*Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224 (D. Colo. 2014) (quoting *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sep. 30, 2011) (unpublished opinion)).

In this case Plaintiffs are asking this Court and the Defendants to sift through their myriad of conclusory allegations and decipher where the viable claims against Defendants are. Such method of pleading is improper and Plaintiff's Amended Complaint should be dismissed.

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH A VIABLE CLAIM THAT DEFENDANTS JEFFERIS OR RCR PARTICIPATED IN A VENTURE UNDER 18 U.S.C. § 1595(A)

The Amended Complaint fails to set forth sufficient factual matters to make a viable claim under the *Iqbal* standard that Defendants Jefferis or RCR formed a "venture" or had "participation in a venture" as required under 18 U.S.C. § 1595(A). The Tenth Circuit has defined a "venture" under 18 U.S.C. § 1589(b) as "any group of two or more individuals associated in fact, whether or not a legal entity." *Bistline v. Parker*, 918 F.3d 849, 873

(10th Cir. 2019) (quoting 18 U.S.C. § 1591(e)(6)). Given the Tenth Circuit's adoption of the definition of venture under Section 1591(e)(6) for purposes of Section 1589(b), the Tenth Circuit would likely adopt such definition of venture for purposes of Section 1595(a), as well as the definition of "participation in a venture" in 18 U.S.C. § 1591(e)(4) for purposes of Section 1595(a). See *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 963 (S.D. Ohio 2019) (adopting the definition of "participation in a venture" under Section 1591(e)(4) when analyzing a claim under Section 1595(a)). Under Section 1591(e)(4), a party has had "participation in a venture" by "knowingly assisting, supporting, or facilitating a violation" of the applicable statutory section.

In discussing whether defendants participated in a venture with a direct perpetrator of sex trafficking, the United States District Court for the Southern District of New York observed that allegations of "making hush payments to cover up sex trafficking" were insufficient for establishing participation under Section 1591(e)(4) and thereby triggering liability for the defendants in that case. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 168 n.4 (S.D.N.Y. 2019).

In this case, Plaintiffs allegations against Jefferis and RCR are that they knew of the forced child labor because of an agreement that was part of the land sale transaction from Jefferis to Defendant Owners. (Am. Compl., dkt. 106, at ¶ 56). However, once Defendants Jefferis and RCR established that no such agreement was contained within the sale documents, Plaintiffs changed their tune and argued that the sales documents were irrelevant, not central to any of Plaintiff's claims, and should be disregarded. (Response, dkt. 140, at p. 10).

Plaintiffs Amended Complaint against Jefferis and RCR is a house of cards. Plaintiffs argue the land sale from Defendant Jefferis to Defendant Owners forms the basis of Jefferis and RCR's knowledge to state a claim of joint venture, but then ask the Court to disregard and ignore the land sale when the uncontested facts of the land sale do not

serve their purpose. Plaintiffs cannot have it both ways and Plaintiff's Amended Complaint should be dismissed.

## III. PLAINTIFFS DID NOT SUSTAIN INJURY TO THEIR BUSINESS OR PROPERTY

Plaintiffs argue that they suffered injury to their business or property from medical treatment expenses they incurred as well as a lack of compensation for their work. Response, dkt. 140, p. 17. To begin with, Plaintiffs do not allege that they sustained any personal injuries or required any medical treatment related to their alleged work provided to Defendants Jefferis and RCR. Contrary to Plaintiffs' argument, medical expenses that are the results of personal injuries are not available remedies under RICO. *See Jackson v. Sedgwick Claims Management Svcs., Inc.*, 731 F.3d 556, 564-565 (6th Cir. 2013). The cases cited by Plaintiffs are distinguishable and inapplicable for purposes of this analysis. For instance, the medical costs in *Blevins*, a case argued by Plaintiff in their Response, did not result from personal injuries but rather from unnecessary medical treatments resulting from the defendant's conduct. *See Blevins v. Aksut*, 849 F.3d 1016, 1021 (11th Cir. 2017). Here, Plaintiffs' alleged medical expenses resulted from physical and emotional injuries Plaintiffs allegedly sustained from their work at TTS and TCR. See Amended Complaint, dkt. 106, ¶¶ 141-146, 199.

Just as medical expenses resulting from physical or emotional injuries are not recoverable in a RICO claim, lost wages as a result of personal injuries are not considered injuries to business or property unless there is some legitimate property interest that was injured, such as a business contract. *See Diaz v. Gates*, 420 F.3d 897, 899-00 (9th Cir. 2005). Accordingly, Plaintiffs have not sustained injuries to business or property as required by RICO and the Amended Complaint should be dismissed as to Defendants Jefferis and RCR.

## IV. CONCLUSION

For the reasons set forth above as well as in *Defendants Jefferis and RCR's Brief*

*in Support of their Motion to Dismiss the Amended Complaint*, it is clear that Plaintiffs have failed to allege sufficient facts to establish any plausible cause of action against Defendants Jefferis or RCR.

DATED this 24th day of May, 2021

Judith D. Jeffris and Rock Creek Ranch, Inc., Defendants.

By: *[signature]*
Zenith S. Ward, WSB # 7-4584
Buchhammer & Ward, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
(307) 634-2199 – fax
zsw@wyoming.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties per the CM/ECF electronic service of the Court, this 24th day of May, 2021.

*[signature]*
Zenith S. Ward