UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH, ANDREW SCAVUZZO, and EHAN JELINEK, on behalf of themselves and similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY TEEN SOLUTIONS, INC., a Wyoming corporation; TRIANGLE CROSS RANCH, LLC, a Wyoming limited liability company; MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE, a Wyoming corporation; GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; JUDITH D. JEFFERIS; DALLY-UP, LLC, a Wyoming limited liability company; ROCK CREEK RANCH, INC., a Delaware corporation; DIOCESE OF CHEYENNE, a Wyoming corporation; SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, a Texas corporation; and NEW MOUNT CARMEL FOUNDATION, INC., a Wyoming corporation,<br><br>Defendants. | Case No. 20-CV-215-SWS |

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SOLT'S SECOND MOTION TO DISMISS

This matter comes before the Court on the second motion to dismiss of Defendant Society of Our Lady of the Most Holy Trinity ("SOLT") (Doc. 120). Plaintiffs filed an

opposition thereto (Doc. 137), and SOLT replied (Doc. 147). Having considered the parties' arguments and reviewed the record herein, the Court finds the motion to dismiss should be granted in part and denied in part.

## INTRODUCTION

Plaintiffs' putative class action alleges the parents of "troubled teen" minors paid to send their children to one of two working ranches in Wyoming where the teens were supposed to receive various forms of traditional and cutting-edge therapy and schooling. Plaintiffs contend it was all a racket, though, as the ranches were light on the education, even lighter on the therapy, and largely forced the teenagers to labor for many hours per day under horrible conditions. They allege each Defendant was either directly involved with the scam or knowingly benefitted from the forced labor. Plaintiffs assert federal causes of action for unlawful forced labor, human trafficking, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), and state-law causes of action for negligence and/or negligent infliction of emotional distress. (Am. Compl. Doc. 106.)

## STANDARD FOR RULE 12(b)(6) MOTIONS TO DISMISS

SOLT has moved to dismiss the claims against it under Fed. R. Civ. P. 12(b)(6) by alleging Plaintiffs have failed to state a plausible claim for relief. (Doc. 120.)

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint's factual allegations, assumed to be true, must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the context of a 12(b)(6) motion to dismiss, this plausibility standard requires the plaintiff to plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a plaintiff to show a defendant probably acted wrongfully, but it requires more than "a sheer possibility." *Id.* That is, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

"Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The Court accepts the nonmoving party's well-pled factual allegations as true and construes them in the light most favorable to the nonmoving party, but it is not bound to accept an asserted legal conclusion as true. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## PLAINTIFFS' GENERAL ALLEGATIONS

In very general terms, Plaintiffs' amended complaint asserts the following primary points:

- Some Defendants own and operate the Triangle Cross Ranch (TCR) in northern Wyoming which took in "troubled teen" males, having approximately 23 such males at any given time. (Am. Compl. ¶¶ 3, 144.) At a significant monthly cost to the teen's parents/guardians, TCR promised to provide focused education and therapy/counseling to correct the teen's misguided ways. (Am. Compl. ¶¶ 2, 4; p. 5 n.1.) The owners of TCR also founded Mount Carmel Youth Ranch (MCYR), which operated as a nonprofit group home to provide services to troubled teens. (Am. Compl. ¶ 3.) MCYR operated at TCR and closed in November 2012. (*Id.*)

- Other Defendants own and operate another northern Wyoming ranch, Trinity Teen Solutions (TTS), which took in "troubled teen" females, having approximately 12 such females at any given time. (Am. Compl. ¶¶ 4, 144.) Again at a significant monthly cost to the teen's parents/guardians, TTS promised to provide focused education and therapy/counseling to correct the teen's misguided ways. (Am. Compl. ¶¶ 2, 4, 5; p. 5 n.1.)

- The owners of TCR and the owners of TTS are close family relatives. (Am. Compl. ¶¶ 3, 4.)

- Immediately upon a troubled teen's arrival at either TCR/MCYR or TTS as a resident, Defendants entirely disregarded the promises of education and treatment, and instead began mistreating the resident, exploiting the resident for cheap labor, and forcing the resident to live in subhuman conditions. (Am. Compl. ¶¶ 10-16.)

Plaintiffs contend all Defendants either directly participated in the mistreatment or financially benefited from such mistreatment, e.g., by receiving free forced labor[1] at its facilities.

---

[1] The amended complaint repeatedly refers to "child labor," and indeed the amended complaint describes most of the alleged forced labor coming from minors. The Court refers to it simply as "forced labor," though, because at least one named Plaintiff was 18 years old at the time of his stay at TCR (Am. Compl. ¶ 134), and therefore was a legal adult at the time. *See* Wyo. Stat. Ann. § 14-1-101(a).

## PLAINTIFFS' FIVE CAUSES OF ACTION[2]

Counts 1, 2, and 3 in Plaintiffs' amended complaint assert claims under the Trafficking Victims Protections Reauthorization Act of 2008 (TVPRA), which is enforceable between private parties through 18 U.S.C. § 1595(a). Count 1 asserts a violation of 18 U.S.C. § 1589(a), which holds liable those who directly and unlawfully force others to perform labor. Count 2, under § 1589(b), concerns those who, while not directly forcing illegal labor, know or should know of the unlawful nature of the labor and benefit from the forced labor. Count 3 alleges a violation of 18 U.S.C. § 1590(a), which imposes liability for trafficking humans for forced labor.

Count 4 asserts certain Defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO), specifically 18 U.S.C. § 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in [or affecting] interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" RICO is enforceable civilly by a person "injured in his business or property." 18 U.S.C. § 1964(c).

Finally, Plaintiffs' Count 5 is a state-law tort claim, described as "Negligence and Negligent Infliction of Emotional Distress." (Am. Compl. p. 67.)

## SPECIFIC ALLEGATIONS AGAINST SOLT

Only Counts 2, 3, and 5 are alleged against SOLT. And as to Count 5, Plaintiffs allege only negligence, not negligent infliction of emotional distress, against SOLT. (Doc.

---

[2] Not all causes of action are alleged against every defendant.

137 p. 11 n.2.) Plaintiffs' amended complaint specifically references SOLT four times:

- Defendant Society of Our Lady of the Most Holy Trinity (hereinafter 'SOLT') is a Texas corporation, and a Roman Catholic Religious Institute of Men, with its principal place of business in Robstown, Texas. At all times material herein, SOLT operated ministries in and conducted activities through the Diocese of Cheyenne. (Am. Compl. ¶ 47.)

- Upon information and belief, Defendant Thomas George at all times relevant to this matter served as Executive Director of Mount Carmel Youth Ranch and TCR. Additionally, he served as Special Projects Manager and a Family Life Coach. Finally, he served the Catholic Church as a lay missionary member of SOLT for over twenty years. For six of those years as the International Regional Director of SOLT, directing the activities of Priests, Religious and Lay faithful within the Society. At all times relevant to these proceedings, he coordinated, approved, directed, and facilitated the use of child labor from MCYR and TCR at SOLT and other Catholic Church facilities. (Am. Compl. ¶ 51.)

- Of note is that Thomas George was the registered Agent of SOLT between 2006-2010 at 402 Rd 8ve, Powell, WY 82435 according to the Wyoming Secretary of State until SOLT allowed its status to shift to inactive as it chose to operate under its Texas business filings. (Am. Compl. p. 19 n.10.)

- Defendant Owners coordinated for the use of Plaintiffs' and the putative class members' labor to provide weekly cleaning and event set up services for the local churches and facilities owned by both Defendant Diocese of Cheyenne and Defendant SOLT. (Am. Compl. ¶ 66.)

## DISCUSSION

The Court will address the sufficiency of each alleged cause of action separately.

1. **Count 2 - Venture Liability Under 18 U.S.C. § 1589(b) for Knowingly Benefiting from Illegal Forced Labor**

Section 1589(b) holds liable "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing

or obtaining of labor or services by any of such means." To avoid dismissal of this claim, "plaintiffs must plausibly allege that [plaintiffs] provided labor or services that were procured by a method that is prohibited under the TVPRA, and that [SOLT] knowingly benefited from participating in this venture." *Bistline v. Parker*, 918 F.3d 849, 871 (10th Cir. 2019).

### 1.1 Plaintiffs plausibly alleged Defendant Thomas George was acting as SOLT's agent.

The amended complaint alleges Defendant Thomas George acted as the executive director of Mount Carmel Youth Ranch (MCYR) and Triangle Cross Ranch (TCR) while also serving as a member and the International Regional Director of SOLT.[3] (Am. Compl. 51.) And Plaintiffs specifically allege Defendant Thomas George, while acting in these roles, "coordinated, approved, directed, and facilitated the use of child labor from MCYR and TCR at SOLT and other Catholic Church facilities." (*Id.*)

An inanimate entity such as SOLT "can act only through its agents." *Roscoe v. United States*, 134 F. App'x 226, 228 (10th Cir. 2005) (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985)). Reading these allegations in the light most favorable to Plaintiffs and giving them all reasonable inferences, as the Court must at this stage, Plaintiffs have plausibly alleged Defendant Thomas George was acting as SOLT's agent by coordinating to supply SOLT with unpaid forced labor from MCYR and TCR. At a minimum, Plaintiffs' complaint sufficiently alleges Defendant Thomas George

---

[3] MCYR was a non-profit corporation founded by TCR's owners which operated at TCR and closed in 2012. (Am. Compl. ¶ 3.)

had actual or apparent authority to obtain labor services on SOLT's behalf.

### 1.2 Plaintiffs plausibly alleged SOLT, through Defendant Thomas George, was engaged in a "venture" with MCYR and TCR.

"Venture" means "any group of two or more individuals associated in fact, whether or not a legal entity." *Bistline*, 918 F.3d at 873 (quoting 18 U.S.C. § 1591(e)(6)). The amended complaint alleges SOLT, acting through its agent Defendant Thomas George, was associated in fact with TCR/MCYR in obtaining unpaid forced labor at SOLT's facilities. Thus, Plaintiffs plausibly allege SOLT was part of a venture while obtaining the benefit of forced labor.

### 1.3 Plaintiffs plausibly alleged SOLT knew or should have known it was benefiting from forced labor from TCR/MCYR through Defendant Thomas George's knowledge.

"Knowledge of an officer or agent is imputed to his or her corporate principal only if the agent receives the knowledge while acting within the scope of his or her authority and the knowledge concerns a matter within the scope of that authority." *Fox v. Arey*, No. 11-CV-248-F, 2011 WL 13229664, at *3 (D. Wyo. Dec. 19, 2011) (quoting 18B Am. Jur. 2d *Corporations* § 1447 (2011)). Reading all reasonable inferences in Plaintiffs' favor, the amended complaint plausibly alleges Defendant Thomas George, through his roles at TCR/MCYR, knew or reasonably should have known the TCR/MCYR residents were laboring without pay and under threat of force. He then coordinated or brokered on behalf of SOLT to obtain the benefit of that free forced labor. Thus, Plaintiffs plausibly allege SOLT is chargeable with the same knowledge as its agent, Defendant Thomas George, because he received and employed knowledge of Plaintiffs' forced labor while acting on

SOLT's behalf and within the scope of his actual or apparent authority for SOLT. The amended complaint sufficiently alleges that SOLT knew or reasonably should have known that the TCR/MCYR residents' free labor at SOLT's facility was forced and illegal.

### 1.4 Plaintiffs have not plausibly alleged SOLT received labor from TTS residents or that it knew or should have known it was benefiting from forced labor from TTS residents.

As noted above, the amended complaint alleges, "Defendant Owners coordinated for the use of Plaintiffs' and the putative class members' labor to provide weekly cleaning and event set up services for the local churches and facilities owned by both Defendant Diocese of Cheyenne and Defendant SOLT." (Am. Compl. ¶ 66.) Other than this single sentence read very broadly, Plaintiffs do not allege any connection between forced labor by TTS residents at SOLT's premises or for SOLT's benefit. For example, there is no allegation that Defendant Thomas George worked for TTS or coordinated with TTS to obtain free labor for SOLT's benefit. Likewise, Plaintiffs have not alleged any basis to suggest SOLT knew or should have known it received forced labor from TTS residents, if indeed it even received the benefit of any such labor by TTS residents.

In their response to SOLT's motion to dismiss, Plaintiffs contend,

> Defendant George was also well-aware of the familial and close relationships between TCR and TTS and its owners. As such, the plausible inference from the Amended Complaint is that Defendant SOLT was on notice of the use of forced labor at its facilities through TCR and that such child labor from an entity like TTS with its close ties to TCR should have likewise been suspect.

(Doc. 137 pp. 10-11.) Tellingly, Plaintiffs do not cite to any provision in the amended complaint for this information, likely because nowhere does the amended complaint allege or suggest that Defendant Thomas George was "well-aware" of any relationships between

TCR and TTS. "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court ... [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Factual allegations contained in the response to a 12(b)(6) motion to dismiss cannot carry a plaintiff's burden of setting forth a plausible claim for relief.

Plaintiffs' amended complaint does not allege any basis to suggest SOLT knew or had reason to know that labor it received from TTS residents, if any, was illegally forced. Thus, the amended complaint does not assert a basis for holding SOLT liable under 18 U.S.C. § 1589(b) as it concerns any forced labor provided by TTS resident Plaintiffs to SOLT's benefit.

2. **Count 3 - Liability under 18 U.S.C. § 1590(a) for Knowingly Trafficking a Person for Forced Labor or Services**

Section 1590(a) holds liable "[w]hoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter." It "imposes liability for [human] trafficking, which is separate and distinct from liability for forced labor or services." *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1133 (D. Colo. 2019). Much of the foregoing analysis concerning § 1589(b) applies here because the same scienter requirement applies.

The amended complaint sufficiently asserts Defendant Thomas George, acting as SOLT's agent, knowingly recruited or obtained residents from TCR/MCYR to provide unpaid forced labor or other services at SOLT's facilities and to SOLT's benefit. The

amended complaint does not, however, allege that SOLT, through Defendant Thomas George, recruited forced labor or other services from TSS residents, knowingly or otherwise. Therefore, the amended complaint has plausibly alleged a basis for holding SOLT liable under § 1590(a) as to the TCR/MCYR resident Plaintiffs, but not as to TTS resident Plaintiffs.

3.  **Count 5 - Negligence Under Wyoming State Law**

Despite calling Count 5 "Negligence and Negligent Infliction of Emotional Distress," Plaintiffs have clarified they do not allege a claim of negligent infliction of emotional distress against SOLT. (Doc. 137 p. 11 n.2.) For a state law claim of negligence to succeed, a plaintiff must prove (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached the duty of care, and (3) the defendant's breach was the proximate cause of (4) plaintiff's injuries. *Anderson v. Duncan*, 968 P.2d 440, 442 (Wyo. 1998).

The amended complaint asserts SOLT "owed Plaintiff Nash and the Subclass a duty of care and did breach that duty of care through the acts complained of herein." (Am. Compl. ¶ 201.) Plaintiffs do not allege negligence against SOLT concerning TCR/MCYR residents. (*See generally* Am. Compl.) In Plaintiffs' response to SOLT's motion to dismiss, Plaintiffs make clear they base their negligence claim against SOLT on premises liability by arguing, "The Wyoming Supreme Court has held that a landowner has a duty to an employee of a contractor working on the premises to exercise reasonable care under all the circumstances to protect the employee from foreseeable dangers." (Doc. 137 pp. 12-13 (citing *Cornelius v. Powder River Energy Corp.*, 2007 WY 30, 17-18 (Wyo. Feb. 21, 2007).) Plaintiffs contend SOLT owed Plaintiff Nash and the Subclass "a duty of

reasonable care to protect against foreseeable damages," and the danger of forced labor was foreseeable to SOLT because it was SOLT's agent, Defendant Thomas George, "who coordinated, approved, directed and facilitated the use of child labor on SOLT's premises." (Doc. 137 p. 13 (citing Am. Compl. ¶ 51).)

The amended complaint asserts Plaintiff Amanda Nash was a resident only at TTS. (Am. Compl. ¶ 123.) It also asserts that Plaintiff Nash represents the subclass of persons "who were housed at Defendant Trinity Teen Solutions, Inc. who, due to the negligence of Defendant TTS, have been diagnosed with or suffer from Post-Traumatic Stress Disorder." (Am. Compl. ¶ 150.) And as already discussed herein, the amended complaint does not allege that any TTS resident provided labor at SOLT facilities; it only asserts that Defendant Thomas George arranged for labor by TCR/MCYR residents at SOLT facilities. In their response to the motion to dismiss, Plaintiffs argue, "Plaintiff Nash and the Subclass allege that they were forced to engage in labor at the facilities owned and operated by SOLT." (Doc. 137 p. 13.) To the contrary, the amended complaint does not allege this, and Plaintiffs' lack of citation to the amended complaint on this point is again telling.

The amended complaint cannot establish SOLT owed a premises-liability duty to Plaintiff Nash and the Subclass because the amended complaint never alleges Plaintiff Nash and the subclass provided any labor *on SOLT's premises*. The premises-liability duty of care attempts to protect visitors from dangers posed by *the premises*, not from dangers posed by the tenants/owners. "[A] premises owner must use ordinary care to keep *the premises* in a safe condition ...." *Williams*, ¶ 18, 405 P.3d at 232 (emphasis added). Thus, the amended complaint fails to plausibly allege SOLT ever owed a legal duty of care

to Plaintiff Nash and the intended subclass she seeks to represent because there is no allegation they were ever on SOLT's premises.

Further, Plaintiffs do not allege they were injured by *the premises* at SOLT's facilities. Thus, Plaintiffs have not plausibly stated the causation element of premises-liability negligence. Plaintiffs do not allege that SOLT's failure to keep its premises in safe, working order caused their claimed injuries.

The amended complaint does not plausibly allege a state-law claim of negligence based on premises liability against SOLT.

### 4.   Dismissal with Prejudice

The final issue concerns whether the dismissed claims should be dismissed with prejudice. "[D]ismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1191 (10th Cir. 2014) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). The Court finds another amendment by Plaintiffs would be futile as to the failed claims alleged against SOLT. After Plaintiffs' original complaint was filed in this case, SOLT (and the other Defendants) filed a 12(b)(6) motion to dismiss. (Docs. 93, 94.) In direct response to the Defendants' motions to dismiss, Plaintiffs filed an amended complaint, which expressly attempted to cure any pleading deficiencies. (Doc. 106.) SOLT then filed this second motion to dismiss, which presented the very same arguments as its first motion to dismiss. (*Compare* Doc. 94 *with* Doc. 120-1.) Plaintiffs' inability to remedy its pleading deficiencies as to some of the causes of action against SOLT via their amended complaint demonstrates that providing

Plaintiffs a third bite at this apple would be futile.

## CONCLUSION AND ORDER

The amended complaint states plausible claims for relief against SOLT under 18 U.S.C. §§ 1589(b) and 1590(a) as to Plaintiffs who were residents of Triangle Cross Ranch/Mount Carmel Youth Ranch. Plaintiffs fail to state plausible claims for relief against SOLT under §§ 1589(b) and 1590(a) as to Plaintiffs who were residents of Trinity Teen Solutions, and those claims as to TTS residents must be dismissed. Additionally, Plaintiffs fail to allege a plausible claim of negligence under state law against SOLT.

**IT IS THEREFORE ORDERED** that the second motion to dismiss of Defendant Society of Our Lady of the Most Holy Trinity ("SOLT") (Doc. 120) is **GRANTED IN PART AND DENIED IN PART**.

All claims under 18 U.S.C. § 1589(b) (Count 2) and 18 U.S.C. § 1590(a) (Count 3) alleged against SOLT by Plaintiffs who were residents of Trinity Teen Solutions are **DISMISSED WITH PREJUDICE**. The claim of negligence under state law alleged against SOLT is also **DISMISSED WITH PREJUDICE**.

The federal-law claims of forced labor alleged in Counts 2 and 3 under 18 U.S.C. § 1589(b) and 18 U.S.C. § 1590(a) against SOLT by Plaintiffs who were residents of Triangle Cross Ranch/Mount Carmel Youth Ranch (Male Plaintiffs) survive dismissal and shall proceed to discovery.

**DATED:** November 30th, 2021.

Scott W. Skavdahl
United States District Judge