Monty L. Barnett, # 6-2694
Rachel E. Ryckman, # 7-4656
Keith R. Olivera (*Pro Hac Vice*)
John C. Matthews (*Pro Hac Vice*)
WHITE AND STEELE, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202-5406
Telephone: (303) 296-2828
mbarnett@wsteele.com
rryckman@wsteele.com
kolivera@wsteele.com
jmatthews@wsteele.com

ATTORNEYS FOR DEFENDANTS
TRIANGLE CROSS RANCH, LLC
GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER
MATHEW SCHNEIDER; MARK SCHNEIDER and THOMAS GEORGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH, ANDREW SCAVUZZO, and EHAN JELINEK, on behalf of themselves and similarly situated persons,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **TRINITY TEEN SOLUTIONS, INC., a Wyoming corporation; TRIANGLE CROSS RANCH, LLC, a Wyoming limited liability company; MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, d/b/a MYSTIC MONK COFFEE, a Wyoming corporation; GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; DANIEL SCHNEIDER; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; JUDITH D. JEFFERIS; DALLY-UP, LLC, a Wyoming limited liability company; ROCK CREEK RANCH, INC., a Delaware corporation; DIOCESE OF CHEYENNE, a Wyoming corporation; SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, a Texas corporation; and NEW MOUNT CARMEL FOUNDATION, INC., a Wyoming corporation,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Case No. 20-CV-00215-SWS |
| **DEFENDANTS.** | ) | |

**DEFENDANTS TRIANGLE CROSS RANCH, LLC, GERALD E. SCHNEIDER, MICHAELEEN P. SCHNEIDER, MATTHEW SCHNEIDER, MARK SCHNEIDER AND THOMAS GEORGE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendants Triangle Cross Ranch, LLC, Gerald E. Schneider, Michaeleen P. Schneider, Matthew Schneider, Mark Schneider, and Thomas George (collectively "Defendants") by and through Counsel, White and Steele, P.C., hereby answer and respond to Plaintiffs' First Amended Complaint and Jury Demand as follows:

## I.    NATURE OF THE ACTION

1.      Paragraph 1 of Plaintiffs' Amended Complaint contains a general statement concerning human trafficking and the Trafficking Victims Protection Act and not any allegations against Defendants that require a response.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

2.      Paragraph 2 of Plaintiffs' Amended Complaint contains a general statement concerning the "troubled teen industry" and not any allegations against Defendants that requires a response.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

3.      Defendants admit that Triangle Cross Ranch, Inc.'s incorporator is Gerald E. Schneider. Defendants also admit that Triangle Cross Ranch, Inc. was founded on November 28, 2012. Defendants further admit: (1) that Mount Carmel Youth Ranch is a nonprofit corporation; (2) that, at the time of its incorporation in 1997, Mount Carmel Youth Ranch had no members or capital shares; and (3) that Mount Carmel Youth Ranch's initial Articles of Incorporation listed Gerald E. Schneider, Michaeleen P. Schneider, Glenn E. Whewell, and Dennis Raymond Dolter as incorporators.  Defendants further admit that the Triangle Cross Ranch is advertised as a 50,000 acre working ranch with over 1,000 head of cattle.  Defendants deny the remaining allegations contained in paragraph 3.

4.      Defendants admit that Angela Woodward is the daughter of Jerry Woodward. Defendants deny the remaining allegations in paragraph 4 concerning Jerry Schneider or Michaeleen Schneider.  With respect to the remaining allegations in paragraph 4 of Plaintiff's Amended Complaint, Defendants state that these allegations are not directed to the Defendants and according not responsive pleading is required.  To the extent that any such allegations contained therein may be construed to be asserted against Defendants, the allegation is denied.

5.      With respect to the allegations contained in paragraph 5 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

6.      With respect to the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation shall be taken as denied or avoided.

7.      Defendants refer to the July 2013 Triangle Ranch website for a true and accurate statement of its contents and expressly deny any allegations inconsistent therewith.

8.      Defendants refer to the transcript of the hearing and Order for the case cited as *Triangle Cross Ranch, Inc. v. State of Wyoming*, 2015 WY at 16 for at true and accurate description of their contents and deny any allegations inconsistent therewith.  Defendants deny the remaining allegations directed toward Defendants.  With respect to the remaining allegations contained in paragraph 8 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

9.      The allegations contained in paragraph 9 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 9 of Plaintiffs' Amended Complaint, these allegations are not directed to these

3

Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

10.     The allegations contained in paragraph 10 of Plaintiffs' Amended Complaint pertaining to Gerald and Michaeleen Schneider are denied.  With respect to the remaining allegations contained in paragraph 10 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

11.     The allegations contained in paragraph 11 of Plaintiffs' Amended Complaint pertaining to Gerald and Michaeleen Schneider are denied.  With respect to the remaining allegations contained in paragraph 11 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

12.     The allegations contained in paragraph 12 of Plaintiffs' Amended Complaint pertaining to Gerald and Michaeleen Schneider are denied.  With respect to the remaining allegations contained in paragraph 12 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

13.     With respect to the allegations contained in paragraph 13 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

14. The allegations contained in paragraph 14 of Plaintiffs' Amended Complaint are denied.

15. With respect to the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

16. Defendants admit that, during certain periods, there were separate levels of housing available to persons staying at Mount Carmel Youth Ranch and that such persons were limited in the amount of clothing they could bring to Mount Carmel Youth Ranch. The remaining allegations contained with paragraph 16 of Plaintiff's Amended Complaint are denied.

17. Defendants admit that there were some limitations on a resident of Mount Carmel Youth Ranch receiving or sending mail and deny the remaining allegations pertaining to Mount Carmel Youth Ranch contained in paragraph 17 of Plaintiff's Amended Complaint. With respect to the remaining allegations contained in paragraph 17 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

18. With respect to the allegations contained in paragraph 18 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

19. The allegations contained in paragraph 19 of Plaintiffs' Amended Complaint are denied.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

20.     Defendants admit that the Court has jurisdiction over this matter and deny the remaining allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21.     With respect to the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

22.     The allegations contained in paragraph 22 of Plaintiffs' Amended Complaint are denied.

23.     Defendants admit that the venue in the forum is proper and deny the remaining allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

### III.     THE PARTIES AND PERSONAL JURISDICTION

24.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 24 are denied.

25.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 25 are denied.

26.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 26 are denied.

27.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 27 are denied.

28.     The allegations contained in paragraph 28 of Plaintiffs' Amended Complaint are denied.

29.     With respect to the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated

factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

30.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 30 are denied.

31. Defendants admit that Triangle Cross Ranch, LLC is a limited liability company founded in 2018.  Defendants further admit (1) that Triangle Cross Ranch, LLC's principal place of business is 423 Road 1AF, Powell, WY 82435; (2) that Triangle Cross Ranch, LLC's registered agent is Timothy D. Stewart whose registered agent address is 1222 11th St., P.O. Box 1628, Cody, WY; (3) that Triangle Cross Ranch, LLC's organizer is Gerald E. Schneider.  Defendants also admit (1) that Triangle Cross Ranch, Inc. was founded in 2012, (2) that Triangle Cross Ranch, Inc's incorporator was Gerald E. Schneider; and (3) that the Wyoming Secretary of State's website states that Triangle Cross Ranch, Inc. was administratively dissolved in 2015. Defendants deny the remaining allegations in paragraph 31. Defendants further deny the allegations contained in footnote 6 of Plaintiffs' complaint as stated.

32.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 32 are denied.

33.     Defendants state that Gerald Schneider is not contesting service of process and otherwise deny the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

34.     Defendants state that Michaeleen Schneider is not contesting service of process and otherwise deny the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint.

35.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 35 are denied.

36.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 35 are denied.

37.     Defendants admit that Father Daniel Schneider is the son of Gerald Schneider, brother of Angela Woodward and a monk.  Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint.  Lacking sufficient information and belief, the allegations in paragraph 37 are denied.

38.     Defendants admit that Mathew Schneider is the son of Gerald Schneider and is not contesting service of process.  Defendants further admit that Mathew Schneider was an Executive Director and Co-Founder of Mount Carmel Youth Ranch.  Defendants further admit that Mathew Schneider runs Rocky Mountain Frontier, LLC on the same land where the Triangle Cross Ranch is located.  Defendants deny the remaining allegations contained in paragraph 38 of Plaintiffs' Amended Complaint.

39.     Defendants admit that Mark Schneider is the son of Gerald Schneider and is currently the Ranch Manager at Triangle Cross Ranch LLC, but deny the remaining allegations contained in paragraph 39 of Plaintiffs' Amended Complaint.

40.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 40 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 40 are denied.

41.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 41 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 41 are denied.

42.     Defendants admit that Tom George previously served as Executive Director of Mount Carmel Youth Ranch and is not contesting service of process and deny the remaining allegations contained in paragraph 42 of Plaintiffs' Amended Complaint.

43.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 43 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 43 are denied.

44.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 44 are denied.

45.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 45 are denied.

46.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 46 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 46 are denied.

47.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 47 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 47 are denied.

48.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 48 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 48 are denied.

49.     Defendants admit that this court has jurisdiction over them and the instant claims and otherwise denies the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint.

## IV.     FACTUAL ALLEGATIONS

50.     Defendants admit that Mount Carmel Youth Ranch is a nonprofit corporation whose Articles of Incorporation were filed on May 1, 1997.  Defendants further admit that Gerald E. Schneider, Michaeleen P. Schneider, Glenn E. Whewell, and Dennis Raymond Dolter were Mount Carmel Youth Ranch's initial incorporators. Defendants deny the remaining allegations in paragraph 50 as stated.

51.     Defendants admit that Thomas George was an Executive Director of Mount Carmel Youth Ranch and served as an officer or director of Mount Carmel Youth Ranch in or about 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017.   Defendants further admit that Thomas George served the Catholic Church as a lay missionary member of SOLT for over twenty years.   Defendants deny the remaining allegations in paragraph 51 as stated.

52.     The allegations contained in paragraph 52 of Plaintiffs' Amended Complaint are denied.

53.     The allegations contained in paragraph 53 of Plaintiffs' Amended Complaint pertaining to Gerald Schneider are denied.   Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 53 of Plaintiffs' Amended Complaint.   Lacking sufficient information and belief, the allegations in paragraph 53 are denied.

54.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 54 are denied.

55.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 55 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 55 are denied.

56.     Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 56 are denied.

57.     Defendant deny the allegations in paragraph 57 that pertain to any of Defendants. With respect to the remaining allegations contained in paragraph 57 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.   As such, no response is required by these Defendants.   To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

58.     The allegations contained in paragraph 58 of Plaintiffs' Amended Complaint are denied.

59.     With respect to the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation shall be taken as denied or avoided.

60.     The allegations contained in paragraph 60 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 53 of Plaintiffs' Amended Complaint.  Lacking sufficient information and belief, the allegations in paragraph 60 are denied.

61.     With respect to the allegations contained in paragraph 61 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

62.     Defendants admit that certain residents of Mount Carmel Youth Ranch performed certain chores as part of the program.  The remaining allegations contained in paragraph 62 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 62 of Plaintiffs' Amended Complaint.  Lacking sufficient information and belief, the allegations in paragraph 62 are denied.

63.     With respect to the allegations contained in paragraph 63 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

64.     The allegations contained in paragraph 64 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 64 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation are denied.

65.     The allegations contained in paragraph 65 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 65 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation are denied.

66.     The allegations contained in paragraph 66 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 66 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

67.     With respect to the allegations contained in paragraph 67 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

68.     With respect to the allegations contained in paragraph 68 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required

by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

69.     With respect to the allegations contained in paragraph 69 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

70.     With respect to the allegations contained in paragraph 70 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

71.     With respect to the allegations contained in paragraph 71 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

72.     With respect to the allegations contained in paragraph 72 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

73.     With respect to the allegations contained in paragraph 73 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

74.     With respect to the allegations contained in paragraph 74 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required

by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

75.     With respect to the allegations contained in paragraph 75 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

76.     Defendants admit that Daniel Schneider is the son of Gerald Schneider and brother of Angela Woodward and a monk.  The other allegations directed at Defendants in paragraph 76 of Plaintiffs' Amended Complaint are denied.  The remaining allegations contained in paragraph 76 of Plaintiffs' Amended Complaint are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

77.     The allegations contained in paragraph 77 of Plaintiffs' Amended Complaint are denied.

78.     With respect to the allegations contained in paragraph 78 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

79.     With respect to the allegations contained in paragraph 79 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

80.     With respect to the allegations contained in paragraph 80 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required

by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

81.     With respect to the allegations contained in paragraph 81 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

82.     With respect to the allegations contained in paragraph 82, including subparts (a)-(c) of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

83.     With respect to the allegations contained in paragraph 83 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

84.     With respect to the allegations contained in paragraph 84 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

85.     With respect to the allegations contained in paragraph 85 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

86.     With respect to the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required

by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

87.     With respect to the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

88.     With respect to the allegations contained in paragraph 88 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

89.     With respect to the allegations contained in paragraph 89 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

90.     With respect to the allegations contained in paragraph 90 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

91.     With respect to the allegations contained in paragraph 91 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

92.     With respect to the allegations contained in paragraph 92 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required

by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

93.     With respect to the allegations contained in paragraph 93 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

94.     The allegations contained in paragraph 94 of Plaintiffs' Amended Complaint pertaining to the Defendants are denied.  With respect to the remaining allegations contained in paragraph 94 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

95.     With respect to the allegations contained in paragraph 95 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

96.     With respect to the allegations contained in paragraph 96 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

97.     With respect to the allegations contained in paragraph 97 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

98.     With respect to the allegations contained in paragraph 98 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

99.     With respect to the allegations contained in paragraph 99 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

100.     With respect to the allegations contained in paragraph 100 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

101.     With respect to the allegations contained in paragraph 101 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

102.     With respect to the allegations contained in paragraph 102 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

103.     With respect to the allegations contained in paragraph 103 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

104.    With respect to the allegations contained in paragraph 104 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

105.    With respect to the allegations contained in paragraph 105 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

106.    With respect to the allegations contained in paragraph 106 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

107.    With respect to the allegations contained in paragraph 107 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

108.    With respect to the allegations contained in paragraph 108 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

109.    The allegations contained in paragraph 109 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 109 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any

allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

110.    The allegations contained in paragraph 110 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 110 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

111.    With respect to the remaining allegations contained in paragraph 111 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

112.    Defendants admit that, at certain times, Defendants Mathew Schneider and Mark Schneider worked for Triangle Cross Ranch, LLC or Triangle Cross Ranch, Inc..  The remaining allegations contained in paragraph 112 of Plaintiffs' Amended Complaint are denied.

**B.    Violations of the named Plaintiffs' Rights.**

     **i.    <u>Plaintiff Sherman</u>**

113.    With respect to the allegations contained in paragraph 113 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

114.    With respect to the allegations contained in paragraph 114, including subparts (a)-(r), of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

115.    With respect to the allegations contained in paragraph 115 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

116.    With respect to the allegations contained in paragraph 116 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

117.    With respect to the allegations contained in paragraph 117, including subparts (a)-(j), of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

**ii.    Plaintiff Gozun**

118.    With respect to the allegations contained in paragraph 118 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

119.    With respect to the allegations contained in paragraph 119 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

120.    With respect to the allegations contained in paragraph 120 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

121.    With respect to the allegations contained in paragraph 121 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

122.    With respect to the allegations contained in paragraph 122, including subparts (a)-(i), of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

**iii.    <u>Plaintiff Nash</u>**

123.    With respect to the allegations contained in paragraph 123 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

124.    With respect to the allegations contained in paragraph 124, including subparts (a)-(g), of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

125.    With respect to the allegations contained in paragraph 125 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

126.    With respect to the allegations contained in paragraph 126 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

127.     With respect to the allegations contained in paragraph 127 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

128.     With respect to the allegations contained in paragraph 128 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

129.     With respect to the allegations contained in paragraph 129 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

130.     With respect to the allegations contained in paragraph 130, including subparts (a)-(i), of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

###### iv.     **Plaintiff Scavuzzo**

131.     Defendants deny that Plaintiff Scavuzzo was a resident of Triangle Cross Ranch, Inc. or Triangle Cross Ranch, LLC in the summer of 2012 as neither Triangle Cross Ranch, LLC nor Triangle Cross Ranch, Inc. were in existence at the time and otherwise deny the remaining allegations contained in Paragraph 131 of Plaintiffs' Amended Complaint.

132.     Defendants admit that, as part of his treatment program, Plaintiff Scavuzzo would have been required to complete certain chores, including those disclosed in the brochures for the program and contained in the consent agreements provided to residents or their parents and deny the remaining allegations contained within paragraph 132 of Plaintiffs' Amended Complaint.

133.     The allegations contained in paragraph 133 of Plaintiffs' Amended Complaint are denied.

134.     Defendants admit that Plaintiff Scavuzzo's parents removed him from the treatment program before it was completed.   Defendants state that they lack sufficient information to determine Plainitff Scavuzzo's age at the time of his stay and deny the remaining allegations contained in paragraph 134 of Plaintiffs' Amended Complaint.

135.     The allegations contained in paragraph 135, including subparts (a)-(h), of Plaintiffs' Amended Complaint are denied.

**v.      Plaintiff Jelinek**

136.     Defendants deny that Plaintiff Jelinek was a resident at Triangle Cross Ranch, Inc. or Triangle Cross Ranch, LLC in 2011 as neither entity was in existence at the time and otherwise deny the remaining allegations contained in Paragraph 136 of Plaintiffs' Amended Complaint.

137.     Defendants admit that, as part of his treatment program, Jelinek would have been required to perform certain chores, including those listed in the consent form signed by Jelinek's parents.   The remaining allegations contained in paragraph 137, including subparts (a)-(i), of Plaintiffs' Amended Complaint are denied.

138.     The allegations contained in paragraph 138 of Plaintiffs' Amended Complaint are denied.

139.     Defendants admit that certain residents may stay longer at a treatment program than seven months and deny that Jelinek was a resident of Triangle Cross Ranch, Inc. or Triangle Cross Ranch, LLC.   With respect to the allegations concerned medical treatment and procedures, Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the allegations contained in paragraph 139 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, those allegations in paragraph 139 are denied.

140.     The allegations contained in paragraph 140, including subparts (a)-(g), of Plaintiffs' Amended Complaint are denied.

141.    The allegations contained in paragraph 141 of Plaintiffs' Amended Complaint directed at Defendants are denied.  With respect to the remaining allegations contained in paragraph 141 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

142.    With respect to the allegations contained in paragraph 142 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

143.    With respect to the allegations contained in paragraph 143 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied

144.    With respect to the allegations contained in paragraph 144 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

145.    With respect to the allegations contained in paragraph 145 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

146.    With respect to the allegations contained in paragraph 146 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated

factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

147.     With respect to the allegations contained in paragraph 147 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.  With respect to the remaining allegations contained in paragraph 147 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

148.     With respect to the allegations contained in paragraph 148 of Plaintiffs' Amended Complaint, this paragraph contains a statement of a purported right to amend the Complaint and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

## V.     CLASS ACTION ALLEGATIONS

149.     With respect to the allegations contained in paragraph 149 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

150.     With respect to the allegations contained in paragraph 150 of Plaintiffs' Amended Complaint, this paragraph contains a purported statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

151.     The allegations contained in paragraph 151 of Plaintiffs' Amended Complaint are denied.

152.     The allegations contained in paragraph 152 of Plaintiffs' Amended Complaint are denied.

153.     The allegations contained in paragraph 153 of Plaintiffs' Amended Complaint are denied.

154.     The allegations contained in paragraph 154 of Plaintiffs' Amended Complaint are denied.

155.     The allegations contained in paragraph 155 of Plaintiffs' Amended Complaint are denied.

156.     The allegations contained in paragraph 156 of Plaintiffs' Amended Complaint are denied.

157.     With respect to the allegations contained in paragraph 157, including subparts (a)-(c), of Plaintiffs' Amended Complaint, this paragraph contains a Plaintiffs' counsels' qualifications and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

158.     The allegations contained in paragraph 158 of Plaintiffs' Amended Complaint are denied.

**<u>CAUSES OF ACTION</u>**

**COUNT 1 – CIVIL ACTION UNDER FEDERAL LAW FOR FORCED LABOR
18 U.S.C. § 1589(a)**

**(AGAINST DEFENDANTS TTS, TCR, GERALD SCHNEIDER, MICHAELEEN SCHNEIDER, ANGIE WOODWARD, JERRY WOODWARD, DANIEL SCHNEIDER, MATHEW SCHNEIDER, MARK SCHNEIDER, KARA WOODWARD, AND KYLE WOODWARD)**

159.     Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 158 above as fully set forth herein.

160.     With respect to the allegations contained in paragraph 160 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

161.     The allegations contained in paragraph 161 of Plaintiffs' Amended Complaint with respect to Defendants are denied.  With respect to the remaining allegations contained in paragraph 161 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

162.     The allegations contained in paragraph 162 of Plaintiffs' Amended Complaint direct to Defendants are denied.  With respect to the remaining allegations contained in paragraph 162 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied

163.     The allegations contained in paragraph 163 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 163 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

164.     The allegations contained in paragraph 164 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 164 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any

allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

165.   The allegations contained in paragraph 165 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 165 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

## COUNT 2 – CIVIL ACTION UNDER FEDERAL LAW FOR FORCED LABOR
## 18 U.S.C. § 1589 (b)

### (AGAINST ALL DEFENDANTS)

166.   Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 165 above as fully set forth herein.

167.   With respect to the allegations contained in paragraph 167 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

168.   The allegations contained in paragraph 168 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 168 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

169.   The allegations contained in paragraph 169 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in

paragraph 169 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

170.    The allegations contained in paragraph 170 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 170 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

## COUNT 3 – CIVIL ACTION UNDER FEDERAL LAW FOR TRAFFICKING 18 U.S.C. § 1590(a)

### (AGAINST ALL DEFENDANTS)

171.    Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 170 above as fully set forth herein.

172.    With respect to the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint, this paragraph contains a statement of law and does not contain any properly stated factual assertions to which any reply must be made.  Insofar as any allegation therein could be construed to require a response, the allegation is denied.

173.    The allegations contained in paragraph 173 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 173 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

174.    The allegations contained in paragraph 174 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 174 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

175.    The allegations contained in paragraph 175 of Plaintiffs' Amended Complaint pertaining to Defendants are denied.  With respect to the remaining allegations contained in paragraph 175 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

**COUNT 4 – CIVIL ACTION FOR VIOLATION OF FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. S 1961 ET SEQ.**

**(AGAINST DEFENDANTS TTS, TCR, GERALD SCHNEIDER, MICHAELEEN P. SCHNEIDER, ANGELA WOODWARD, JERRY D. WOODWARD, DANIEL SCHNEIDER, MATHEW SCHNEIDER, MARK SCHNEIDER, KARA WOODWARD, KYLE WOODWARD, THOMAS GEORGE, JUDITH JEFFERIS, MONKS OF THE MOST BLESSED VIRGIN MARY OF MOUNT CARMEL, and the NEW MOUNT CARMEL FOUNDATION, INC.)**

176.    Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 175 above as fully set forth herein.

**A.      <u>Prohibited Conduct and Civil Remedies under RICO</u>**

177.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

178.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

179.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

180.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

181.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

182.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

**B.**    **The RICO Enterprises**

183.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

184.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

185.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

186.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

187.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

188.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

189.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

C.      **The Pattern of RICO Predicate Acts**

190.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

191.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

192.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

D.      **Continuity of the Criminal Activity**

193.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

**E.**    **RICO Injury to Plaintiffs and the Putative Class**

194.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

195.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

196.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

197.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

198.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

199.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, Defendants deny the allegations contained therein.

**COUNT 5 – NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST DEFENDANT TRINITY TEEN SOLUTIONS, DALLY-UP, LLC, DIOCESE OF CHEYENNE, AND SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY)**

200.    Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 199 above as fully set forth herein.

201.    With respect to the allegations contained in paragraph 201 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

202.    With respect to the allegations contained in paragraph 202 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

203.    With respect to the allegations contained in paragraph 203 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

204.    With respect to the allegations contained in paragraph 204 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

## VII.

## PRAYER FOR RELIEF

The allegations contained in Plaintiffs' Prayer for Relief, including subparts 1-10, of Plaintiffs' Amended Complaint that pertain to Defendants are denied.   With respect to the remaining allegations contained in Plaintiffs' Prayer for Relief, including subparts 1-10, of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants.  As such,

no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegation is denied.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs[1]' Amended Complaint fails to state a legally cognizable claim upon which relief may be granted.

2.      Plaintiffs' Amended Complaint fails to state a viable claim because it alleges that Plaintiffs suffered injuries while attending a program alleged run by "TCR" in 2011 and early 2012, even though Triangle Cross Ranch, Inc. and Triangle Cross Ranch, LLC were not in existence at that time.

3.      Plaintiffs' Amended Complaint appears to seek redress for conduct allegedly committed by Mount Carmel Youth Ranch, even though Mount Carmel Youth Ranch is not named as a party, and Defendants are not liable for the acts or omissions of Mount Carmel Youth Ranch.

4.      Plaintiffs' Amended Complaint fails to state a viable claim against certain Defendants, including Michaeleen Schneider, Mathew Schneider, and Mark Schneider as they were not employed by or otherwise affiliated with Mount Carmel at certain periods where allegedly wrongful conduct occurred.

5.      Plaintiffs' Amended Complaint fails to state a viable claim against certain Defendants, including Mathew Schneider, Mark Schneider, Michaeleen Schneider, and Tom George as they were not employed by or otherwise affiliated with Triangle Cross Ranch, Inc. or Triangle Cross Ranch, LLC at the periods where allegedly wrongful conduct occurred.

6.      Plaintiffs' Amended Complaint fails to state a viable claim against Defendant Michaeleen Schneider as, due to illness, she lacked the competency to participate in the conduct alleged in the Complaint, which conduct is otherwise denied.

---

[1] Defendants are asserted the affirmative defenses against the named plaintiffs as well as any putative class members and are using the term "Plaintiffs" to collectively refer to all such individuals.

7.      Plaintiffs' Amended Complaint fails to state a viable claim against all Defendants because Defendants lacked the requisite knowledge to be held liable for any claim under the TVPA or related statutes.

8.      To the extent Plaintiffs have suffered any damages due to an act or omission of non-profit MCYR, such conduct is not attributable to Defendants.

9.      The alleged injuries and damages, if any, may have been proximately caused by unforeseeable intervening acts of third parties over whom Defendants had no control nor right of control, including third-party transport companies or Plaintiffs' parents or guardians.

10.     The alleged injuries and damages, if any, may have been proximately caused by the comparative fault of Plaintiffs during their performance of chores and not due to the conduct of any Defendant.

11.     The alleged injuries and damages, if any, may have been proximately caused by the intentional acts of Plaintiffs, such as Plaintiff Scavuzzo using a piece of hot metal to brand himself without the knowledge or consent of Defendants.

12.     The alleged injuries and damages of the female Plaintiffs cannot be attributed to any conduct by Defendants as the female Plaintiffs did not stay at and were not enrolled in Mount Carmel Youth Ranch, Triangle Cross Ranch, Inc. or Triangle Cross Ranch, LLC.

13.     The alleged injuries and damages of the female Plaintiffs cannot be attributed to any conduct by Defendants as the female Plaintiffs never had direct contact with any of the Defendants.

14.     The failure to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages may reduce or preclude recovery on these injuries and damages.

15.     Plaintiffs named herein may not be the real parties in interest to prosecute all or a portion of the claim in question, given that Plaintiffs' parents – and not Plaintiffs – paid all treatment fees.

16.     Plaintiffs' claims may be barred by the applicable state statute of limitations.

17.     Plaintiffs' claims may be barred or limited, in whole or in part, by express terms, conditions, limitations, exclusions and disclaimers of the pertinent waiver agreements executed prior to their attendance at any treatment program.

18.     Plaintiffs (individually or through their parents) consented to the treatment program by executing a waiver agreement, which stated that they would perform ranch chores during their stay the ranch.

19.     Plaintiffs (individually or through their parents) consented to the treatment program when they reviewed the materials describing the nature and scope of the program – which included the performance of ranch chores – and chose to attend the program.

20.     This suit may not be properly maintained as a class action because (a) the named Plaintiffs will not fairly and adequately protect the interest of the purported class; (b) the named Plaintiffs counsel advances interests herein of entities and groups other than the purported class; (c) common issues of law and fact do not predominate over individual issues; (d) a class action is not an appropriate method for the fair and efficient adjudication of the matters alleged herein; and (e) the other requirements for maintaining this action as a class action have not been met.

21.     Plaintiffs' claims are barred or reduced by their assumption of the risk.

22.     Defendants incorporate by reference all affirmative defenses pled by other Defendants.

23.     Defendants respectfully requests the right to amend this Answer in the future to include additional affirmative defenses as discovery reveals facts sufficient to support a well-grounded basis for such defenses.

WHEREFORE, having fully answered the Complaint and all claims for relief set forth therein, Defendants pray for judgment against Plaintiff and dismissal of all claims with prejudice. Further, Defendants pray for such costs and expenses as may be incurred in this action, for expert

witness fees, and for such other relief as the Court deems proper.

**A TRIAL TO A JURY OF SIX (6) PERSONS IS DEMANDED.**

Respectfully submitted this 14th day of December, 2021

WHITE & STEELE, P.C.

*/s/ Monty L. Barnett*
Monty L. Barnett, #6-2694
Rachel E. Ryckman, #7-4656
Keith Olivera (*Pro Hac Vice*)
John C. Matthews (*Pro Hac Vice*)
White & Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Ste. 600N
Denver, CO  80202
(303) 296- 2828
mbarnett@wsteele.com
rryckman@wsteele.com
kolivera@wsteele.com
jmatthews@wsteele.com

ATTORNEYS FOR DEFENDANTS
TRIANGLE CROSS RANCH, LLC
GERALD E. SCHNEIDER
MICHAELEEN P. SCHNEIDER
MATHEW SCHNEIDER
MARK SCHNEIDER
THOMAS GEORGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of December, 2021, a true and correct copy of the foregoing Response and Jury Demand was e-filed via CM/ECF and served to all attorneys of record:

Michael Rosenthal, WBS #5-2099
Nathan Nicholas, WBS #7-5078
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
*Attorneys for Plaintiffs*

Brice M. Timmons, (TN Bar #29582)
Bryce Ashby, (TN Bar #026179)
Craig Edgington (TN Bar #038205)
Donati Law, PLLC
1545 Union Ave.
Memphis, TN 38104
(901) 209-5500
*Attorneys for Plaintiffs*

Frank L. Watson III, (TN Bar #015073)
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38104
(901) 529-7996
*Attorneys for Plaintiffs*

Lillian Alves
Gordon & Rees, LLP
555 Seventeenth St., Suite 3400
Denver, CO 80202
(303) 200-6897
lalves@grsm.com
*Attorney for Defendants*

Thomas B. Quinn
Gordon & Rees, LLP
555 Seventeenth St., Suite 3400
Denver, CO 80202
(303) 534-5160
tquinn@gordonrees.com
*Attorney for Defendants*

Paul J. Hickey

Hickey & Evans, LLP
1800 Carey Ave., Suite 700
PO Box 467
Cheyenne, WY 82003-0467
(307) 634-1525
phickey@hickeyevans.com
*Attorney for Defendants*

Loyd E. Smith
Hickey & Evans, LLP
1800 Carey Ave., Suite 700
PO Box 467
Cheyenne, WY 82003-0467
(307) 634-1525
lsmith@hickeyevans.com
*Attorney for Defendant*

Rick L. Koehmstedt
Schwartz Bon Walker & Studer
141 South Center Street, Suite 500
Casper, WY 82601
(307) 234-5099
rick@schwartzbon.com
*Attorney for Defendant*

Alexis S. Mullaney, #25908
Patrick J. Sodoro, #23684
MaKenna J. Stoakes, #25915
Sodoro + Mooney + Lenaghan 1
3924 Gold Circle
Omaha, Nebraska 68144
(402) 504-9346
*Attorney for Defendants*

Jane M. France WSB #7-4828
Sundahl, Powers, Kapp & Martin, LLC
2020 Carey Ave., Ste. 301
P.O. Box 328
Cheyenne, WY 82001
(307) 632-6421 (office)
(307) 432-6107 (direct)
(307) 632-7216 (fax)
jfrance@spkm.org

MaKenna Stoakes *(Pro Hac Vice)*
Patrick J. Sodoro *(Pro Hac Vice)*
Alexis S. Mullaney *(Pro Hac Vice)*
Sodoro Law Group, LLC
13924 Gold Circle

41

(402) 504-9346
Omaha, NE 68144
mstoakes@smllawoffice.com
psodoro@smllawoffice.com
amullaney@smllawoffice.com
*Attorneys for Defendant*

Timothy Stubson
Crowley Fleck, PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601

Zenith Ward
Buchhammer & Ward, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568

Mara Cohara
Brian Fries
Lathrop GPM, LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618

Traci L. Lacock
Hirst Applegate, LLP
P.O. Box 1083
Cheyenne, WY 82003-1083

*/s/ Danielle Thomas*
For White and Steele, P.C.