Thomas Quinn (WY: #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN, ANNA GOZUN**; **AMANDA NASH**; and **ANDREW SCAVUZZO**, and **EHAN JELINEK** on behalf of themselves and all similarly situated persons,<br><br>          Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC,** a Wyoming limited liability corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; DALLY-UP, LLC,** a Wyoming limited liability corporation; and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY,** a Texas corporation;<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Doc. No. 20-CV-215-SWS<br>)<br>)<br>) **DEFENDANTS TRINITY TEEN**<br>) **SOLUTIONS, ANGELA**<br>) **WOODWARD, JERRY**<br>) **WOODWARD, KARA**<br>) **WOODWARD, KYLE WOODWARD**<br>) **AND DALLY-UP, LLC ANSWER TO**<br>) **FIRST AMENDED COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants Trinity Teen Solutions (TTS), Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally Up, LLC ("TTS Defendants"), by and through their attorneys, hereby answer and respond to Plaintiffs' First Amended Complaint and Jury Demand ("FAC") as follows:

## I.    NATURE OF THE ACTION

1.      Paragraph 1 of Plaintiffs' FAC contains a general statement concerning human trafficking and the Trafficking Victims Protection Act and not any allegations against Defendants that require a response. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, they deny each and every allegation in Paragraph 1.

2.      Paragraph 2 of Plaintiffs' FAC contains a general statement concerning the "troubled teen industry" and not any allegations against Defendants that requires a response. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, they deny each and every allegation in Paragraph 2.

3.      The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 3 and its footnote.

4.      The TTS Defendants admit that Angela Woodward is the daughter of Jerry Woodward. Defendants deny the remaining allegations in paragraph 4 concerning Angela and Jerry Woodward or the other TTS Defenadnts. With respect to the remaining allegations in paragraph 4 of Plaintiff's Amended Complaint, the TTS Defendants state that these allegations are not directed to the TTS Defendants and according not responsive pleading is required. To

the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, they deny each and every allegation in Paragraph 4.

5.    The TTS Defendants admit that Exhibit A is a version of the TTS Parent Handbook. The TTS Defendants deny all remaining or inconsistent allegations stated in Paragraph 5.

6.    The TTS Defendants deny the allegations of Paragraph 6.

7.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 7.

8.    This paragraph purports to cite documents and trial transcripts, which materials would speak for themselves and would require no response. To the extent the quoted material is inconsistent with or contrary to the contents of the documents, it is denied. The remaining allegations of Paragraph 8, including any characterizations of the contents of that document, are denied.

9.    The allegations contained in paragraph 9 of Plaintiffs' Amended Complaint pertaining to the TTS Defendants are denied. With respect to the remaining allegations contained in paragraph 9 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

10.    The allegations contained in paragraph 10 and its footnote of Plaintiffs' Amended Complaint pertaining to the TTS Defendants are denied. With respect to the remaining allegations contained in paragraph 10 of Plaintiffs' Amended Complaint, these allegations are not directed to these Defendants. As such, no response is required by these Defendants. To the

extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

11.     The allegations contained in paragraph 11 of Plaintiffs' Amended Complaint pertaining to the TTS Defendants are denied. With respect to the remaining allegations contained in paragraph 11 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied

12.     The TTS Defendants admit that a document called the *Holy Cowgirl Manual* exists. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 12 that are directed to them. With respect to the remaining allegations contained in paragraph 12 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied

13.     The TTS Defendants deny the allegations of Paragraph 13 and its footnote.

14.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 14.

15.     The TTS Defendants admit that chores and physical exercise were part of its program during the time of the respective admissions of the named TTS Plaintiffs. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 15 and its footnote.

16.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 16.

17.     The TTS Defendants admit that mail and telephone communications were subject to monitoring by staff as part of its therapeutic program. The TTS defendants deny all remaining or inconsistent allegations contained in paragraph 17 of Plaintiffs' Amended Complaint pertaining to the TTS Defendants. With respect to the remaining allegations contained in paragraph 11 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by these Defendants. To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied

18.     The allegations of Paragraph 18 purport to cite to a court case. The TTS Defendants admit that they filed a defamation lawsuit against certain former TTS residents. That record stands for itself. To the extent Paragraph 18 alleges information that is inconsistent or that falls outside of the court record, it is denied as are all remaining or inconsistent allegations of Paragraph 18.

19.     The TTS Defendants deny the allegations of Paragraph 19.

## II.     SUBJECT MATTER JURISDICTION AND VENUE

20.     The TTS Defendants admit that the Court has jurisdiction over this matter and deny all remaining or inconsistent allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21.     With respect to the allegations contained in paragraph 21 of Plaintiffs' Amended

4

Complaint, TTS admits that it is a corporation organized under the laws of Wyoming, with its principal place of business in Powell, Wyoming and that it is a citizen of Wyoming. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted as to where Plaintiffs are citizens and therefore denies all remaining allegations of Paragraph 21.

22.     The allegations contained in paragraph 22 of Plaintiffs' Amended Complaint are denied.

23.     The TTS Defendants admit that the venue in the forum is proper and deny the remaining allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

III.     **THE PARTIES AND PERSONAL JURISDICTION**

24.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 24.

25.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 25.

26.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 26.

27.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 27.

28.     The TTS Defendants deny the allegations of Paragraph 28.

29.     To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants deny any the remaining allegations of Paragraph 29.

30.     The TTS Defendants admit that TTS is a Wyoming corporation and operates residential treatment center licensed by the Wyoming Department of Family Services, that its principal place of business is 112 Safe Haven, Powell, WY. 82435, and that its registered agent is Angela C. Woodward, 64 Safe Haven Rd, Powell, WY 82435. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 30.

31.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 31.

32.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 32.

33.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 33.

34.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 34.

35.     The TTS Defendants state that Angela C. Woodward is an owner of TTS and does not contest service of process. The TTS Defendants deny all remaining allegations of Paragraph 35.

36.     The TTS Defendants state that Jerry Woodward is an owner of TTS does not contest service of process. The TTS Defendants deny all remaining allegations of Paragraph 36.

37.     The TTS Defendants admit that Father Daniel Schneider is the son of Gerald Schneider, brother of Angela Woodward and a monk. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 37 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 37 are denied.

38.     The TTS Defendants admit that Mathew Schneider is the son of Gerald Schneider. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 38 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 38 are denied.

39.     The TTS Defendants admit that Mark Schneider is the son of Gerald Schneider. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 38 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 38 are denied.

40.     The TTS Defendants state that Kara Woodward took on a supervisory role at TTS after the discharge dates of the named Plaintiffs in this litigation and that she does not contest service of process. The TTS Defendants deny all remaining allegations of Paragraph 40.

41.     The TTS Defendants state that Kyle Woodward began working at TTS on or about January 2015 and that he does not contest service of process. The TTS Defendants deny all remaining allegations of Paragraph 41.

42.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 42.

43.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 43.

44.     The TTS Defendants admit that Dally-Up, LLC is a Wyoming limited liability company with its principle place of business at 64 Safe Haven, Powell, WY. 82435 and that its registered agent is Jerry Woodward, 89 Road 8RA, Powell, WY. 82435 and that Angie Woodward is an owner of TTS. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 44.

45.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 45 and its footnote.

46.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 46.

47.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 47.

48.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 48.

49.     The TTS Defendants admit that this court has jurisdiction over them and the instant claims and otherwise denies the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint.

## IV.     FACTUAL ALLEGATIONS

50.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 50 and its footnotes.

51.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 51.

52.     The TTS Defendants deny the allegations of Paragraph 52.

53.     The TTS Defendants admit that TTS was incorporated on or about March 26, 2002 and that Angie Woodward operates Heavens Peak Behavioral Services, Inc. whose registered address is 64 Safe Haven Road, Powell, WY. 82435. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 53 and its footnote.

54.     The TTS Defendants admit that Angie and Jerry Woodward are owners of TTS, that the approximate size of the property is 160 acres, and that its address is 64 Safe Haven Road, Powell, WY. 82435. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 54.

55.     The TTS Defendants admit that Dally-Up, LLC purchased land from Judith Jefferis in June 2010 and that prior to the purchase they leased land from Judith Jefferis. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 55

56.     The TTS Defendants deny the allegations of Paragraph 56.

57.     The TTS Defendants deny the allegations in paragraph 57 and its footnote that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 57 of Plaintiffs' Amended Complaint, these allegations are not directed the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

58.     The TTS Defendants admit that parents may have paid Touchdown, Inc. to transport residents to TTS. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Touchdown, Inc.'s practices. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 58.

59.     The TTS Defendants admit that it had a level system as part of its therapeutic program. The remaining allegations contained in paragraph 59 and footnote of Plaintiffs' Amended Complaint pertaining to The TTS Defendants are denied. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 59 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 59 are denied.

60.     The TTS Defendants admits that it had a Ranch Safety Test. The remaining allegations contained in paragraph 60 Plaintiffs' Amended Complaint pertaining to The TTS Defendants are denied. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in paragraph 60 of Plaintiffs' Amended Complaint. Lacking sufficient information and belief, the allegations in paragraph 60 are denied.

61.     The TTS Defendants admit that TTS had a Ranch Safety Test and state that they complied with the educational requirements of the Wyoming Department of Family Services for residential treatment centers. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 61.

62.     The TTS Defendants admit that TTS included certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 62.

63.     The TTS Defendants admit that TTS included certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 63.

64.     The TTS Defendants deny the allegations in paragraph 64 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 64 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

65.     The TTS Defendants deny the allegations in paragraph 65 and its footnote that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 65 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any

11

allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

66.     The TTS Defendants admit that residents performed occasional cleaning when they attended church as part of their therapeutic program. The TTS Defendants deny all remaining or inconsistent allegations in paragraph 66 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 66 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

67.     The TTS Defendants admit that residents performed light cleaning when they attended church as part of their therapeutic program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 67.

68.     The TTS Defendants admit that residents performed occasional cleaning when they attended church as part of their therapeutic program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 68.

69.     The TTS Defendants deny the allegations of Paragraph 69.

70.     The TTS Defendants deny the allegations of Paragraph 70.

71.     The TTS Defendants admit that residents performed occasional cleaning when they attended church as part of their therapeutic program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 71.

72.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 72.

73.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 73.

74.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 74.

75.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 75.

76.     The TTS Defendants admit that Daniel Schneider is the son of Gerald Schneider and brother of Angela Woodward and a monk. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny each and every remaining allegation in Paragraph 76.

77.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 77.

78.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 78.

79.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 79.

80.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 80.

81.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 81.

82.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 82.

83.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 83.

84.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 84.

85.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 85.

86.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 86.

87.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 87.

88.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 88.

89.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 89.

90.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 90.

91.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 91.

92.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 92.

93.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 93.

94.     The TTS Defendants deny the allegations in paragraph 94 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 94 of

Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

95.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 95.

96.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 96.

97.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 97.

98.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 98.

99.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 99.

100.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 100.

101.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 105.

102.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 102.

103.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 103.

104.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 104.

105.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 105.

106.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 106.

107.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 107.

108.   The TTS Defendants deny the allegations in paragraph 108 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 108 of

Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

109.   The TTS Defendants deny the allegations in paragraph 109 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 109 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

110.   The TTS Defendants deny the allegations in paragraph 110 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in paragraph 110 of Plaintiffs' Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

111.   The TTS Defendants admit that Kyle and Kara Woodward became employees of TTS. TTS States that Kara Woodward is the spouse of Kyle Woodward. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 111.

112.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 112.

113.   The TTS Defendants admit the allegations of Paragraph 113.

114.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 114, its subparts, and footnote.

115.    The TTS Defendants deny the allegations of Paragraph 115.

116.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of damages suffered today and therefore denies those allegations. The TTS Defendants deny all remaining allegations of Paragraph 116 and footnotes.

117.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny the remaining allegations of Paragraph 117, footnotes, and subparagraphs.

118.    The TTS Defendants admit the allegations of Paragraph 118.

119.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 119 and footnote.

120.    The TTS Defendants deny the allegations of Paragraph 120.

121.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of damages suffered today and therefore denies those allegations. The TTS Defendants deny all remaining allegations of Paragraph 121.

122.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny the remaining allegations of Paragraph 122 and subparagraphs.

123.    The TTS Defendants admit the allegations of Paragraph 123.

124.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 124, subparts and footnotes.

125.    The TTS Defendants deny the allegations of Paragraph 125.

126.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 126 and its footnote.

127.    The TTS Defendants admit that the Plaintiff would have been required to participate in physical exercise and could have been subjected to discipline as disclosed in the

brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 127.

128.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants deny any the remaining allegations of Paragraph 128.

129.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants deny any the remaining allegations of Paragraph 129 and its footnote.

130.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants admit that the Plaintiff would have been required to complete certain chores, including those disclosed in the brochures for the TTS program and contained in the consent agreements provided them and their parents, as part of its therapeutic residential treatment center program. The TTS Defendants deny the remaining allegations of Paragraph 130 and subparagraphs.

131.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 131.

132.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 132.

133.   The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 133.

134.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 134.

135.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 135.

136.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 136.

137.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 137.

138.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 138.

139.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 139.

140.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 140.

141.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to

the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any the remaining allegations of Paragraph 141.

142.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any the remaining allegations of Paragraph 142.

143.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any the remaining allegations of Paragraph 143.

144.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any the remaining allegations of Paragraph 144.

145.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any remaining allegations of Paragraph 145.

146.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any the remaining allegations of Paragraph 144.

147.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations of Paragraph 147.

148.    This allegation is not directed to a party. To the extent it is, the TTS Defendants deny the allegations of Paragraph 148.

V.          CLASS ACTION ALLEGATIONS

149.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 149.

150.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 150.

151.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 151.

152.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 152.

153.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 153 and its sub-parts.

154.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 154 and its sub-parts.

155.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny

allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 155.

156.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of counsel's qualifications and therefore denies those allegations. The TTS Defendants deny any remaining allegations of Paragraph 156.

157.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of counsel's qualifications and therefore denies those allegations. The TTS Defendants deny any remaining allegations of Paragraph 157 and sub-parts.

158.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 158.

## CAUSES OF ACTION
### COUNT 1-CIVIL ACTION UNDER FEDERAL LAW FOR FORCED LABOR
### 18 U.S.C. § 1589(a)
### AGAINST DEFENDANTS TTS, TCR, GERALD SHNEIDER, MICHAELEEN SCHNEIDER, ANGIE WOODWARD, MARK SHNEIDER, KARA WOODWARD, AND KYLE WOODWARD)

159.   The TTS Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 158 above as fully set forth herein.

160.   To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny

allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 160.

161. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 165.

162. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 162.

163. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 163.

164. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 164.

165.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 165.

## COUNT 2- CIVIL ACTION UNDER FEDERAL LAW FOR FORCED LABOR
## 18 U.S.C. § 1589(b)
## (AGAINST ALL DEFENDANTS)

166.    The TTS Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 165 above as fully set forth herein.

167.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 167.

168.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 168.

169.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny

allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 169.

170.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 170.

### COUNT 3- CIVIL ACTION UNDER FEDERAL LAW FOR TRAFFICKING
### 18 U.S.C. § 1590(a)
### (AGAINST ALL DEFENDANTS)

171.    The TTS Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 170 above as fully set forth herein.

172.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 172.

173.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 173.

174.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to

the truth of the matters asserted in this paragraph against other parties and therefore deny

allegations directed to other parties. The TTS Defendants deny any remaining allegations of

Paragraph 174.

175.   To the extent this paragraph includes one or more legal conclusions, no response

is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to

the truth of the matters asserted in this paragraph against other parties and therefore deny

allegations directed to other parties. The TTS Defendants deny any remaining allegations of

Paragraph 175.

### COUNT 4- CIVIL ACTION FOR VIOLATION OF FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. S 1961 ET. SEQ. (AGAINST DEFENDANTS TTS, TCR, GERALD SCHNEIDER, MICHAELEEN P. SCHNEIDER, ANGELA WOODWARD, JERRY D. WOODWARD, DANIEL SCHNEIDER, MATTHEW SCHNEIDER, MARK SCHNEIDER, KARA WOODWARD, KYLE WOODWARD, THOMAS GEORGE, JUDITH JEFFRIES, MONKS OF THE MOST BLESSED VIRIGN MARY OF MOUNT CARMEL and the NEW MOUNT CARMEL FOUNDATION, INC.)

176.   The TTS Defendants incorporate by reference the responses to each and every

allegation contained in paragraphs 1 through 175 above as fully set forth herein.

177.   Based on the Court's Order dated November 30, 2021, the RICO claim has been

dismissed with prejudice and accordingly no response is required to this allegation. To the extent

a response is required, The TTS Defendants deny the allegations contained therein.

178.   Based on the Court's Order dated November 30, 2021, the RICO claim has been

dismissed with prejudice and accordingly no response is required to this allegation. To the extent

a response is required, The TTS Defendants deny the allegations contained therein.

179.   Based on the Court's Order dated November 30, 2021, the RICO claim has been

dismissed with prejudice and accordingly no response is required to this allegation. To the extent

a response is required, The TTS Defendants deny the allegations contained therein.

180.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

181.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

182.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

183.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

184.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

185.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

186.   Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

187.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

188.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

189.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

190.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

191.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

192.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

193.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

194.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

195.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

196.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

197.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

198.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

199.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

## COUNT 5- NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDNAT TRINITY TEEN SOLUTIONS, DALLY-UP, LLC, DIOCESE OF CHEYENNE, AND SOCIETY OF OUR LADY THE MOST HOLY TRINITY)

200.    The TTS Defendants incorporate by reference the responses to each and every allegation contained in paragraphs 1 through 175 above as fully set forth herein.

201.   Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

202.   Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

203.   Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

204.   Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation. To the extent a response is required, The TTS Defendants deny the allegations contained therein.

## VII.    PRAYER FOR RELIEF

The allegations contained in Plaintiffs' Prayer for Relief, including subparts 1-10, of Plaintiffs' Amended Complaint that pertain to The TTS Defendants are denied. With respect to the remaining allegations contained in Plaintiffs' Prayer for Relief, including subparts 1-10, of Plaintiffs' Amended Complaint, these allegations are not directed to these The TTS Defendants. As such, no response is required by these The TTS Defendants. To the extent that any allegations

contained therein may be construed to be asserted against these The TTS Defendants, the allegation is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims fail to state a claim upon which relief can be granted.

2. Plaintiffs' Amended Complaint fails to state a viable claim against certain TTS Defendants, including Kyle and Kara Woodward, as they were not employed by TTS during the periods where allegedly wrongful conduct occurred.

3. Plaintiffs' Amended Complaint fails to state a viable claim against all the TTS Defendants because the TTS Defendants lacked the requisite knowledge to be held liable for any claim under the TVPA or related statutes.

4. The alleged injuries and damages of the male Plaintiffs cannot be attributed to any conduct by the TTS Defendants as the male Plaintiffs were never present and were not residents at TTS.

5. The alleged injuries and damages of the male Plaintiffs cannot be attributed to any conduct by the TTS Defendants as the male Plaintiffs never had direct contact with any of the TTS Defendants.

6. Plaintiffs do not have standing to claim damages to their parents who are not parties. Alternatively, they are not the real parties in interest to the claims as they relate to representations allegedly made to their parents.

7. Plaintiffs' alleged injuries and damages were not caused by any alleged act or omission of the TTS Defendants.

8. Plaintiffs' claims were proximately caused by unforeseeable, independent or superseding events beyond the control and unrelated to the conduct of the TTS

Defendants. The TTS Defendants' actions and omissions, if any, were superseded by such unforeseeable, independent, intervening and superseding events.

9. If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the First Amended Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom the TTS Defendants are not responsible, and whose conduct the TTS Defendants had no duty or reason to anticipate or control.

10. Plaintiffs' injuries and damages, if any, may have been the result of Plaintiffs' pre-existing condition(s).

11. The injuries or damages sustained Plaintiffs, if any, can be attributable to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each cause of harm sustained, if any.

12. Plaintiffs' claims may be barred or limited by Plaintiffs' contributory negligence or the contributory negligence of their parents.

13. Plaintiffs (individually or through their parents) consented to the treatment program by executing a waiver agreement, which stated that they would perform ranch chores during their stay the ranch.

14. Plaintiffs (individually or through their parents) consented to the treatment program when they reviewed the materials describing the nature and scope of the program – which included the performance of ranch chores – and chose to attend the program.

15. Neither the risk or the harm alleged by Plaintiffs was reasonably foreseeable. To the extent either was foreseeable, Plaintiffs or their parents knowingly and voluntarily assumed such risk.

36

16.     Plaintiffs may have failed to mitigate damages, if any.

17.     Plaintiffs' claims may be barred by a failure to allege consideration and/or or any agreement between the parties to achieve a particular result.

18.     Plaintiffs' claims may be barred by the doctrine of accord and satisfaction.

19.     The TTS Defendants incorporates the defenses of all others who are or may become parties to this action as though fully set forth herein.

20.     Plaintiffs' claims may be barred by the applicable state statute of limitations.

21.     Plaintiffs' claims may be barred or limited, in whole or in part, by express terms, conditions, limitations, exclusions and disclaimers of the pertinent waiver agreements executed prior to their attendance at any treatment program.

22.     This suit may not be properly maintained as a class action because (a) the named Plaintiffs will not fairly and adequately protect the interest of the purported class; (b) the named Plaintiffs counsel advances interests herein of entities and groups other than the purported class; (c) common issues of law and fact do not predominate over individual issues; (d) a class action is not an appropriate method for the fair and efficient adjudication of the matters alleged herein; and (e) the other requirements for maintaining this action as a class action have not been met.

23.     The TTS Defendants incorporate by reference all affirmative defenses pled by other TTS Defendants.

24.     The TTS Defendants respectfully requests the right to amend this Answer in the future to include additional affirmative defenses as discovery reveals facts sufficient to support a well-grounded basis for such defenses.

WHEREFORE, having fully answered the Complaint and all claims for relief set forth therein, The TTS Defendants pray for judgment against Plaintiff and dismissal of all claims with

prejudice. Further, the TTS Defendants pray for such costs and expenses as may be incurred in this action, for expert witness fees, and for such other relief as the Court deems proper.

### A TRIAL TO A JURY OF SIX (6) PERSONS IS DEMANDED.

Respectfully submitted this 14th day of December, 2021

GORDON REES SCULLY MANSUKHANI LLP

*/s/ Thomas B. Quinn*
*/s/ Lillian Alves*
*/s/ Lindsey Romano*
Thomas B. Quinn
Lillian Alves
Lindsey Romano
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Email: tquinn@grsm.com
lalves@grsm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of December, 2021, a true and correct image of the foregoing was e-filed via CM/ECF and served to all attorneys of record according to CM/ECF.

*/s/ Linda Montoya*

For Gordon Rees Scully Mansukhani, LLP

1227162/58442487v.1