Thomas Quinn (WY: #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN**, **ANNA GOZUN**; **AMANDA NASH**; and **ANDREW SCAVUZZO**, and **EHAN JELINEK** on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC,** a Wyoming limited liability corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; DALLY-UP, LLC,** a Wyoming limited liability corporation; and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY,** a Texas corporation;<br><br>Defendants. | Civil Doc. No. 20-CV-215-SWS<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO SEVER** |

## INTRODUCTION

On November 30, 2021, following the submission of motions by all Defendants pursuant to FED. R. CIV. P. 12(b)(6), the Court dismissed all claims and defendants except for the Trafficking Victims Protection Act (TVPA) claims against Trinity Teen Solutions, Dally-Up LLC, the Woodward Defendants (collectively "the TTS defendants") on one hand and Triangle Cross Ranch, the Schneider Defendants (less Daniel Schneider), Society of Our Lady of the Most Holy Trinity (SOLT), and Thomas George[1] (collectively "the TCR Defendants") on the other. [D.E. 163]. The Court further ruled that the claims against SOLT proceed only as to the former TCR residents. The case is currently set for a pretrial conference on January 12, 2022, with discovery to follow. All remaining Defendants make this motion to sever the claims of the former TTS residents from those of the former TCR residents before discovery commences.

## BACKGROUND

Defendants make this motion to sever based on the absence of FED. R. CIV. P. 20(a) requirements, the impediments to trial convenience and case resolution posed by continued misjoinder, and prejudice to the defendants. In its rulings on the FED. R. CIV. P. 12(b)(6) motions (*see e.g.* D.E. 156, p. 4), the Court noted that, as alleged by Plaintiffs, the TTS residents are female while the TCR residents are male. The Court additionally noted that the owners of TTS and TCR are "close family relatives." In analyzing the claims against SOLT, the Court concluded that "Plaintiffs do not allege any connection between forced labor by TTS residents at SOLT's premises or for SOLT's benefit." [D.E. 160, p. 9].

---

[1] Defendant Tom George is named in Count II and III, but not Count I, styled as Civil Action Under Federal Law for Forced Labor

Outside of a family relationship, there are no connections between TTS and TCR. Plaintiffs do not allege, because they cannot, that TTS and TCR have any aspect of ownership, control, finances, employees, or daily operations in common. They do not allege, because they cannot, that TCR plaintiffs labored at TTS or that TTS Plaintiffs labored at TCR. It is undisputed that the two ranches operate different businesses with no patients or residents in common: TCR is a group home for boys and TTS is a residential treatment center for girls. [D.E. 106 ¶¶ 3, 4]. Accordingly, as previously argued by the TTS Defendants, they are subject to different legal requirements by the Wyoming Department of Family Services. [D.E. 123-1, pp. 8-14]. Distance further separates the properties. TCR and TTS are located approximately 12-15 miles from one another in the Powell, Wyoming area. [D.E. 106 ¶¶ 30, 31]. There are no shared property boundaries. The two-lane roads between the respective properties are unpaved in some areas. Depending on where within the respective locations one is traveling, it takes 25-30 minutes to go from one location to the other assuming favorable weather and road conditions, which are not a given in Wyoming. Finally, there is a vast disparity in the ages of the individual defendants and in their legal relationships to one another and their respective businesses, which further distances them from the claims arising at the site of properties unassociated with them.[2]

---

[2] Gerald and Michaeleen Schneider are in their mid to late 70s. They are the parents of Angela Woodward, Mathew Schneider (early 50s), and Mark Schneider (early 50s). Thomas George (mid 50s) is their son-in-law. Angela Woodward and her husband, Jerry Woodward, are in their late 50s. Kyle Woodward is their son. Kyle and Kara Woodward are in their late 20s. Defendant Kara Woodward is not an adult child of the Woodwards. She is the spouse of Kyle Woodward. They were married on August 4, 2018, which post-dates the dates of admission of any named Plaintiff in the case by years. Both Kyle and Kara Woodward reached the age of majority between 11 months and 1 year 8 months before the respective date spans when the named TCR plaintiffs were present at TCR—in other words, while they were both still unmarried college students.

## LEGAL STANDARDS

FED. R. CIV. P. 20(a) sets the requirements for permissive joinder. Plaintiffs may join together if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all plaintiffs will arise in the action. Similarly, defendants may be joined together if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action. The Court has the power to remedy misjoinder of parties pursuant to FED. R. CIV. P. 21. The District of Wyoming has observed that "Rule 20 sets out a two-part test for joinder: (1) whether the claims against defendants arise out of the same transaction or occurrence; and (2) whether there are common questions of law or fact to all defendants." *Energy Drilling, LLC v. Pac. Energy & Mining Co.* 2016 WL 7428013 at *4 (D. Wyo. March 29, 2016) (citation omitted). The Court additionally observed that:

> The purpose of the permissive joinder rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Additionally, courts consider whether joinder would prejudice any party or result in needless delay. Even if the requirements are met, courts must consider whether permissive joinder will comport with the principles of fundamental fairness or cause undue prejudice to any party.

*Id.* (citation and internal punctuation omitted).

## ARGUMENT

"Although the requirements of FED. R. CIV. P. 20(a) are to be interpreted liberally to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding, the requirements of the rule still must

4

be met and constrain the Court's discretion." *Anderson v. NVR, Inc.*, 300 F.R.D. 116, 118 (W.D.N.Y. 2014). In this case, the claims arise from separate transactions and occurrences – the female Plaintiffs allege mistreatment while they attended TTS while the male Plaintiffs allege unrelated mistreatment while they attended TCR. Further, those claims cannot be strung together to make a series and the TCR and TTS Plaintiffs do not offer any fact tying their claims to one another or allege a widespread or systemic pattern. *Cf. Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974) (concluding that plaintiffs asserted a series of transactions or occurrences based on the application of a single company's discriminatory policy to all of them); *Ardolf v. Weber*, 332 F.R.D. 467, 489 (S.D.N.Y. 2019) (permitting joinder of plaintiffs' TVPA claims all brought against a single defendant in part because the defendant's alleged *modus operandi* of fondling models during photography shoots was " the common thread that logically ties all Plaintiffs' claims.")

Following the Court's ruling on the FED. R. CIV. P. 12(b)(6) motions, there are no allegations that remain that the TTS Defendants acted in concert with the TCR Defendants to carry out the respective alleged forced labor violations against former TTS and TCR residents. Because the claims of the TTS Plaintiffs and the TCR Plaintiffs involve separate transactions and occurrences that do not comprise a series, joinder is improper.

Nor are there questions of law and fact that are common to all defendants. Plaintiffs allege that the TCR owners forced the male TCR residents to labor at their group home that is 12-15 miles away from where the TTS owners allegedly forced the female TTS residents to labor at their residential treatment facility. These are distinct alleged violations of the TVPA with no factual overlap between them. The Defendants, staff at the Defendant entities, places and times of the

violations, and the plaintiffs bringing the claims are all different. Evaluation of the TTS claims does not overlap in any way with the evaluation of the TCR claims. Rule 20(a) does not contemplate joinder where an attempt is made to incorporate different parties and entirely different factual and legal issues into one case. *Trail Realty, Inc. v. Beckett*, 462 F.2d 396, 400 (10th Cir. 1972). *Cf Ardolf*, 332 F.R.D. at 481 (observing that "[p]laintiffs identify a deluge of legal and factual questions that are pertinent to Defendant's *modus operandi*, and therefore to all their claims.") It is not enough that both the TTS and TCR Plaintiffs bring TVPA claims. "If it were, joinder would require nothing more than a prosecution based upon the same cause of action or legal theory." *In re Chochos*, 325 B.R. 780, 786 (Bankr.N.D.Ind. 2005). For these additional reasons, joinder is improper.

Even if the Court concludes that the FED. R. CIV. P. 20(a) requirements are present, it should exercise its discretion to grant Defendants' motion because keeping the TTS and TCR claims together does not foster the purposes of joinder. It is highly unlikely that the claims will have witnesses or evidence in common. Indeed, based on the facts alleged in the Complaint, the TCR Plaintiffs will not need to depose the female plaintiffs, seek written discovery from the female plaintiffs (or other females based on their attendance at TTS), or seek depositions from any of the TTS Plaintiffs or their employees. The converse is true for the TTS Plaintiffs.

Further, the Court will have to entertain separate motions for summary judgment with accompanying separate indices and separate motions addressing the propriety of class certification for the various classes and subclasses that will unnecessarily complicate the resolution of those motions. Overall, joinder does not promote trial convenience.

Severing the claims also does not prejudice the plaintiffs. Because of the lack of overlapping facts, Plaintiffs will not have to depose the same witnesses multiple times or be deposed in multiple cases themselves. Nor will they have to make otherwise duplicative discovery efforts e.g. document disclosures or requests or written discovery since the claims do not overlap factually.

In contrast, joinder significantly prejudices the Defendants. Combining the TTS and TCR claims into one case is likely to; (1) deflect the jury's attention away from the merits of each set of individual claims; (2) make trial fundamentally unfair because the evidence that is admissible as to the TCR Plaintiffs' claims is not necessarily admissible or relevant as to the claims of the TTS Plaintiffs nor vice versa, and; (3) confuse the jury because even with limiting instructions it would be difficult to separate the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 660 (M.D. Fla. 2016) (severing the unlawful termination claims of former employees based on the discretionary grounds of prejudice and trial convenience). Additionally, because the TVPA claims require proof of a violation of Chapter 77 of Title 18 of the U.S. Code, all of which are criminal statutes prohibiting peonage, slavery, and trafficking in persons, there is a high risk that evidence offered in support of these violations by family members could be improperly imputed to other family members. The Court's analysis in dismissing the TVPA claims against Fr. Daniel Schneider because "it would be an unreasonable inference to charge Fr. Daniel Schneider with the knowledge required by § 1589(a) solely due to his familiar relationships with others accused of wrongdoing" is instructive here. [D.E. 159, p. 16]. It would be similarly unreasonable to charge defendants with having to defend themselves against claims of wrongdoing made against all the defendants solely

due to their familiar relationships, particularly where, as here, the TCR plaintiffs do not make claims against the TTS defendants nor vice versa.

It will further prejudice Defendants to delay a severance determination until after discovery closes. Specifically, it will significantly increase litigation costs for the Defendants to engage in discovery with double the depositions, documentary production, and written discovery that offer no value in resolving the case.[3] It would also unfairly burden Defendants to proceed into the litigation having to prepare for the improper imputation of evidence against them. This will permeate every aspect of decision-making including early resolution, expert costs and types, the type and contents of future motions to be filed, and the selection of witnesses and exhibits. For all of these reasons, the Court should grant Defendants' motion to sever.

**WHEREFORE** Defendants respectfully request that prior to the commencement of discovery, this Court sever the TTS claims from the TCR claims and separate them into two cases, with the TTS Plaintiffs and TTS Defendants in one case and the TCR Plaintiffs and TCR Defendants in the other. The FED. R. CIV. P. 20(a) requirements that the claims arise out of the same transaction or occurrence and that there are common questions of law or fact to all defendants are absent. Joinder will not facilitate trial convenience or resolution of the claims, instead Defendants are significantly prejudiced by joinder.

Respectfully submitted this 27th day of December, 2021.

/s/ *Thomas B. Quinn*
/s/ *Lillian Alves*
/s/ *Lindsey Romano*
Thomas Quinn (WY: #5-2630)
Lillian L. Alves (Pro Hac Vice)

---

[3] Based on conservative estimates, each case will likely involve at least 15 fact depositions and more than 5000 pages of documents that apply solely to either TTS or TCR Residents.

Lindsey M. Romano (Pro Hac Vice)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Ste. 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

*Attorneys for Defendants Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kyle Woodward, Kara Woodward, and Dally-Up, LLC*

 *s/ Monty L. Barnett*
Monty L. Barnett  WY#6-2694
Keith Olivera
Rachel E. Ryckman
John C. Matthews *(Pro Hac Vice)*
White & Steele PC
600 17th Street, Ste. 600N
Denver, CO 80202
(303) 296-2828
mbarnett@wsteele.com
kolivera@wsteele.com
rryckman@wsteele.com
jmatthews@wsteele.com
***Attorneys for Defendants Triangle Cross Ranch LLC, Gerald Schneider, Michaeleen P. Schneider Mathew Schneider, Mark Schneider, and Thomas George***


 *s/ Jane M. France*
Jane M. France WY# 7-4828
SUNDAHL POWERS KAPP & MARTIN, LLC
2020 Carey Ave, Ste 301
P O Box 328
Cheyenne, WY 82003-0328
jfrance@spkm.org

MaKenna Stoakes *(Pro Hac Vice)*
Patrick J. Sodoro *(Pro Hac Vice)*
Alexis S. Mullaney *(Pro Hac Vice)*
Sodoro Law Group, LLC

9

13924 Gold Circle
(402) 504-9346
Omaha, NE 68144
mstoakes@smllawoffice.com
psodoro@smllawoffice.com
amullaney@smllawoffice.com
***Attorneys for Defendant Society of Our Lady of the Most Holy Trinity***

## CERTIFICATE OF SERVICE

    I certify that on this 27th day of December 2021, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to all attorneys of record.

*/s/ Linda S. Montoya*
For Gordon Rees Scully Mansukhani, LLP