Thomas Quinn (WY:  #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone:  (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN**, **ANNA GOZUN**; **AMANDA NASH**; and **ANDREW SCAVUZZO**, and **EHAN JELINEK** on behalf of themselves and all similarly situated persons,<br><br>       Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC,** a Wyoming limited liability corporation; **GERALD E. SCHNEIDER; MICHAELEEN P. SCHNEIDER; ANGELA C. WOODWARD; JERRY D. WOODWARD; MATHEW SCHNEIDER; MARK SCHNEIDER; KARA WOODWARD; KYLE WOODWARD; THOMAS GEORGE; DALLY-UP, LLC,** a Wyoming limited liability corporation; and the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY,** a Texas corporation;<br><br>       Defendants. | Civil Doc. No. 20-CV-215-SWS<br><br>**DEFENDANTS TRINITY TEEN SOLUTIONS, ANGELA WOODWARD, JERRY WOODWARD, KARA WOODWARD, KYLE WOODWARD AND DALLY-UP, LLC FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Trinity Teen Solutions (TTS), Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally Up, LLC ("TTS Defendants"), by and through their attorneys, pursuant the Fed.R.Civ.P. 15(a)(1)(A) files its amended answer and response to Plaintiffs' First Amended Complaint and Jury Demand ("FAC") as follows:

## I.       NATURE OF THE ACTION

1.       Paragraph 1 of Plaintiffs' FAC contains a general statement concerning human trafficking and the Trafficking Victims Protection Act and not any allegations against the TTS Defendants that require a response.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, they deny each and every allegation in Paragraph 1.

2.       Paragraph 2 of Plaintiffs' FAC contains a general statement concerning the "troubled teen industry" and not any allegations against the TTS Defendants that requires a response.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, they deny each and every allegation in Paragraph 2.

3.       The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 3 and its footnote.

4.       The TTS Defendants admit that Angela Woodward is the daughter of Gerald Schneider.  Defendants deny the remaining allegations in paragraph 4 concerning Angela and Jerry Woodward or the other TTS Defendants.  With respect to the remaining allegations in paragraph 4 of Plaintiff's First Amended Complaint, the TTS Defendants state that these allegations are not directed to the TTS Defendants and according not responsive pleading is required.  To the extent

1

that any allegations contained therein may be construed to be asserted against the TTS Defendants, they deny each and every allegation in Paragraph 4.

5.      The TTS Defendants admit that Exhibit A is a version of the TTS Parent Handbook. The TTS Defendants deny all remaining or inconsistent allegations stated in Paragraph 5.

6.      The TTS Defendants deny the allegations of Paragraph 6.

7.      The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 7.

8.      This paragraph purports to cite to documents and trial transcripts, which materials would speak for themselves and would require no response.  To the extent the quoted material is inconsistent with or contrary to the contents of the documents, it is denied.  The remaining allegations of Paragraph 8, including any characterizations of the contents of that document, are denied.

9.      The allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint pertaining to the TTS Defendants are denied.  With respect to the remaining allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

10.     The allegations contained in Paragraph 10 and its footnote of Plaintiffs' First Amended Complaint pertaining to the TTS Defendants are denied.  With respect to the remaining allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint, these allegations are not directed to these Defendants.  As such, no response is required by these Defendants.  To

the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

11.     The allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint pertaining to the TTS Defendants are denied.  With respect to the remaining allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

12.     The TTS Defendants admit that a document called the *Holy Cowgirl Manual* exists. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 12 that are directed to them.  With respect to the remaining allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

13.     The TTS Defendants deny the allegations of Paragraph 13 and its footnote.

14.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 14.

15.     The TTS Defendants admit that chores and physical exercise were part of its program during the time of the respective admissions of the named TTS Plaintiffs.  This included chores and physical exercise disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its

therapeutic residential treatment center program.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 15 and its footnotes.

16.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 16.

17.     The TTS Defendants admit that mail and telephone communications were subject to monitoring by staff as part of its therapeutic program.  Communications rules were disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS defendants deny all remaining or inconsistent allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint pertaining to the TTS Defendants.  With respect to the remaining allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

18.     The allegations of Paragraph 18 purport to cite to a court case.  The TTS Defendants admit that they filed a defamation lawsuit against certain former TTS residents.  That record stands for itself.  To the extent Paragraph 18 alleges information that is inconsistent or that falls outside of the court record, it is denied as are all remaining or inconsistent allegations of Paragraph 18.

19.     The allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint pertaining to the TTS Defendants are denied.  With respect to the remaining allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint, these allegations are not directed to the

TTS Defendants.  As such, no response is required by these Defendants.  To the extent that any allegations contained therein may be construed to be asserted against these Defendants, the allegations are denied.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

20.    The TTS Defendants admit that the Court has jurisdiction over this matter and deny all remaining or inconsistent allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.    With respect to the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint, TTS admits that it is a corporation organized under the laws of Wyoming, with its principal place of business in Powell, Wyoming and that it is a citizen of Wyoming.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted as to where Plaintiffs are citizens and therefore deny all remaining allegations of Paragraph 21.

22.    The allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint are denied.

23.    The TTS Defendants admit that the venue in the forum is proper and deny the remaining allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

## III.    THE PARTIES AND PERSONAL JURISDICTION

24.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 24.

25.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 25.

26.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 26.

27.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 27.

28.     The TTS Defendants deny the allegations of Paragraph 28.

29.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants deny any remaining allegations of Paragraph 29.

30.     The TTS Defendants admit that TTS is a Wyoming corporation and operates residential treatment center licensed by the Wyoming Department of Family Services, that its principal place of business is 112 Safe Haven, Powell, WY 82435, and that its registered agent is Angela C. Woodward, 64 Safe Haven Rd, Powell, WY 82435.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 30.

31.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 31 and its footnote.

32.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 32 and its footnote.

33.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 33.

34.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 34.

35.     The TTS Defendants state that Angela C. Woodward is an owner of TTS and does not contest service of process.  The TTS Defendants deny all remaining allegations of Paragraph 35.

36.     The TTS Defendants state that Jerry Woodward is an owner of TTS does not contest service of process.  The TTS Defendants deny all remaining allegations of Paragraph 36.

37.     The TTS Defendants admit that Father Daniel Schneider is the son of Gerald Schneider, brother of Angela Woodward, and a monk.  The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.  Lacking sufficient information and belief, the allegations in Paragraph 37 are denied.

38.     The TTS Defendants admit that Mathew Schneider is the son of Gerald Schneider. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.  Lacking sufficient information and belief, the allegations in Paragraph 38 and its footnote are denied.

39.     The TTS Defendants admit that Mark Schneider is the son of Gerald Schneider. The TTS Defendants are without sufficient information upon which to form a belief as to the truth

and accuracy of the remaining allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.  Lacking sufficient information and belief, the allegations in Paragraph 39 are denied.

40.     The TTS Defendants state that Kara Woodward took on a supervisory role at TTS after the respective discharge dates of the named Plaintiffs in this litigation and that she does not contest service of process.  The TTS Defendants deny all remaining allegations of Paragraph 40.

41.     The TTS Defendants state that Kyle Woodward began working at TTS on or about January 2015 and that he does not contest service of process.  The TTS Defendants deny all remaining allegations of Paragraph 41.

42.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 42.

43.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 43.

44.     The TTS Defendants admit that Dally-Up, LLC is a Wyoming limited liability company with its principle place of business at 64 Safe Haven, Powell, WY 82435 and that its registered agent is Jerry Woodward, 89 Road 8RA, Powell, WY 82435 and that Angie Woodward is an owner of TTS.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 44.

45.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 45 and its footnote.

46.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 46.

47.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 47 and its footnote.

48.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 48 and its footnote.

49.     The TTS Defendants admit that this court has jurisdiction over them and the instant claims and otherwise denies the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

## IV.     FACTUAL ALLEGATIONS

50.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 50 and its footnotes.

51.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 51.

52.     The TTS Defendants deny the allegations of Paragraph 52.

53.     The TTS Defendants admit that TTS was incorporated on or about March 26, 2002 and that Angie Woodward operates Heavens Peak Behavioral Services, Inc. whose registered

address is 64 Safe Haven Road, Powell, WY 82435.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 53 and its footnote.

54.     The TTS Defendants admit that Angie and Jerry Woodward are owners of TTS, that the approximate size of the property is 160 acres, and that its address is 64 Safe Haven Road, Powell, WY 82435.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 54.

55.     The TTS Defendants admit that Dally-Up, LLC purchased land from Judith Jefferis in June 2010 and that prior to the purchase they leased land from Judith Jefferis.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 55.

56.     The TTS Defendants deny the allegations of Paragraph 56.

57.     The TTS Defendants deny the allegations in Paragraph 57 and its footnote that pertain to any of the TTS Defendants.  With respect to the remaining allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint, these allegations are not directed the TTS Defendants.  As such, no response is required by the TTS Defendants.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

58.     The TTS Defendants admit that parents may have paid Touchdown, Inc. to transport residents to TTS.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to Touchdown, Inc.'s practices.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 58.

59.     The TTS Defendants admit that it had a level system as part of its therapeutic program.  The remaining allegations contained in Paragraph 59 and footnote of Plaintiffs' First Amended Complaint pertaining to the TTS Defendants are denied.  The TTS Defendants are

without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint. Lacking sufficient information and belief, the remaining allegations in Paragraph 59 are also denied.

60.     The TTS Defendants admits that it had a Ranch Safety Test. The remaining allegations contained in Paragraph 60 Plaintiffs' First Amended Complaint pertaining to the TTS Defendants are denied. The TTS Defendants are without sufficient information upon which to form a belief as to the truth and accuracy of the remaining allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint. Lacking sufficient information and belief, the remaining allegations in Paragraph 60 are also denied.

61.     The TTS Defendants admit that TTS had a Ranch Safety Test and state that they complied with the educational requirements of the Wyoming Department of Family Services for residential treatment centers. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 61.

62.     The TTS Defendants admit that TTS included certain chores in its program. This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 62.

63.     The TTS Defendants admit that TTS included certain chores in its program. This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its

therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 63.

64. The TTS Defendants deny the allegations in Paragraph 64 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

65. The TTS Defendants deny the allegations in Paragraph 65 and its footnote that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

66. The TTS Defendants admit that residents performed occasional cleaning when they attended church as part of their therapeutic program. Chores were disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations in Paragraph 66 that pertain to any of the TTS Defendants. With respect to the remaining allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants. As such, no response is required by the TTS Defendants. To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegation is denied.

67.     The TTS Defendants admit that residents performed occasional light cleaning when they attended church as part of their therapeutic program.  Chores were disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny all remaining or inconsistent allegations in paragraph 66 that pertain to any of the TTS Defendants.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 67.

68.     The TTS Defendants admit that residents performed occasional light cleaning when they attended church as part of their therapeutic program.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 68.

69.     The TTS Defendants deny the allegations of Paragraph 69.

70.     The TTS Defendants deny the allegations of Paragraph 70.

71.     The TTS Defendants admit that residents performed occasional light cleaning when they attended church as part of their therapeutic program.  Chores were disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny all remaining or inconsistent allegations in paragraph 71 that pertain to any of the TTS Defendants.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 71.

72.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 72.

73.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 73.

74.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 74.

75.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 75.

76.     The TTS Defendants admit that Daniel Schneider is a monk, the son of Gerald Schneider, and brother of Angela Woodward.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph and therefore deny each and every remaining allegation in Paragraph 76.

77.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 77.

78.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 78.

79.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 79.

80.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 80.

81.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 81.

82.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 82.

83.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 83.

84.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 84.

85.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 85.

86.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 86.

87.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 87.

88.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 88.

89.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 89.

90.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 90.

91.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 91.

92.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 92.

93.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 93.

94.     The TTS Defendants deny the allegations in Paragraph 94 that pertain to any of the TTS Defendants.  With respect to the remaining allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by the TTS Defendants.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

95.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 95.

96.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 96.

97.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 97.

98.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 98.

99.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 99.

100.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 100.

101.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 101.

102.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 102.

103.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 103.

104.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 104.

105.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 105.

106.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 106.

107.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 107.

108.    The TTS Defendants deny the allegations in Paragraph 108 that pertain to any of the TTS Defendants.  With respect to the remaining allegations contained in Paragraph 108 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by the TTS Defendants.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

109.    The TTS Defendants deny the allegations in Paragraph 109 that pertain to any of the TTS Defendants.  With respect to the remaining allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by the TTS Defendants.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

110.    The TTS Defendants deny the allegations in Paragraph 110 that pertain to any of the TTS Defendants.  With respect to the remaining allegations contained in Paragraph 110 of Plaintiffs' First Amended Complaint, these allegations are not directed to the TTS Defendants.  As such, no response is required by the TTS Defendants.  To the extent that any allegations contained therein may be construed to be asserted against the TTS Defendants, the allegations are denied.

111.    The TTS Defendants admit that Kyle and Kara Woodward became employees of TTS.  TTS states that Kara Woodward is the spouse of Kyle Woodward.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 111.

112.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 112.

113.    The TTS Defendants admit the allegations of Paragraph 113.

114.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores.  This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 114, its subparts, and footnote and specifically deny that that any of the allegations that the chores performed meet the definition of forced labor under the TVPA.

115.    The TTS Defendants deny the allegations of Paragraph 115.

116.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of damages suffered today and therefore denies those allegations. The TTS Defendants deny all remaining allegations of Paragraph 116 and footnotes.

117.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants admit that the Plaintiff would have been required to complete certain chores.  This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny the remaining allegations of Paragraph 117, footnotes, and subparagraphs and specifically deny that

that any of the allegations that the chores performed meet the definition of forced labor or coercion under the TVPA.

118.    The TTS Defendants admit the allegations of Paragraph 118.

119.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores.  This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 119 and footnote and specifically deny that that any of the allegations that the chores performed meet the definition of forced labor under the TVPA.

120.    The TTS Defendants deny the allegations of Paragraph 120.

121.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of damages suffered today and therefore denies those allegations. The TTS Defendants deny all remaining allegations of Paragraph 121.

122.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants admit that the Plaintiff would have been required to complete certain chores.  This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny the remaining allegations of Paragraph 122 and subparagraphs and specifically deny that that any of

the allegations that the chores performed meet the definition of forced labor or coercion under the TVPA.

123.    The TTS Defendants admit the allegations of Paragraph 123.

124.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores. This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 124, subparts and footnotes and specifically deny that that any of the allegations that the chores performed meet the definition of forced labor under the TVPA.

125.    The TTS Defendants deny the allegations of Paragraph 125.

126.    The TTS Defendants admit that the Plaintiff would have been required to complete certain chores. This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program. The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 126 and its footnote.

127.    The TTS Defendants admit that the Plaintiff would have been required to participate in physical exercise and could have been subjected to consequences as part of the therapeutic program. This included exercise and consequences disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the

resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny all remaining or inconsistent allegations of Paragraph 127.

128.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants deny any the remaining allegations of Paragraph 128.

129.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants deny any the remaining allegations of Paragraph 129 and its footnote.

130.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants admit that the Plaintiff would have been required to complete certain chores.  This included chores disclosed in TTS brochures and other materials, discussed in the consent agreements provided to residents and their parents both prior to and during their periods of admission, and disclosed to parents during the course of the resident's stay at TTS as part of its therapeutic residential treatment center program.  The TTS Defendants deny the remaining allegations of Paragraph 130, its subparagraphs, and its footnotes and specifically deny that that any of the allegations that the chores performed meet the definition of forced labor under the TVPA.

131.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 131.

132.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 132.

133.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 133.

134.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 134.

135.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 135 and its subparts.

136.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 136 and its footnote.

137.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 137 and its subparts.

138.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 138.

139.    The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 139 and its footnote.

140.     The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph and therefore deny each and every allegation in Paragraph 140.

141.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations.  The TTS Defendants deny any the remaining allegations of Paragraph 141.

142.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations.  The TTS Defendants deny any the remaining allegations of Paragraph 142.

143.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations.   The TTS Defendants deny any the remaining allegations of Paragraph 143 and footnote.

144.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations.  The TTS Defendants deny any the remaining allegations of Paragraph 144.

145.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the

truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any remaining allegations of Paragraph 145.

146. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations. The TTS Defendants deny any the remaining allegations of Paragraph 146.

147. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny the remaining allegations of Paragraph 147.

148. This allegation is not directed to a party. To the extent it is, the TTS Defendants deny the allegations of Paragraph 148.

### V.   CLASS ACTION ALLEGATIONS

149. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 149.

150. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants deny any remaining allegations of Paragraph 150.

151. To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 151.

152.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 152.

153.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 153 and its sub-parts.

154.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 154 and its sub-parts.

155.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 155.

156.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of counsel's qualifications and therefore denies those allegations.  The TTS Defendants deny any remaining allegations of Paragraph 156.

157.     To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of counsel's qualifications and therefore denies those allegations. The TTS Defendants deny any remaining allegations of Paragraph 157 and sub-parts.

158.     To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 158.

## CAUSES OF ACTION

**COUNT 1 - CIVIL ACTION UNDER FEDERAL LAW FOR FORCED LABOR
18 U.S.C. § 1589(a)
(AGAINST DEFENDANTS TTS, TCR, GERALD SHNEIDER, MICHAELEEN
SCHNEIDER, ANGIE WOODWARD, MARK SHNEIDER, KARA WOODWARD, AND
KYLE WOODWARD)**

159.     The TTS Defendants incorporate by reference the responses to each and every allegation contained in Paragraphs 1 through 158 above as fully set forth herein.

160.     To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 160.

161.     To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 161.

162.     To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the

truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 162.

163.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 163.

164.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 164.

165.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 165.

**COUNT 2 - CIVIL ACTION UNDER FEDERAL LAW FOR FORCED LABOR
18 U.S.C. § 1589(b)
(AGAINST ALL DEFENDANTS)**

166.    The TTS Defendants incorporate by reference the responses to each and every allegation contained in Paragraphs 1 through 165 above as fully set forth herein.

167.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 167.

168.    To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the

truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 168.

169.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 169.

170.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 170.

### COUNT 3 - CIVIL ACTION UNDER FEDERAL LAW FOR TRAFFICKING
### 18 U.S.C. § 1590(a)
### (AGAINST ALL DEFENDANTS)

171.    The TTS Defendants incorporate by reference the responses to each and every allegation contained in Paragraphs 1 through 170 above as fully set forth herein.

172.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 172.

173.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties. The TTS Defendants deny any remaining allegations of Paragraph 173.

174.    To the extent this paragraph includes one or more legal conclusions, no response is required. The TTS Defendants lack knowledge or information sufficient to form a belief as to the

truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 174.

175.     To the extent this paragraph includes one or more legal conclusions, no response is required.  The TTS Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph against other parties and therefore deny allegations directed to other parties.  The TTS Defendants deny any remaining allegations of Paragraph 175.

**COUNT 4 - CIVIL ACTION FOR VIOLATION OF FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. § 1961 ET. SEQ. (AGAINST DEFENDANTS TTS, TCR, GERALD SCHNEIDER, MICHAELEEN P. SCHNEIDER, ANGELA WOODWARD, JERRY D. WOODWARD, DANIEL SCHNEIDER, MATTHEW SCHNEIDER, MARK SCHNEIDER, KARA WOODWARD, KYLE WOODWARD, THOMAS GEORGE, JUDITH JEFFRIES, MONKS OF THE MOST BLESSED VIRIGN MARY OF MOUNT CARMEL and the NEW MOUNT CARMEL FOUNDATION, INC.)**

176.     The TTS Defendants incorporate by reference the responses to each and every allegation contained in Paragraphs 1 through 175 above as fully set forth herein.

177.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

178.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

179.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

180.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

181.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

182.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

183.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

184.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

185.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

186.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

187.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

188.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

189.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

190.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

191.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

192.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

193.    Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

194.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

195.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

196.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

197.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

198.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

199.     Based on the Court's Order dated November 30, 2021, the RICO claim has been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

### COUNT 5 - NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDNAT TRINITY TEEN SOLUTIONS, DALLY-UP, LLC, DIOCESE OF CHEYENNE, AND SOCIETY OF OUR LADY THE MOST HOLY TRINITY)

200.     The TTS Defendants incorporate by reference the responses to each and every allegation contained in Paragraphs 1 through 199 above as fully set forth herein.

201.    Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

202.    Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

203.    Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

204.    Based on the Court's Order dated November 30, 2021, the negligence and negligent infliction of emotional distress claims have been dismissed with prejudice and accordingly no response is required to this allegation.  To the extent a response is required, The TTS Defendants deny the allegations contained therein.

### VII.    PRAYER FOR RELIEF

The allegations contained in Plaintiffs' Prayer for Relief, including subparts 1-10, of Plaintiffs' First Amended Complaint that pertain to The TTS Defendants are denied.  With respect to the remaining allegations contained in Plaintiffs' Prayer for Relief, including subparts 1-10, of Plaintiffs' First Amended Complaint, these allegations are not directed to these The TTS Defendants.  As such, no response is required by these The TTS Defendants.  To the extent that

any allegation contained therein may be construed to be asserted against these The TTS Defendants, the allegation is denied.

## AFFIRMATIVE DEFENSES

The TTS Defendants hereby give notice that they may relay on the following defenses in opposing the First amended Complaint.  By listing such defenses, the TTS Defendants do not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses under applicable law.  In addition, by listing its defenses (here or in other pleadings), the TTS Defendants do not waive their right to present any defense that is not required to be identified by Answer or otherwise.  All allegations in the First Amended Complaint that are not expressly admitted above are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      The TTS Defendants conducted their operations in reasonable reliance upon a grant of authority from the Wyoming Department of Family Services (DFS).

## THIRD AFFIRMATIVE DEFENSE

3.      The TVPA causes of action are unconstitutionally vague as applied to the TTS Defendants.  For the entire period of the claims, TTS maintained DFS certification as a residential treatment center, including the chores, exercise, and discipline features of its program. This oversight includes regular announced and unannounced visits to TTS and records review both of individual residents and Trinity's practices and procedures. DFS has specifically received the same or similar complaints about the TTS program that are alleged by the Plaintiffs in this

case and found the complaints to be unfounded. DFS has found that TTS has been sufficiently compliant with Wyoming state regulations to maintain its certification for the entire claims period of this case. The TTS Defendants are already subject to a legal framework with which they were compliant and relied on the continued certification and communications with DFS in ascertaining whether their conduct may be considered a violation of the law, in this case, a federal criminal statute. The application of the TVPA statutes to programmatic features that are authorized by the state of Wyoming, is, accordingly unconstitutionally vague as applied to the TTS Defendants in violation of U.S. Const. amend. V which requires that laws give fair notice of what conduct is required or proscribed.

## FOURTH AFFIRMATIVE DEFENSE

4.   Section 1595(a) of Title 18 impairs the right of the state of Wyoming to regulate residential treatment centers pursuant to Wyo. Stat. Ann. §§ 9-2-2101, 14-4-101 *et seq*, and DFS regulations, thereby contravening the Tenth Amendment's reservation to the states of powers not delegated to the United States. U.S. Const. amend. X. For the entire period of the claims, TTS maintained DFS certification as a residential treatment center, including the chores, exercise, and discipline features of its program. This oversight includes regular announced and unannounced visits to TTS and records review both of individual residents and Trinity's practices and procedures. DFS has specifically received the same or similar complaints about the TTS program that are alleged by the Plaintiffs in this case and found the complaints to be unfounded. DFS has found that TTS has been sufficiently compliant with Wyoming state regulations to maintain its certification for the entire claims period

of this case. Section 1595(a)'s allowance of civil suits for alleged violations of federal law stemming from programmatic features of a residential treatment program allowed and regulated by Wyoming violates the Tenth Amendment.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiffs' First Amended Complaint fails to state a viable claim against certain TTS Defendants, including Kyle and Kara Woodward, as they were not employed by TTS during the periods where allegedly wrongful conduct occurred.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiffs' First Amended Complaint fails to state a viable claim against all the TTS Defendants because the TTS Defendants lacked the requisite knowledge to be held liable for any claim under the TVPA or related statutes.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The alleged injuries and damages of the male Plaintiffs cannot be attributed to any conduct by the TTS Defendants as the male Plaintiffs were never present and were not residents at TTS.   Further, the alleged injuries and damages of the male Plaintiffs cannot be attributed to any conduct by the TTS Defendants as the male Plaintiffs never had direct contact with any of the TTS Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiffs do not have standing to claim damages to their parents who are not parties. Alternatively, they are not the real parties in interest to the claims as they relate to representations allegedly made to their parents.

## NINTH AFFIRMATIVE DEFENSE

9.      The real parties in interest, Plaintiffs' parents, have not incurred damages and any

claimed damages are purely speculative.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' alleged injuries and damages or those of their parents were not caused

by any alleged act or omission of the TTS Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims were proximately caused by unforeseeable, independent or

superseding events beyond the control and unrelated to the conduct of the TTS

Defendants.  The TTS Defendants' actions and omissions, if any, were superseded

by such unforeseeable, independent, intervening and superseding events.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Neither the risk nor the harm alleged by Plaintiffs was reasonably foreseeable.  To

the extent either was foreseeable, Plaintiffs or others knowingly and voluntarily

assumed such risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the

First Amended Complaint, the same were caused in whole or in part by acts or

omissions of another or others over whom the TTS Defendants are not responsible,

and whose conduct the TTS Defendants had no duty or reason to anticipate or

control.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The injuries or damages sustained Plaintiffs, if any, can be attributable to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each cause of harm sustained, if any.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    Plaintiffs' claims may be barred or limited by Plaintiffs' contributory negligence or the contributory negligence of others.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.    Plaintiffs' injuries and damages, if any, may have been the result of Plaintiffs' pre-existing condition(s).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.    Plaintiffs (individually or through their parents) consented to the treatment program by executing a waiver agreement and other admission documents, which stated that they would perform chores during their stay the ranch.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.    Plaintiffs (individually or through their parents) consented to the treatment program when they reviewed the materials describing the nature and scope of the program – which included the performance of chores – and chose to attend the program.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.    Plaintiffs (individually or through their parents) consented to the treatment program when they participated in weekly therapy, including family sessions, engaged in communications between residents and their parents as facilitated by TTS, and engaged in other communications between TTS staff and parents, and chose to remain in the program.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The allegations in the First Amended Complaint are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, acquiescence, payment, and/or laches.   Plaintiffs and others failed to avail themselves of the patient grievance process.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Plaintiffs or others may have failed to mitigate damages, if any.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Plaintiffs' claims may be barred by a failure to allege consideration and/or or any agreement between the parties to achieve a particular result.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     Plaintiffs' claims are barred by the doctrine of accord and satisfaction and/or ratification.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Plaintiffs' claims may be barred by the applicable state statute of limitations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.     Plaintiffs' claims may be barred or limited, in whole or in part, by express terms, conditions, limitations, exclusions and disclaimers of the pertinent waiver agreements executed prior to their attendance at any treatment program.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.     This suit may not be properly maintained as a class action because (a) the named Plaintiffs will not fairly and adequately protect the interest of the purported class; (b) the named Plaintiffs counsel advances interests herein of entities and groups

other than the purported class; (c) common issues of law and fact do not predominate over individual issues; (d) a class action is not an appropriate method for the fair and efficient adjudication of the matters alleged herein; and (e) the other requirements for maintaining this action as a class action have not been met.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27.     Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions, if any were not committed by agents or employees of the TTS Defendants, or, alternatively, were not committed within the scope of employment or authority conferred by the TTS Defendants nor subsequently ratified by the TTS Defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     The First Amended Complaint fails to establish that any TTS Defendant acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

*************

29.     The TTS Defendants incorporate by reference all affirmative defenses pled by other TTS Defendants.

30.     The TTS Defendants incorporates the defenses of all others who are or may become parties to this action as though fully set forth herein.

31.     The TTS Defendants respectfully requests the right to amend this Answer in the future to include additional affirmative defenses as discovery reveals facts sufficient to support a well-grounded basis for such defenses.

WHEREFORE, having fully answered the Complaint and all claims for relief set forth therein, The TTS Defendants pray for judgment against Plaintiff and dismissal of all claims with prejudice.  Further, the TTS Defendants pray for such costs and expenses as may be incurred in this action, for expert witness fees, and for such other relief as the Court deems proper.

**A TRIAL TO A JURY OF SIX (6) PERSONS IS DEMANDED.**

Respectfully submitted this 3rd day of January, 2022.

**GORDON REES SCULLY MANSUKHANI LLP**

*/s/ Thomas B. Quinn*
*/s/ Lillian Alves*
*/s/ Lindsey Romano*
Thomas B. Quinn
Lillian Alves
Lindsey Romano
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Email: tquinn@grsm.com
        lalves@grsm.com
        lromano@grsm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 3rd day of January, 2022, a true and correct image of the foregoing was e-filed via CM/ECF and served to all attorneys of record according to CM/ECF.

<u>/s/ Linda S. Montoya</u>
For Gordon Rees Scully Mansukhani, LLP
