IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **CARLIE SHERMAN, ANNA GOZUN, AMANDA NASH**, and **JOHN DOE** on behalf of themselves and all similarly situated persons, | ) ) ) ) | |
| PLAINTIFFS, | ) ) | **Case No. 20-CV-215-S** |
| v. | ) ) | |
| **TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **TRIANGLE CROSS RANCH, LLC**, a Wyoming limited liability corporation; **GERALD E. SCHNEIDER**; **MICHAELEEN P. SCHNEIDER**; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD**; **MATHEW SCHNEIDER**; **MARK SCHNEIDER**; **KARA WOODWARD**; **KYLE WOODWARD**; **THOMAS GEORGE**; **DALLY-UP, LLC, a Wyoming Limited liability company; and** the **SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY**, a Texas corporation; DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT SOLT'S FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

COMES NOW Defendant, Society of Our Lady of the Most Holy Trinity ("SOLT"), and hereby submits its Answer to Plaintiffs' First Amended Complaint. In support of its Answer, hereby states the following:

1. Paragraph 1 of Plaintiffs' First Amended Complaint does not contain any factual allegations specific to any party. To the extent an answer is required, SOLT denies the same.

2. Paragraph 2 of Plaintiffs' First Amended Complaint does not contain any factual allegations specific to any party. To the extent an answer is required, SOLT denies the same.

3. SOLT has no knowledge of the allegations in paragraph 3 of Plaintiffs' First Amended Complaint, including footnote 1, and therefore must deny the same.

4. SOLT has no knowledge of the allegations in paragraph 4 of Plaintiffs' First Amended Complaint and must therefore deny the same.

5. SOLT has no knowledge of the allegations in paragraph 5 of Plaintiffs' First Amended Complaint and must therefore deny the same.

6. SOLT has no knowledge of the allegations in paragraph 6 of Plaintiffs' First Amended Complaint and must therefore deny the same.

7. SOLT has no knowledge of the allegations in paragraph 7 of Plaintiffs' First Amended Complaint and must therefore deny the same.

8. SOLT has no knowledge of the allegations in paragraph 8 of Plaintiffs' First Amended Complaint and must therefore deny the same.

9. SOLT has no knowledge of the allegations in paragraph 9 of Plaintiffs' First Amended Complaint and must therefore deny the same.

10. SOLT has no knowledge of the allegations in paragraph 10 of Plaintiffs' First Amended Complaint, including footnote 2, and must therefore deny the same.

11. SOLT has no knowledge of the allegations in paragraph 11 of Plaintiffs' First Amended Complaint and must therefore deny the same.

12. SOLT has no knowledge of the allegations in paragraph 12 of Plaintiffs' First Amended Complaint and must therefore deny the same.

13. SOLT has no knowledge of the allegations in paragraph 13 of Plaintiffs' First Amended Complaint, including footnote 3, and must therefore deny the same.

14. SOLT has no knowledge of the allegations in paragraph 14 of Plaintiffs' First Amended Complaint and must therefore deny the same.

15. SOLT has no knowledge of the allegations in paragraph 15, including footnotes 4 and 5, of Plaintiffs' First Amended Complaint and must therefore deny the same.

16. SOLT has no knowledge of the allegations in paragraph 16 of Plaintiffs' First Amended Complaint and must therefore deny the same.

17. SOLT has no knowledge of the allegations in paragraph 17 of Plaintiffs' First Amended Complaint and must therefore deny the same.

18. SOLT has no knowledge of the allegations in paragraph 18 of Plaintiffs' First Amended Complaint and must therefore deny the same.

19. SOLT denies that it profited or knowingly benefitted, financially or through the receipt of free labor, from participation in venture which it knew or should have known was unlawful. SOLT has no knowledge of the remainder of the allegations in paragraph 19 of Plaintiff's First Amended Complaint and therefore must deny the same.

20. SOLT admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (a) on the grounds that the claims asserted fall within the Trafficking Victims Protection Reauthorization Act (18 U.S.C. §§ 1589 *et seq*.). SOLT denies the remainder of the allegations in paragraph 20 of Plaintiffs' First Amended Complaint as Plaintiffs' claims under the Racketeer Influences and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq*.) was dismissed pursuant to this Court's order on November 30, 2021. (Doc. No. 157, 158)

21. SOLT denies the allegations in paragraph 21 of Plaintiffs' First Amended Complaint as Plaintiffs' state law claims were dismissed pursuant to the Court's order on November 30, 2021. (Doc. No. 157, 158, 160)

22. SOLT has no knowledge of the allegations in paragraph 22 of Plaintiffs' First Amended Complaint and must therefore deny the same.

23. SOLT has no knowledge of the allegations in paragraph 23 of Plaintiffs' First Amended Complaint and must therefore deny the same.

24. SOLT has no knowledge of the allegations in paragraph 24 of Plaintiffs' First Amended Complaint and must therefore deny the same.

25. SOLT has no knowledge of the allegations in paragraph 25 of Plaintiffs' First Amended Complaint and must therefore deny the same.

26. SOLT has no knowledge of the allegations in paragraph 26 of Plaintiffs' First Amended Complaint and must therefore deny the same.

27. SOLT has no knowledge of the allegations in paragraph 27 of Plaintiffs' First Amended Complaint and must therefore deny the same.

28. SOLT has no knowledge of the allegations in paragraph 28 of Plaintiffs' First Amended Complaint and must therefore deny the same.

29. SOLT has no knowledge of the allegations in paragraph 29 of Plaintiffs' First Amended Complaint and must therefore deny the same.

30. SOLT has no knowledge of the allegations in paragraph 30 of Plaintiffs' First Amended Complaint and must therefore deny the same.

31. SOLT has no knowledge of the allegations in paragraph 31, including footnote 6, of Plaintiffs' First Amended Complaint and must therefore deny the same.

32. Paragraph 32 of the First Amended Complaint does not require a response as this Court dismissed Defendant Monks of the Most Blessed Virgin Mary of Mount Carmel on November 30, 2021. (Doc. No. 159) To the extent paragraph 32, including footnote 7, of

Plaintiffs' First Amended Complaint requires a response, SOLT lacks knowledge and must therefore deny the same.

33. SOLT has no knowledge of the allegations in paragraph 33 of Plaintiffs' First Amended Complaint and must therefore deny the same.

34. SOLT has no knowledge of the allegations in paragraph 34 of Plaintiffs' First Amended Complaint and must therefore deny the same.

35. SOLT has no knowledge of the allegations in paragraph 35 of Plaintiffs' First Amended Complaint and must therefore deny the same.

36. SOLT has no knowledge of the allegations in paragraph 36 of Plaintiffs' First Amended Complaint and must therefore deny the same.

37. Paragraph 37 of Plaintiffs' First Amended Complaint requires no response as Defendant Father Daniel Schneider was dismissed by this Court on November 30, 2021. (Doc. No. 159) To the extent paragraph 37 requires a response, SOLT lacks knowledge and therefore must deny the same.

38. SOLT has no knowledge of the allegations in paragraph 38, including footnote 8, of Plaintiffs' First Amended Complaint and must therefore deny the same.

39. SOLT has no knowledge of the allegations in paragraph 39 of Plaintiffs' First Amended Complaint and must therefore deny the same.

40. SOLT has no knowledge of the allegations in paragraph 40 of Plaintiffs' First Amended Complaint and must therefore deny the same.

41. SOLT has no knowledge of the allegations in paragraph 41 of Plaintiffs' First Amended Complaint and must therefore deny the same.

42. SOLT has no knowledge of the allegations in paragraph 42 of Plaintiffs' First Amended Complaint and must therefore deny the same.

43. Paragraph 43 of Plaintiffs' First Amended Complaint requires no response as Defendant Judith Jefferies was dismissed by this Court on November 30, 2021. (Doc. No. 161) To the extent paragraph 43 requires a response, SOLT lacks knowledge and therefore must deny the same.

44. SOLT has no knowledge of the allegations in paragraph 44 of Plaintiffs' First Amended Complaint and must therefore deny the same.

45. Paragraph 45 of Plaintiffs' First Amended Complaint requires no response as Defendant Rock Creek Ranch, Inc. was dismissed by this Court on November 30, 2021. (Doc. No. 161) To the extent paragraph 45, including footnote 9, requires a response, SOLT lacks knowledge and therefore must deny the same.

46. Paragraph 46 of Plaintiffs' First Amended Complaint requires no response as Defendant Diocese of Cheyenne was dismissed by this Court on November 30, 2021. (Doc. No. 162) To the extent paragraph 46 requires a response, SOLT lacks knowledge and therefore must deny the same.

47. SOLT admits the allegations in paragraph 47.

48. Paragraph 48 of Plaintiffs' First Amended Complaint requires no response as Defendant New Mount Carmel Foundation, Inc. was dismissed by this Court on November 30, 2021. (Doc. No. 159) To the extent paragraph 48, including footnote 11, requires a response, SOLT lacks knowledge and therefore must deny the same.

49. Answering only for itself, SOLT admits the allegations in paragraph 49.

50. SOLT has no knowledge of the allegations in paragraph 50, including footnotes 12-14, of Plaintiffs' First Amended Complaint and must therefore deny the same.

51. SOLT denies the allegations in paragraph 51 of Plaintiffs' First Amended Complaint.

52. SOLT has no knowledge of the allegations in paragraph 52 of Plaintiffs' First Amended Complaint and must therefore deny the same.

53. SOLT has no knowledge of the allegations in paragraph 53, including footnote 15, of Plaintiffs' First Amended Complaint and must therefore deny the same.

54. SOLT has no knowledge of the allegations in paragraph 54 of Plaintiffs' First Amended Complaint and must therefore deny the same.

55. SOLT has no knowledge of the allegations in paragraph 55 of Plaintiffs' First Amended Complaint and must therefore deny the same.

56. SOLT has no knowledge of the allegations in paragraph 56 of Plaintiffs' First Amended Complaint and must therefore deny the same.

57. SOLT has no knowledge of the allegations in paragraph 57, including footnote 16, of Plaintiffs' First Amended Complaint and must therefore deny the same.

58. SOLT has no knowledge of the allegations in paragraph 58 of Plaintiffs' First Amended Complaint and must therefore deny the same.

59. SOLT has no knowledge of the allegations in paragraph 59, including footnote 17, of Plaintiffs' First Amended Complaint and must therefore deny the same.

60. SOLT denies the allegations in paragraph 60 as it relates to forced labor for SOLT. SOLT lacks knowledge with respect to the remainder of the allegations and must therefore deny the same.

61. SOLT has no knowledge of the allegations in paragraph 61, including footnote 18, of Plaintiffs' First Amended Complaint and must therefore deny the same.

62. SOLT has no knowledge of the allegations in paragraph 62, including footnote 19, of Plaintiffs' First Amended Complaint and must therefore deny the same.

63. SOLT has no knowledge of the allegations in paragraph 63 of Plaintiffs' First Amended Complaint and must therefore deny the same.

64. SOLT has no knowledge of the allegations in paragraph 64 of Plaintiffs' First Amended Complaint and must therefore deny the same.

65. SOLT denies the allegations in paragraph 65 of the First Amended Complaint as it relates to any alleged work performed for SOLT. SOLT lacks knowledge as to the remainder of the claims, including those included in footnote 20, and must therefore deny the same.

66. With respect to Plaintiffs related to TTS, paragraph 66 requires no response as allegations against SOLT by Plaintiffs related to TTS are dismissed pursuant to the Court's order on November 30, 2021. (Doc. No. 157) To the extent the paragraph requires a response relative to the Plaintiffs related to TTS, SOLT lacks knowledge and must deny the same. With respect to Plaintiffs related to TCR, SOLT denies the allegations in paragraph 66.

67. SOLT has no knowledge of the allegations in paragraph 67 of Plaintiffs' First Amended Complaint and must therefore deny the same.

68. SOLT has no knowledge of the allegations in paragraph 68 of Plaintiffs' First Amended Complaint and must therefore deny the same.

69. SOLT has no knowledge of the allegations in paragraph 69 of Plaintiffs' First Amended Complaint and must therefore deny the same.

70. SOLT has no knowledge of the allegations in paragraph 70 of Plaintiffs' First Amended Complaint and must therefore deny the same.

71. SOLT has no knowledge of the allegations in paragraph 71 of Plaintiffs' First Amended Complaint and must therefore deny the same.

72. SOLT has no knowledge of the allegations in paragraph 72 of Plaintiffs' First Amended Complaint and must therefore deny the same.

73. SOLT has no knowledge of the allegations in paragraph 73 of Plaintiffs' First Amended Complaint and must therefore deny the same.

74. SOLT has no knowledge of the allegations in paragraph 74 of Plaintiffs' First Amended Complaint and must therefore deny the same.

75. SOLT has no knowledge of the allegations in paragraph 75 of Plaintiffs' First Amended Complaint and must therefore deny the same.

76. SOLT has no knowledge of the allegations in paragraph 76 of Plaintiffs' First Amended Complaint and must therefore deny the same.

77. SOLT has no knowledge of the allegations in paragraph 77 of Plaintiffs' First Amended Complaint and must therefore deny the same.

78. SOLT has no knowledge of the allegations in paragraph 78 of Plaintiffs' First Amended Complaint and must therefore deny the same.

79. SOLT has no knowledge of the allegations in paragraph 79 of Plaintiffs' First Amended Complaint and must therefore deny the same.

80. Paragraph 80 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

81. Paragraph 81 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

82. Paragraph 82 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

83. Paragraph 83 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

84. Paragraph 84 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

85. Paragraph 85 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

86. Paragraph 86 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

87. Paragraph 87 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

88. Paragraph 88 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

89. Paragraph 89 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) SOLT has no knowledge of the allegations in paragraph 89 of the Plaintiffs' First Amended Complaint and therefore must deny the same.

90. Paragraph 90 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

91. Paragraph 91 requires no response as this Court dismissed Defendant New Mount Carmel Foundation and Defendant Monks of the Most Blessed Virgin Mary of Mount Carmel on November 30, 2021. (Doc. No. 159) SOLT has no knowledge of the allegations in paragraph 91 of Plaintiffs' First Amended Complaint and must therefore deny the same.

92. Paragraph 92 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

93. Paragraph 93 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

94. SOLT denies the allegations in paragraph 94 of Plaintiffs' First Amended Complaint and must therefore deny the same.

95. Paragraph 95 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

96. Paragraph 96 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

97. Paragraph 97 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

98. Paragraph 98 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

99. Paragraph 99 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

100. Paragraph 100 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

101. Paragraph 101 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

102. Paragraph 102 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

103. Paragraph 103 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

104. Paragraph 104 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

105. Paragraph 105 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

106. Paragraph 106 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

107. Paragraph 107 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

108. Paragraph 108 requires no response as this Court dismissed Defendant New Mount Carmel Foundation on November 30, 2021. (Doc. No. 159) To the extent a response is required, SOLT lacks knowledge and must deny the same.

109. SOLT has no knowledge of the allegations in paragraph 109 in Plaintiffs' First Amended Complaint and hereby denies the same.

110. SOLT has no knowledge of the allegations in paragraph 110 in Plaintiffs' First Amended Complaint and hereby denies the same.

111. SOLT has no knowledge of the allegations in paragraph 111 in Plaintiffs' First Amended Complaint and hereby denies the same.

112. SOLT has no knowledge of the allegations in paragraph 112 in Plaintiffs' First Amended Complaint and hereby denies the same.

113. SOLT has no knowledge of the allegations in paragraph 113 in Plaintiffs' First Amended Complaint and hereby denies the same.

114. SOLT has no knowledge of the allegations in paragraph 114, including footnote 21 and subparts (a)-(r), in Plaintiffs' First Amended Complaint and hereby denies the same.

115. SOLT has no knowledge of the allegations in paragraph 115 in Plaintiffs' First Amended Complaint and hereby denies the same.

116. SOLT has no knowledge of the allegations in paragraph 116, including footnotes 22-23, in Plaintiffs' First Amended Complaint and hereby denies the same.

117. SOLT has no knowledge of the allegations in paragraph 117, including footnotes 24-25 and subparts (a)-(j), in Plaintiffs' First Amended Complaint and hereby denies the same.

118. SOLT has no knowledge of the allegations in paragraph 118 in Plaintiffs' First Amended Complaint and hereby denies the same.

119. SOLT has no knowledge of the allegations in paragraph 119, including footnote 26, in Plaintiffs' First Amended Complaint and hereby denies the same.

120. SOLT has no knowledge of the allegations in paragraph 120 in Plaintiffs' First Amended Complaint and hereby denies the same.

121. SOLT has no knowledge of the allegations in paragraph 121 in Plaintiffs' First Amended Complaint and hereby denies the same.

122. SOLT has no knowledge of the allegations in paragraph 122, including subparts (a)-(i) in Plaintiffs' First Amended Complaint and hereby denies the same.

123. SOLT has no knowledge of the allegations in paragraph 123 in Plaintiffs' First Amended Complaint and hereby denies the same.

124. SOLT has no knowledge of the allegations in paragraph 124, including footnotes 27-29 and subparts (a)-(g), in Plaintiffs' First Amended Complaint and hereby denies the same.

125. SOLT has no knowledge of the allegations in paragraph 125 in Plaintiffs' First Amended Complaint and hereby denies the same.

126. SOLT has no knowledge of the allegations in paragraph 126, including footnote 30, in Plaintiffs' First Amended Complaint and hereby denies the same.

127. SOLT has no knowledge of the allegations in paragraph 127 in Plaintiffs' First Amended Complaint and hereby denies the same.

128. SOLT has no knowledge of the allegations in paragraph 128 in Plaintiffs' First Amended Complaint and hereby denies the same.

129. SOLT has no knowledge of the allegations in paragraph 129, including footnote 31, in Plaintiffs' First Amended Complaint and hereby denies the same.

130. SOLT has no knowledge of the allegations in paragraph 130, including footnotes 32-33 and subparts (a)-(i), in Plaintiffs' First Amended Complaint and hereby denies the same.

131. SOLT has no knowledge of the allegations in paragraph 131 in Plaintiffs' First Amended Complaint and hereby denies the same.

132. SOLT has no knowledge of the allegations in paragraph 132, including subparts (a)-(i), in Plaintiffs' First Amended Complaint and hereby denies the same.

133. SOLT has no knowledge of the allegations in paragraph 133 in Plaintiffs' First Amended Complaint and hereby denies the same.

134. SOLT has no knowledge of the allegations in paragraph 134 in Plaintiffs' First Amended Complaint and hereby denies the same.

135. SOLT has no knowledge of the allegations in paragraph 135, including subparts (a)-(h), in Plaintiffs' First Amended Complaint and hereby denies the same.

136. SOLT has no knowledge of the allegations in paragraph 136, including footnote 34, in Plaintiffs' First Amended Complaint and hereby denies the same.

137. SOLT has no knowledge of the allegations in paragraph 137, including subparts (a)-(i) in Plaintiffs' First Amended Complaint and hereby denies the same.

138. SOLT has no knowledge of the allegations in paragraph 138 in Plaintiffs' First Amended Complaint and hereby denies the same.

139. SOLT has no knowledge of the allegations in paragraph 139, including footnote 35, in Plaintiffs' First Amended Complaint and hereby denies the same.

140. SOLT has no knowledge of the allegations in paragraph 140, including footnotes 36-38 and subparts (a)-(g), in Plaintiffs' First Amended Complaint and hereby denies the same.

141. SOLT denies the allegations in paragraph 141.

142. SOLT denies the allegations in paragraph 142.

143. SOLT denies the allegations in paragraph 143, including footnote 39.

144. SOLT denies the allegations in paragraph 144.

145. SOLT denies the allegations in paragraph 145.

146. SOLT denies the allegations in paragraph 146.

147. SOLT denies the allegations in paragraph 147.

148. Answering Paragraph 148, no response is necessary, but if one is deemed necessary, SOLT denies the allegations in paragraph 148.

149. Answering Paragraph 149, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

150. Answering Paragraph 150, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

151. Answering Paragraph 151, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

152. Answering Paragraph 152, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

153. Answering Paragraph 153, including subparts (i)-(viii), SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

154. Answering Paragraph 154, including subparts (i)-(vi), SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

155. Answering Paragraph 155, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

156. Answering Paragraph 156, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

157. Answering Paragraph 157, including subparts (a)-(c), SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

158. Answering Paragraph 158, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

159. Paragraph 159 of Plaintiffs' First Amended Complaint does not contain any allegations, and Defendant incorporates its responses to Paragraphs 1-158 herein.

160. Answering Paragraph 160, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

161. SOLT denies the allegations in paragraph 161 in Plaintiffs' First Amended Complaint.

162. SOLT denies the allegations in paragraph 162 in Plaintiffs' First Amended Complaint.

163. SOLT denies the allegations in paragraph 163 in Plaintiffs' First Amended Complaint.

164. SOLT denies the allegations in paragraph 164 in Plaintiffs' First Amended Complaint.

165. SOLT denies the allegations in paragraph 165 in Plaintiffs' First Amended Complaint.

166. Paragraph 166 in Plaintiffs' First Amended Complaint does not contain any allegations, and Defendant incorporates its responses to Paragraphs 1-165 herein.

167. Answering Paragraph 167, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

168. SOLT denies the allegations in paragraph 168 in Plaintiffs' First Amended Complaint.

169. SOLT denies the allegations in paragraph 169 in Plaintiffs' First Amended Complaint.

170. SOLT denies the allegations in paragraph 170 in Plaintiffs' First Amended Complaint.

171. Paragraph 171 in Plaintiffs' First Amended Complaint does not provide any allegations, and Defendant incorporates its responses to Paragraphs 1-170 herein.

172. Answering Paragraph 172, SOLT states these allegations are not of fact but are a summary statement of legal principles, and deny that the legal principles are fully or accurately set out therein.

173. SOLT denies the allegations in paragraph 173 in Plaintiffs' First Amended Complaint.

174. SOLT denies the allegations in paragraph 174 in Plaintiffs' First Amended Complaint.

175. SOLT denies the allegations in paragraph 175 in Plaintiffs' First Amended Complaint.

176. Paragraph 176 in Plaintiffs' First Amended Complaint does not contain any new allegations, and Defendant incorporates its responses to Paragraphs 1-175 herein.

177. Paragraph 177 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

178. Paragraph 178 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

179. Paragraph 179 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

180. Paragraph 180 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

181. Paragraph 181 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

182. Paragraph 182 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

183. Paragraph 183 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

184. Paragraph 184 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

185. Paragraph 185 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

186. Paragraph 186 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

187. Paragraph 187 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

188. Paragraph 188 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

189. Paragraph 189 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

190. Paragraph 190 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

191. Paragraph 191 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

192. Paragraph 192 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

193. Paragraph 193 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

194. Paragraph 194 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

195. Paragraph 195 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

196. Paragraph 196 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

197. Paragraph 197 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

198. Paragraph 198 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

199. Paragraph 199 requires no response as Plaintiffs' Count 4 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 158) To the extent this paragraph requires a response, SOLT denies the allegations therein.

200. Paragraph 200 of Plaintiffs' First Amended Complaint contains no allegations, and Defendant incorporates its responses to Paragraphs 1-199 herein.

201. Paragraph 201 requires no response as Plaintiffs' Count 5 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 160) To the extent this paragraph requires a response, SOLT denies the allegations therein.

202. Paragraph 202 requires no response as Plaintiffs' Count 5 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 160) To the extent this paragraph requires a response, SOLT denies the allegations therein.

203. Paragraph 203 requires no response as Plaintiffs' Count 5 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 160) To the extent this paragraph requires a response, SOLT denies the allegations therein.

204. Paragraph 204 requires no response as Plaintiffs' Count 5 in Plaintiffs' First Amended Complaint was dismissed by this Court on November 30, 2021. (Doc. No. 157, 160) To the extent this paragraph requires a response, SOLT denies the allegations therein.

## AFFIRMATIVE DEFENSES

205. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

206. Plaintiffs failed to mitigate their damages.

207. Plaintiffs' damages, in whole or in part, were caused by Plaintiffs' own actions or actions of third parties over which SOLT had no control and for which SOLT is not responsible.

208. Plaintiffs' claims may be barred by applicable statutes of limitation.

209. No acts or omissions by SOLT were the proximate cause of Plaintiffs' alleged damage or loss.

210. Plaintiffs may not be the real party in interest to some or all of the claim in question as Plaintiff's parents may have paid treatment fees.

211. Plaintiffs, individually or through their parents, consented to the work alleged by executing a waiver agreement.

212. SOLT incorporates by reference all affirmative defenses pled by other Defendants.

213. SOLT reserves the right to amend its Answer to assert additional affirmative defenses.

## JURY DEMAND

SOLT demands a trial by jury on all issues so triable.

WHEREFORE, having answered Plaintiffs' First Amended Complaint in full, SOLT respectfully requests that this Court dismiss Plaintiffs' First Amended Complaint with prejudice.

Dated this 4th day of January, 2021.

SOCIETY OF OUR LADY OF THE MOST HOLY TRINITY, Defendant,

By: _____ /s/ Jane M. France _____
Jane M. France WSB #7-4828
Sundahl, Powers, Kapp & Martin, LLC
2020 Carey Ave, Ste 301
P.O. Box 328
Cheyenne, WY 82001
(307) 632-6421 (office)
(307) 632-7216 (fax)
jfrance@spkm.org
*Attorney for Defendant Society of Our Lady of the Most Holy Trinity*

By: _____ /s/MaKenna J. Stoakes _____
Patrick J. Sodoro, *appearing pro hac vice*

MaKenna J. Stoakes, *appearing pro hac vice*
Sodoro Law Group
13924 Gold Circle
Omaha, Nebraska 68144
(402) 504-9346 (office)
(402) 932-1662 (fax)
psodoro@smllawoffice.com
mstoakes@smllawoffice.com
*Attorneys for Defendant Society of Our Lady of the Most Holy Trinity*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was duly served by filing with Pacer CM/ECR which sent copies on this 4th day of January, 2022 to all attorneys of record.


    */s/ Hailey Wayne*