**FILED**

9:53 am, 1/12/22

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN, ANNA GOZUN;**<br>**AMANDA NASH;** and **ANDREW**<br>**SCAVUZZO,** and **EHAN JELINEK** on behalf<br>of themselves and all similarly situated persons,<br><br>        Plaintiffs,<br><br>    v.<br><br>**TRINITY TEEN SOLUTIONS, INC.,** a<br>Wyoming corporation; **TRIANGLE CROSS**<br>**RANCH, LLC,** a Wyoming limited liability<br>corporation; **GERALD E. SCHNEIDER;**<br>**MICHAELEEN P. SCHNEIDER;**<br>**ANGELA C. WOODWARD; JERRY D.**<br>**WOODWARD; MATHEW SCHNEIDER;**<br>**MARK SCHNEIDER; KARA**<br>**WOODWARD; KYLE WOODWARD;**<br>**THOMAS GEORGE; DALLY-UP, LLC,** a<br>Wyoming limited liability corporation; and the<br>**SOCIETY OF OUR LADY OF THE MOST**<br>**HOLY TRINITY,** a Texas corporation;<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Case No. 20-CV-215-SWS |

---

## ORDER GRANTING DEFENDANTS' JOINT MOTION TO SEVER

This matter came before the Court on the Defendants' Joint Motion to Sever (Doc. 169),

and the Plaintiffs' Statement of Non-Opposition to Defendants' Joint Unopposed Motion to Sever

(Doc. 177). Having considered the parties' positions and reviewed the record herein, the Court

finds severance is warranted and the Defendants' motion should be granted pursuant to Federal

Rules of Civil Procedure 20 and 21.

    1.    The current claims are Trafficking Victims Protection Act (TVPA) causes of action

against Trinity Teen Solutions (TTS), Dally-Up LLC, Angela Woodward, Jerry Woodward, Kara

1

Woodward, and Kyle Woodward (collectively "the TTS defendants") on one hand, and Triangle Cross Ranch (TCR), Gerald Schneider, Michaeleen Schneider, Matthew Schneider, Mark Schneider, Thomas George, and Society of Our Lady of the Most Holy Trinity (SOLT) (collectively "the TCR Defendants") on the other.

2.      The TTS Plaintiffs do not bring claims against the TCR Defendants.  No TTS Plaintiff claims to have visited TCR.

3.      The TCR Plaintiffs do not bring claims against the TTS Defendants.  No TCR Plaintiff claims to have visited TTS.

4.      TCR is a group home for boys and TTS is a residential treatment center for girls.

5.      Plaintiffs do not allege that the TTS and TCR Defendants have ownership, control, finances, employees, or daily operations in common.

6.      TCR and TTS are located approximately 12-15 miles from one another in the Powell, Wyoming area.

7.      TCR Defendants Gerald and Michaeleen Schneider are in their late 70s.  They are the grandparents of Kyle Woodward.

8.      TTS Defendants Kyle and Kara Woodward are in their late 20s.  They were married on August 4, 2018, which post-dates the dates of admission of any named Plaintiff in the case by years.  They were college-aged when the TCR Plaintiffs were present at TCR.

9.      Pursuant to FED. R. CIV. P. 20(a), Plaintiffs may join together if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all plaintiffs will arise in the action.  Similarly, defendants may be joined together if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out

of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action.

10.     The Court has the power to remedy misjoinder of parties pursuant to FED. R. CIV. P. 21.

11.     The claims of the respective TTS and TCR Plaintiffs arise from separate transactions and occurrences that are not part of a series.  The TCR and TTS Plaintiffs do not relate the events of their claims to one another or allege a widespread or systemic pattern.

12.     The claims do not meet FED. R. CIV. P. 20(a)'s common questions of law and fact requirement.  Bringing the same TVPA causes of action based on the same legal theories does not meet this requirement.  Moreover, there are not common or overlapping facts between the claims of the TTS and TCR Plaintiffs.

13.     Joinder does not facilitate a resolution and is not convenient for the Court because of lack of common or overlapping facts.

14.     Joinder prejudices the Defendants.  Joinder is likely to: (1) deflect the jury's attention from the merits of each set of individual claims; (2) make trial fundamentally unfair because the evidence that is admissible as to the TCR Plaintiffs' claims is not necessarily admissible or relevant as to the claims of the TTS Plaintiffs nor vice versa; and (3) confuse the jury because even with limiting instructions it would be difficult to separate the claims.  Joinder will increase litigation costs for the Defendants.  Plaintiffs will not be prejudiced due to the lack of overlap in the evidence between the cases.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Sever (Doc. 169) is **GRANTED**.  The Court hereby severs the claims of the TTS Plaintiffs (Carlie Sherman, Anna Gozun, Amanda Nash, and all similarly situated persons) from the claims of the TCR Plaintiffs

(Andrew Scavuzzo, Ehan Jelinek, and all similarly situated persons).  From this point forward, the matter shall proceed as two separate cases.  The TTS Plaintiffs shall proceed in their claims against the TTS Defendants in **Case No. 0:20-CV-215-SWS** (which is the existing case number).  The TCR Plaintiffs shall proceed in their claims against the TCR Defendants in **Case No. 1:20-CV-215-SWS** (which is a newly created case).

      **IT IS FURTHER ORDERED** that severance shall apply to both the discovery phase and trial.  Discovery shall be conducted separately for each case except where the respective parties agree certain discovery overlaps, in which case it may be conducted together.  If a party believes certain discovery should be consolidated and conducted together but one or more opposing parties disagree, the dispute should be presented to the magistrate judge in accordance with Local Civil Rule 37.1(b).

      **IT IS FINALLY ORDERED** that the parties shall use the appropriate case caption (see attached) when filing any future documents, and the parties shall be attentive to filing their documents in the correct case.

      **ORDERED**: January 12th, 2022.

Scott. W. Skavdahl
United States District Judge

Attorney Information Block
per Local Civil Rule 10.1(b)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**CARLIE SHERMAN, ANNA GOZUN,** and   )
**AMANDA NASH,** on behalf of themselves and  )
similarly situated persons,       )
              )
   Plaintiffs,       )
              )
   v.          )   Case No. 0:20-CV-215-SWS
              )
**TRINITY TEEN SOLUTIONS, INC.,** a Wyoming  )
corporation; **ANGELA C. WOODWARD**;   )
**JERRY D. WOODWARD**; **KARA WOODWARD**;  )
**KYLE WOODWARD**; and **DALLY-UP, LLC,**  )
a Wyoming limited liability company;    )
              )
   Defendants.      )

Attorney Information Block
per Local Civil Rule 10.1(b)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**ANDREW SCAVUZZO** and **EHAN JELINEK**, on
behalf of themselves and similarly situated persons

   Plaintiffs,

  v.

**TRIANGLE CROSS RANCH, LLC**, a Wyoming
limited liability company; **GERALD E. SCHNEIDER**;
**MICHAELEEN P. SCHNEIDER**; **MATHEW
SCHNEIDER**; **MARK SCHNEIDER**; **THOMAS
GEORGE**; and the **SOCIETY OF OUR LADY OF
THE MOST HOLY TRINITY**, a Texas corporation;

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:20-CV-215-SWS