FILED

U.S. DISTRICT COURT

DISTRICT OF WYOMING

8:07 am, 1/13/22

**U.S. Magistrate Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

Carlie Sherman, et al.,

        Plaintiffs,

    vs.

TRINITY TEEN SOLUTIONS, et al.,

    Defendants.

Case No. 0:20-CV-215-S

---

### INITIAL PRETRIAL ORDER

---

On January 12, 2022, the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming, held an initial pretrial conference in the above-entitled matter. Counsel participating were Brice M. Timmons, Craig A. Edgington, Michael Rosenthal, and Nathan Nicholas, for Plaintiffs. Attorneys Monty L. Barnett, Keith R. Olivera, and John C. Matthews appeared for Defendants Triangle Cross Ranch, LLC, Gerald E. Schneider, Michaeleen P. Schneider, Matthew Schneider, and Thomas George (hereinafter "TCR Defendants"). Attorneys Thomas B. Quinn, Lillian Alves, and Lindsay Romano appeared for Defendants Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC (hereinafter "TTS Defendants") and attorneys Jane M. France, and MaKenna J. Stoakes, appeared for Defendant Society of Our Lady of the Most Holy Trinity (hereinafter "SOLT").

The trial court granted Defendants' unopposed request to bifurcate and sever Plaintiffs' claims against the TTS and TCR/SOLT Defendants. Consequently, the case is divided into

two separate actions.  In Case No. 0:20-CV-215-S the TTS Plaintiffs shall proceed against the TTS Defendants.  In Case No. 1:20-CV-215-S the TCR Plaintiffs shall proceed against the TCR/SOLT Defendants.  Both cases will follow the same preliminary dates and deadlines until the dispositive motions hearing, and final pretrial and trial dates.  After hearing from the parties, the Court set forth the following trial schedule.

JURISDICTION AND VENUE —

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming.  Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

CONSENT TO TRIAL BY MAGISTRATE JUDGE —

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge.  However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

CLAIMS AND DEFENSES —

This case is before the Court on Plaintiffs' putative class action.  Plaintiffs alleges the parents of "troubled teen" minors paid to send their children to one of two working ranches in Wyoming where the teens were supposed to receive various forms of traditional and cutting-edge therapy and schooling. Plaintiffs contend it was all a racket, though, as the ranches were light on the education, even lighter on the therapy, and largely forced the teenagers to labor for many hours per day under horrible conditions. They allege each Defendant was either directly

2

involved with the scam or knowingly benefitted from the forced labor. Plaintiffs assert federal causes of action for unlawful forced labor, human trafficking, and violations of the Racketeer Influenced and Corrupt Organizations Act and state-law causes of action for negligence and/or negligent infliction of emotional distress. (Am. Compl. Doc. 106.).

The trial court entered six orders ruling on Defendants' various motions to dismiss. (Docs. 157-162). After those order, the following claims survived dismissal:

Count 1, liability as a primary offender under 18 U.S.C. § 1589(a) for knowingly providing or obtaining illegal forced labor, survives and proceeds to discovery against the following Defendants: Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, Triangle Cross Ranch, Gerald Schneider, Michaeleen Schneider, Mark Schneider, Mathew Schneider, and Thomas George.

Count 2, venture liability under 18 U.S.C. § 1589(b) for knowingly benefiting from illegal forced labor, survives and proceeds to discovery against the following Defendants: Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, Triangle Cross Ranch, Gerald Schneider, Michaeleen Schneider, Mark Schneider, Mathew Schneider, Thomas George, Dally-Up LLC, and the Society of Our Lady of the Most Holy Trinity (but only as to Plaintiffs who were residents at Triangle Cross Ranch).

Count 3, liability under 18 U.S.C. § 1590(a) for knowingly trafficking a person for forced labor or services, survives and proceeds to discovery against the following Defendants: Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, Triangle Cross Ranch, Gerald Schneider, Michaeleen Schneider, Mark Schneider, Mathew Schneider, Thomas George, Dally-Up LLC, and the Society of Our Lady of the Most Holy Trinity (but only as to Plaintiffs who were residents at Triangle Cross Ranch).

3

Count 4, civil liability under the Racketeer Influenced and Corrupt Organizations Act is dismissed in its entirety as to all Defendants.

Count 5, negligence and negligent infliction of emotional distress under state law, is dismissed in its entirety as to all Defendants.

The following named Defendants were dismissed from this lawsuit because no plausibly-pled claim surviving 12(b)(6) dismissal was asserted against them: Monks of the Most Blessed Virgin Mary of Mount Carmel d/b/a Mystic Monk Coffee, Daniel Schneider, Judith Jefferis, Rock Creek Ranch Inc., the Diocese of Cheyenne, and the New Mount Carmel Foundation Inc.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties have complied with the self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b)

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Word or WordPerfect format and emailed to *wyojudgesws@wyd.uscourts.gov*.

All proposed orders regarding non-dispositive motions should be submitted to Judge Rankin's chambers in a Word or WordPerfect format and emailed to *wyojudgekhr@wyd.uscourts.gov.*

**MOTIONS TO AMEND OR JOIN PARTIES — March 14, 2022**

Any motions to amend the pleadings or join parties shall be filed on or before March 14, 2022.  Any motions to dismiss newly amended pleadings shall be filed on or before April 12, 2022.

**ALTERNATIVE DISPUTE RESOLUTION DEADLINE — September 2, 2022**

The parties shall participate in alternative dispute resolution (ADR) on or before September 2, 2022.  Pursuant to Local Rule 16.3, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

**DEADLINE TO MOVE FOR CLASS CERTIFICATION —**

**Filing Deadline – July 1, 2022**

**Response Deadline – July 22, 2022**

**Hearing– August 23, 2022, at 1:00 p.m.**

Any motion for class certification shall be filed on or before July 1, 2022.  The parties shall file responsive briefs and materials on or before July 22, 2022.  <u>The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1</u>.

Motions to move for class certification are hereby set for oral hearing before the Honorable Scott W. Skavdahl on August 23, 2022, at 1:00 p.m. in the Ewing T. Kerr Courthouse in Casper, Wyoming

**EXPERT WITNESS DESIGNATION —**

**Plaintiff Designation Deadline — September 14, 2022**

**Defendant Designation Deadline — October 14, 2022**

**Expert Witness Depositions — November 14, 2022**

**Expert Witness Supplementations — December 8, 2022**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by September 14, 2022.  PLAINTIFF'S DESIGNATION SHALL INCLUDE THE DESIGNATION OF ALL TREATING MEDICAL AND MENTAL HEALTH PROVIDERS WHO MAY OR WILL BE CALLED TO TESTIFY AT TRIAL IN PART OR IN FULL AS AN EXPERT WITNESS.  In accordance with U.S.D.C.L.R. 26.1(e), Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by October 14, 2022.  These summaries <u>SHALL</u> include a comprehensive statement of the expert's opinions and the basis for the opinions.  *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980).  This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B).

The parties shall conduct expert witness depositions by November 14, 2022. Supplementation of any expert shall be completed by December 8, 2022.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, <u>AND FILE WITH THE COURT</u>, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

*DAUBERT* CHALLENGES[1] —

**Filing Deadline – December 23, 2022**

**Response Deadline – January 6, 2023**

**Reply Deadline – January 13, 2023**

The deadline for the parties to file *Daubert* challenges together with briefs and materials in support thereof is December 23, 2022. The parties shall file responsive briefs and materials on or before January 6, 2023, with any reply due by January 13, 2023. <u>The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.</u>

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

IF A *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

**LISTING OF OTHER WITNESSES — November 14, 2022.**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before November 14, 2022.  Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness.  Copies of such witness lists shall be filed with the Court.  Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown.  Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — December 8, 2022**

**WRITTEN DISCOVERY — November 8, 2022**

**FIRST DEPOSITIONS — October 27, 2022**

**DESIGNATED DEPOSITIONS — December 8, 2022.**

The discovery cutoff date is December 8, 2022.  All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date.  All discovery depositions shall be completed by the discovery cutoff date.  Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

**DISPOSITIVE MOTIONS —**

**Filing Deadline – January 19, 2023**

**Response Deadline – February 2, 2023**

**Dispositive Motion Hearing – February 16, 2023, 1:00 p.m.**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is January 19, 2023. The parties shall file responsive briefs and materials on or before February 2, 2023. The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable Scott W. Skavdahl on February 16, 2023, at 1:00 p.m. in the Ewing T. Kerr Courthouse in Casper, Wyoming

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.[2]

**STIPULATIONS AS TO FACTS — May 4, 2023**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by May 4, 2023.

**MOTIONS IN LIMINE —**

**Filing Deadline – May 4, 2023**

**Response Deadline – May 11, 2023**

---

[2] Any *Daubert* challenges will be addressed on the briefing unless otherwise requested and ordered by the Court.

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than May 4, 2023.  Responses shall be filed no later May 11, 2023.  Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

### INDEPENDENT MEDICAL EXAMINATION ——

Defendant may require Plaintiffs to submit to physical and psychological examinations by experts designated by Defendant any time up to five weeks prior to the commencement of trial. Defendant shall designate said expert witnesses no later than ten (10) days after such examinations. Plaintiffs may depose the examining expert witnesses any time prior to the commencement of trial.

### FINAL PRETRIAL CONFERENCE — May 15, 2023, at 1:00 p.m.

A final pretrial conference in this matter has been scheduled for 1:00 p.m. on May 15, 2023, at the Ewing T. Kerr Courthouse in Casper, Wyoming, before the Honorable Scott W. Skavdahl.  Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS.  THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM.  If you cannot locate the form, please contact Judge Skavdahl's chambers.  All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order.  A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-

mail to *wyojudgesws@wyd.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.**  <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order</u>.  The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.  If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.   EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

A. *Marking of Exhibits*: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No.\_\_\_\_\_, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.  In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

B. *Elimination of Duplicate*.  The parties should compare the exhibits and eliminate duplicates.  If more than one party wants to offer the same exhibit, then it

should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

    ***C. Copies for the Court***.  Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS —** The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

\* This column is for use by the trial judge at trial.

    <u>The following categories are to be used for objections to exhibits:</u>

    **Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

    **Category B**.  These exhibits are objected to on grounds other than foundation, identification, or authenticity.  This category should be used for objections such as hearsay or relevance.

    **Category C**.  These exhibits are objected to on grounds of foundation, identification, or authenticity.  This category should not be used for other grounds, such as hearsay or relevance.  <u>Failure to indicate objections to foundation shall be deemed</u>

to be a waiver of objections as to foundation for listed exhibits.  Any party establishing
foundation over objection may move for attorney fees and costs necessary to establish
the foundation.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO
NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS**
AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR
EXAMINATION.  Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO
EXCLUSION AT TRIAL.  THE COURT MAY DEEM ANY OBJECTION NOT STATED
ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court is implementing a new system for electronic submission of exhibits to the
jury (or to the Court in the case of a bench trial).  The jury evidence recording system (JERS)
allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma
screen during deliberations.  Attorneys should provide their trial exhibits in electronic format
on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days**
prior to the start of trial.

All electronic evidence should be provided using the following formats:

• Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif

• Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed
500MB.  If possible, exhibits approaching or exceeding this size limit should be separated into

multiple files.   Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

<u>In bench trials</u>, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. <u>Witness statements shall be prepared and used at trial in accordance with Judge Skavdahl's Procedure for Presentation of Direct Testimony by Witness Statement</u>, which is available on the Court's website under forms or by contacting Judge Skavdahl's chambers.

**JURY TRIAL — June 5, 2023, at 9:00 a.m.**

A jury trial is set before the Honorable Scott W. Skavdahl for 9:00 a.m. on June 5, 2023, in Casper, Wyoming, and is expected to last <u>ten</u> days.  This case is stacked <u>#1</u> on the Court's docket.  U.S.D.C.L.R. 40.1(a).

The parties shall exchange and file <u>proposed voir dire questions</u>, <u>jury instructions</u> and <u>special verdict form</u> no later than **seven (7) days** prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated.  THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL ALSO BE SUBMITTED DIRECTLY TO JUDGE SKAVDAHL'S CHAMBERS VIA E-MAIL TO *wyojudgesws@wyd.uscourts.gov*.  The instructions must be formatted as a single document for Wordperfect or Word and shall include citations to authority.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

DATED this 13th day of January, 2022.

Kelly H. Rankin
United States Magistrate Judge