L. Robert Murray
United States Attorney
Jasmine M. Peters (WY Bar #7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
Telephone: (307) 772-2124
jasmine.peters@usdoj.gov

KRISTINA A. WOLFE, VA Bar # 71570
Senior Trial Counsel, U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-4519
Email: kristina.wolfe@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CARLIE SHERMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 0:20-cv-215-SWS |
| TRINITY TEEN SOLUTIONS, INC., et al., | ) |
| Defendants. | ) |

### UNITED STATES' NOTICE OF POTENTIAL PARTICIPATION AND REQUEST FOR ADDITIONAL TIME

The United States hereby submits this Notice to inform the Court and the parties that it is currently considering whether to seek to intervene or otherwise participate in this action in order to defend the constitutionality of certain provisions in Section 112(a)(2) of the Trafficking Victims Protection Act, Pub. L. No. 106-386, 114 Stat. 1464 (2000) and Section 4(a)(4)(A) of the Trafficking Victims Protection Reauthorization Act of 2003, Pub. L. No. 108-193, 117 Stat. 2875

(2003), as amended by the Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, §§ 221(2), 222(b)(3), 122 Stat. 5044 (2008) (collectively "TVPA"), and to request that the Court grant it additional time to determine if intervention is appropriate. In support of this request, the United States submits the following:

Plaintiffs filed a putative class action lawsuit against Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC (collectively "TTS Defendants"), along with several other entities and persons, raising three claims against the TTS Defendants pursuant to 18 U.S.C. § 1595(a), TVPA's private civil remedy provision. *See* First Am. Compl., ECF No. 106, ¶¶ 160, 167, 172. Plaintiffs allege in Counts I and III of the First Amended Complaint that all of the TTS Defendants except Dally-Up, LLC knowingly and intentionally forced Plaintiffs and members of the putative class to provide labor services and that they recruited, harbored, and transported Plaintiffs and members of the putative class for that purpose in violation of 18 U.S.C. § 1589(a) and 18 U.S.C. § 1590(a). *Id.* ¶¶ 161-163, 173-174. Plaintiffs alleged in Count II that all TTS Defendants knowingly benefitted from participating in a venture which provided or obtained forced labor in violation of 18 U.S.D. § 1589(b). *Id.* ¶¶ 168-169. On March 26, 2021, the TTS Defendants moved to dismiss these and other claims. *See* Mot. to Dismiss Pls.' First Am. Compl., ECF No. 123. The TTS Defendants did not raise the constitutionality of the TVPA in its motion. *See generally* Brief in Support of TTS Defs.' Mot. to Dismiss Pls.' First Am. Compl., ECF No. 123-1. The Court denied the motion with respect to the TVPA claims on November 30, 2021. *See* Order Granting in Part and Denying in Part Second Mot. to Dismiss of TTS Defs., ECF No. 157, 26-27.

On January 10, 2022, the TTS Defendants filed an Amended Answer asserting a number of affirmative defenses. *See* Am. Answer, ECF No. 171. As relevant here, the Third Affirmative Defense alleges that Plaintiffs' TVPA causes of action are unconstitutionally vague as applied to the TTS Defendants and the Fourth Affirmative Defense alleges that the TVPA's private civil remedy provision contravenes the Tenth Amendment. *See id.* at 36-38. On the same date, the TTS Defendants filed a Notice pursuant to Federal Rule of Civil Procedure 5.1 indicating that its First Amended Answer raises constitutional questions.[1] *See* Rule 5.1(a) Notice, ECF No. 173.

Under Federal Rule of Civil Procedure 5.1, when a party files a pleading or motion "drawing into question the constitutionality of a federal . . . statute," and no federal agency or official is a party to the case, the filing party "must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it," and "serve the notice and paper on the Attorney General of the United States." Fed. R. Civ. P. 5.1(a)(1); *see also id.* 5.1(b) (providing that a court must certify to the appropriate attorney general that a statute has been questioned). The Attorney General may then intervene within 60 days after the notice is filed or after the court certifies the challenge, unless the court sets a later time. *Id.* 5.1(c); *see also* 28 U.S.C. § 2403 (when "the constitutionality of any Act of Congress affecting the public interest is drawn in question," the United States may "intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality"); 28 U.S.C. § 517 (authorizing the Attorney General of the United States to send "any officer of the Department of Justice . . . to attend to the interests of the United States in a suit pending in a court of the United States").

---

[1] Although the TTS Defendants timely forwarded a copy of the Notice to the Attorney General via Federal Express on January 10, 2022, the Federal Programs Branch of the Department of Justice's Civil Division did not learn of the Notice until the week of February 28, 2022. The matter was assigned to undersigned counsel on Friday, March 4, 2022.

Under Federal Rule of Civil Procedure 5.1(c), the deadline for the United States to intervene is therefore March 11, 2022. The TTS Defendants, however, have only raised their constitutional challenges in a pleading. *See* Am. Answer, ECF No. 171, at 36-38. The United States is unaware of any motion or other filing that details the basis of the TTS Defendants' constitutional challenges or seeks a Court ruling striking down the identified provisions of the TVPA. Further, it appears that the case has only recently entered the discovery phase and the parties have been ordered to participate in alternative dispute resolution later this year. *See* Initial Pretrial Order, ECF No. 179. As such, there is some possibility that the case will be resolved without the Court having to decide the constitutional questions raised by the TTS Defendants in its Amended Answer. The United States, therefore, believes that participation would be premature at this time. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision"); *Sorenson Commc'ns, Inc. v. F.C.C.*, 567 F.3d 1215, 1220 (10th Cir. 2009) ("It is a 'fundamental rule of judicial restraint' for courts, '[p]rior to reaching any constitutional questions, . . . [to] consider nonconsitutional grounds for decision.'" (citation omitted)).

In addition, under Department of Justice regulations, the approval of the Solicitor General is required for the United States to intervene or otherwise participate in a case (for example, by filing a statement of interest) to defend the constitutionality of a federal statute. *See* 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress."). The process of obtaining approval to intervene or otherwise participate in a case generally takes several weeks.

Accordingly, the United States respectfully requests that it be allowed to notify the Court whether it intends to file a motion to intervene or otherwise participate in this matter thirty (30) days after the TTS Defendants file a dispositive motion setting forth the basis for their constitutional

challenges. If the United States decides not to intervene or otherwise participate before the TTS Defendants file a dispositive motion setting forth the basis for its constitutional challenges, it will notify the Court and the parties promptly.

Federal Rule of Civil Procedure 5.1 provides that, "[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c). Pursuant to this provision, the United States respectfully requests that the Court not declare 18 U.S.C. §§ 1589(a), 1589(b), 1590(a), and 1595(a) unconstitutional before the United States decides whether or not to intervene in this case. The United States does not object to the Court deciding any preliminary issues or deciding to uphold the constitutionality of these provisions before the Solicitor General makes a determination regarding the United States' participation in this matter. *See* Advisory Committee Notes (2006), Fed. R. Civ. P. 5.1(c) ("Pretrial activities may continue without interruption during the intervention period.").

Counsel for the United States has communicated with counsel for Plaintiffs and the TTS Defendants regarding this motion. Counsel for Plaintiffs indicated that Plaintiffs do not object to this request for additional time. Counsel for the TTS Defendants indicated they also do not object to this this request for additional time.

DATED March 9, 2022.

                                            Respectfully Submitted,

                                            L. ROBERT MURRAY
                                            Acting United States Attorney

By:    */s/ Jasmine M. Peters*
          JASMINE M. PETERS
          Assistant United States Attorney

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Kristina A. Wolfe*
KRISTINA A. WOLFE, VA Bar # 71570
Senior Trial Counsel, U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, DC 20044
Tel: (202) 353-4519
Email: Kristina.Wolfe@usdoj.gov
*Attorneys for the United States*