# Lillian Alves

| | |
|---|---|
| **From:** | Lindsey Romano |
| **Sent:** | Friday, September 2, 2022 4:10 PM |
| **To:** | Brice Timmons; Craig Edgington; Thomas Quinn; Lillian Alves; 'Will Routt'; 'Mike Rosenthal'; 'Frank Watson'; Melissa Stewart; 'Nathan Nicholas' |
| **Subject:** | RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS |
| **Attachments:** | RE: HIPAA Releases for Putative Class Members; RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS \| Putative Plaintiffs Authorization Forms; RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS |

Counselors,

Please be advised that today Defendants produced responsive documents including the daily supervision logs and requested documents from 10 of the putative plaintiffs, totaling approximately 42,000 pages. We will be producing additional records on Tuesday and continuing to do so on a rolling basis. Please note the due date for this production is September 12, 2022—30 days from the receipt of the updated list of putative plaintiffs.

We received the updated list of claimants on August 11, 2022 and requested clarification on August 12, 2022. On August 16, 2022 we received additional clarification from Mr. Edgington (emails attached). After identifying the correct putative plaintiffs, we had to determine which putative plaintiffs had electronic files versus hard files. For those with hard files we had to request our clients to retrieve and then send those to our Denver office. Then, those files were sent to the vendor to be scanned and uploaded. The timeline of that effort is set forth below and in our August 23, 2022 email.

We understand the tight turnaround, but must emphasize there has been absolutely no delay on our end. Rather, we have been working diligently, pulling in extra resources, and timely providing these records to your office.

We appreciate the continued cooperation amongst counsel and wish you all a happy Labor Day weekend.

Sincerely,

**LINDSEY M. ROMANO**  |  Assistant Managing Partner- Bay Area Offices

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

**Visit our COVID-19 HUB**

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-4126  |  P: 415-986-5900  |  F: 415-986-8054  |  lromano@grsm.com

www.grsm.com
vCard  |  Bio  |  LinkedIn

> **From:** Brice Timmons <brice@donatilaw.com>
> **Sent:** Tuesday, August 30, 2022 3:33 PM
> **To:** Lindsey Romano <lromano@grsm.com>; Craig Edgington <craig@donatilaw.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; 'Will Routt' <wroutt@watsonburns.com>; 'Mike

1

Rosenthal' <mrosenthal@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>
**Subject:** Re: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Lindsay,

We foresaw issues like this arising and requested more time from you, which you aggressively opposed, calling us dilatory. The Court agreed with you and denied our request to extend the hearing date. We reworked our litigation plan as a result and managed to get our motion for class certification in by the deadline you insisted upon.

Regarding this discovery, you could have complied with or prepared to comply with our requests when they were propounded but relied on a boilerplate objection instead. You explained your position to Judge Rankin, and he made his decision based on those arguments. We even agreed to your proposed schedule for production.

Our opposition to a continuance is not arbitrary. We have booked non-refundable airfare. Craig and I have scheduled a host of depositions in a 6-defendant wrongful death 1983 case in the following weeks, which cannot easily be rescheduled. We do not have another 3-day period when all counsel can be available before I travel to Europe on October 17 for 3 weeks. I return to prepare for a wrongful death 1983 case set a week later. Then we run into the holidays.

You had the opportunity to avoid this situation and chose not to, and we cannot agree to upend all of our schedules or have attorneys unavailable for a hearing because you assumed that your objections would be well-taken, did not heed our concerns, and are now having difficulty meeting a production schedule that you proposed.

Please comply with the Court's order. If you and your clients do not, we will have to engage in motion practice. Given our deadline of 9/14 for supplemental briefing, we expect document production to be complete by Friday. That gives us only one week to review 200,000 pages of documents, which we are committing additional resources to do. Anything beyond that, and we think the Court will agree that you have been dilatory and failed to comply with its orders. I would remind you that one sanction available to the Court is to determine that you have waived your opposition to class certification.

Sent via the Samsung Galaxy S20 FE 5G, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Lindsey Romano <lromano@grsm.com>
**Sent:** Tuesday, August 30, 2022 4:47:26 PM
**To:** Craig Edgington <craig@donatilaw.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; 'Will Routt' <wroutt@watsonburns.com>; 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Mr. Edgington,

Please see the attached email from last Tuesday, August 23, 2022 providing you with a status update. Since last Tuesday, we have made additional progress outlined below.

- Two additional boxes of documents received, scanned, and loaded to relativity for review; as well as additional ▮▮▮▮▮ documents.
- The vendor continues to scan the remaining 19 boxes.
- Additional review of electronic files identified 4 more residents pre-2015 that had electronic files to download and have been provided to the vendor for uploading and review.
- We remain in the process of reviewing/redacting supervision checklists pre 2015 to provide those redacted of non-named putative plaintiffs.
- Paralegal staff completed initial review of and identification of responsive documents as to ▮▮▮▮▮ (2,791 pages), ▮▮▮▮ (5,634 pages) and ▮▮▮▮ (4,242). Attorney review is underway and we expect these to be the first files produced soon.
- The client had to obtain health insurance claim forms from their third-party provider for 2014-2019. The provider only provided those records today. The client sent them to us today and we are in the process of transmitting those records to the vendor for review and disclosure.

We are working diligently to ensure we are producing the documents to you as quickly as possible, including bringing on additional paralegal and attorney staff to expedite review and redaction of the records. As you will recall, during the conference with Judge Rankin, we explained in great detail that significant time and cost would be required to produce these records. We will continue to endeavor to roll the production to you as outlined in the Order. However, in light of the reality of the sheer size of the production and tight timeframe, you may want to reconsider your position on extending deadlines in the scheduling order. Alternatively, if you have any other suggestions, we are happy to discuss.

**LINDSEY M. ROMANO**  |  Assistant Managing Partner- Bay Area Offices

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**
Visit our COVID-19 HUB

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-4126  |  P: 415-986-5900  |  F: 415-986-8054  |  lromano@grsm.com

www.grsm.com
vCard  |  Bio  |  LinkedIn

> **From:** Craig Edgington <craig@donatilaw.com>
> **Sent:** Tuesday, August 30, 2022 12:19 PM
> **To:** Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; 'Will Routt' <wroutt@watsonburns.com>; 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>; Lindsey Romano <lromano@grsm.com>
> **Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS
>
> Counselors,
>
> As of today, we have yet to receive a single document responsive to RFPD 1 – 11 as required by ECF 209. As you recall we had our informal discovery conference with Judge Rankin on August 9, 2022, where he ordered "Defendants shall produce the discovery as soon as possible and shall do so on a rolling basis."

He later memorialized this ruling on August 12, 2022 (ECF 209 at Page#4.) Furthermore, the Court altered the briefing schedule to allow the ability to utilize these discovery documents in our attempt to certify the class. Friday would mark fourteen days prior to our deadline to file our supplemental brief.

We have diligently contacted putative class members and provided you with each of the HIPAA releases that we have received back in response from those putative class members. We will continue to seek out the remaining releases you have requested. However, at this time you should begin redacting those records related to putative class members that have not returned their HIPAA releases.

Please immediately begin rolling production of these documents in accordance with my email dated Thursday, August 11, 2022 2:26 PM and Judge Rankin's August 12, 2022, order (ECF 209.)  As you are aware, we anticipate hundreds of thousands of documents which will take days to download, OCR, sort, and review by dozens of attorneys or staff for proper utilization in our supplemental brief. Judge Rankin's order was clear when he directed your client to "produce the discovery as soon as possible" yet 21 days have lapsed without a single document being produced.

Please provide us with an update as to when we can expect discovery production to begin. Again, we have no desire to extend our briefing schedule or postponing the hearing on class certification. Rather, if rolling production does not begin by Friday, September 2, 2022, we intend to file a motion to compel, for sanctions, and for fees.

Best regards,

**Craig A. Edgington,** Attorney
1545 Union Avenue, Memphis, TN 38104
phone 901.278.1004  |  direct 901.356.8269
fax 901.278.3111  |  craig@donatilaw.com
www.donatilaw.com



*This message contains information which may be confidential and privileged.  If you are not the intended recipient, please advise the sender and delete the message.  Any tax advice contained in this email is not intended to be used for the purpose of avoiding penalties that may be imposed by the IRS.*

---

**From:** Thomas Quinn <tquinn@grsm.com>
**Sent:** Friday, August 26, 2022 5:42 PM
**To:** Craig Edgington <craig@donatilaw.com>; Lillian Alves <lalves@grsm.com>; 'Will Routt' <wroutt@watsonburns.com>; 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>
**Cc:** Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Craig, I was not clear in the dates to be considered rolling back. I should have said consider rolling back the certification supplementation date and oral argument dates.

Thanks

---

**From:** Thomas Quinn
**Sent:** Friday, August 26, 2022 3:41 PM
**To:** 'Craig Edgington' <craig@donatilaw.com>; Lillian Alves <lalves@grsm.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Craig, we are looking 9/6 or 9/7 and are checking with insurer and clients now. It will likely be Monday before we have an answer. I'll let JAMS know and copy you on that message.

As for the deps I will again be defending in person and my schedule is really jammed between now and well into the middle of September. I apologize for this and suggest that we set a brief call for Monday to address this delay and consider rolling back plaintiffs Reply date so not to put you all in a jam. We can circulate some proposed dates before the call.

Let us know if you and your colleagues have time for a call Monday.

Thank you, Tom

**rom:** Craig Edgington <craig@donatilaw.com>
**Sent:** Friday, August 26, 2022 3:02 PM
**To:** Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counselors,

I was just contacted by Judge Downes' team. He and his wife both have Covid and apparently it is quite bad. Judge Downes' team has suggested September 6, 7, 9, and 12th as new mediation dates. Brice or I can make any of these dates work. These dates coincide with the dates I suggested for ▇▇▇ and ▇▇▇ depositions as well. Let us know your availability.

Best regards,

Craig A. Edgington

**From:** Craig Edgington
**Sent:** Friday, August 26, 2022 1:20 PM
**To:** Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Thomas,

I plan on taking a full day with ▮▮▮▮. I will likely be able to get through ▮▮▮▮ in a 4 hour period.

Best regards,

Craig A. Edgington

**From:** Thomas Quinn <tquinn@grsm.com>
**Sent:** Friday, August 26, 2022 1:12 PM
**To:** Craig Edgington <craig@donatilaw.com>; Lillian Alves <lalves@grsm.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Craig, how much time with each witness and can they be done in one day?

**From:** Craig Edgington <craig@donatilaw.com>
**Sent:** Friday, August 26, 2022 11:53 AM
**To:** Lillian Alves <lalves@grsm.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Thomas Quinn <tquinn@grsm.com>; Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counselors,

We have not heard back from you regarding available deposition dates for ▮▮▮▮ or ▮▮▮▮. We need to depose these Defendants prior to our supplemental briefing deadline in the event that mediation is not fruitful.

Either Brice or I can be available on September 6, 8, 9, and 12th. Please let us know which of those dates, if any, work for you and your clients.

Best regards,

Craig A. Edgington

**From:** Craig Edgington
**Sent:** Wednesday, August 24, 2022 3:07 PM
**To:** Lillian Alves <lalves@grsm.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Thomas Quinn <tquinn@grsm.com>; Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Lilian,

We do not oppose the relief sought.

Best regards,

Craig

**From:** Lillian Alves <lalves@grsm.com>
**Sent:** Wednesday, August 24, 2022 3:02 PM
**To:** Craig Edgington <craig@donatilaw.com>; Will Routt <wroutt@watsonburns.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>
**Cc:** Thomas Quinn <tquinn@grsm.com>; Lindsey Romano <lromano@grsm.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Good afternoon,

We also intend to file a motion with the Court prior to filing documents previously marked confidential under seal and will also request 15 additional pages. May I have your position regarding both?

Thanks,
Lily

**From:** Lindsey Romano <lromano@grsm.com>
**Sent:** Friday, August 12, 2022 1:52 PM
**To:** Craig Edgington <craig@donatilaw.com>
**Cc:** Will Routt <wroutt@watsonburns.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>
**Subject:** Re: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Hello,

We would prefer for you to file under seal and have no opposition to your request to do so.

-Lindsey

Sent from my iPhone

> On Aug 12, 2022, at 11:44 AM, Craig Edgington <craig@donatilaw.com> wrote:
>
> Lindsey,
>
> We feel under LR 5.1(g) and our protective order (ECF 172) we are still required to file a motion with the Court prior to filing our exhibits under seal. Can we get your position on our motion to file under seal any previously marked confidential document?
>
> Best regards,
>
> Craig A. Edgington
>
> ---
>
> **From:** Lindsey Romano <lromano@grsm.com>
> **Sent:** Friday, August 12, 2022 10:48 AM
> **To:** Will Routt <wroutt@watsonburns.com>
> **Cc:** Craig Edgington <craig@donatilaw.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Brice Timmons <brice@donatilaw.com>
> **Subject:** Re: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS
>
> Counsel,
>
> Yes, our clients are opposing the motion for class certification. Thank you.
>
> Sincerely,
>
> Lindsey Romano
>
> > On Aug 12, 2022, at 8:11 AM, Will Routt <wroutt@watsonburns.com> wrote:
> >
> > Lindsey-
> >
> > While I am reasonably sure that you have consulted with other people on our side on the class certification issue, I want to make sure that we have complied with our consultation obligations.  Can you let me know

8

whether your clients will consent to or oppose certification of the putative class in this case?

Many thanks,

William E. Routt, III
**WATSON BURNS, PLLC**
253 Adams Avenue
Memphis, Tennessee 38103
901-529-7996
(fax) 901-529-7998
wroutt@watsonburns.com

---

**From:** Craig Edgington <craig@donatilaw.com>
**Sent:** Thursday, August 11, 2022 2:55 PM
**To:** Lindsey Romano <lromano@grsm.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Will Routt <wroutt@watsonburns.com>; Brice Timmons <brice@donatilaw.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Lindsey,

Thank you for your prompt response and of course we will extend the same courtesy to your response.

Best regards,

Craig

---

**From:** Lindsey Romano <lromano@grsm.com>
**Sent:** Thursday, August 11, 2022 2:53 PM
**To:** Craig Edgington <craig@donatilaw.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Will Routt <wroutt@watsonburns.com>; Brice Timmons <brice@donatilaw.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counsel,

We have no objection to your 7.1(b)(1)(C) request as long as we can be extended the same courtesy for our response.

Sincerely,

**LINDSEY M. ROMANO** | Assistant Managing Partner- Bay Area Offices

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**
**Visit our COVID-19 HUB**

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-4126 | P: 415-986-5900 | F: 415-986-8054 | lromano@grsm.com

www.grsm.com
vCard | Bio | LinkedIn

**From:** Craig Edgington <craig@donatilaw.com>
**Sent:** Thursday, August 11, 2022 12:34 PM
**To:** Lindsey Romano <lromano@grsm.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Will Routt <wroutt@watsonburns.com>; Brice Timmons <brice@donatilaw.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counselors,

We intend to file a motion today or first thing in the morning seeking up to an additional 15 pages pursuant to LR 7.2 (c) for our Motion for Class Certification due to complexity, size of the putative class, and evidence. Can one of you provide your position on our motion?

Best regards,

Craig A. Edgington

**From:** Craig Edgington
**Sent:** Thursday, August 11, 2022 2:26 PM

**To:** Lindsey Romano <lromano@grsm.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>; Melissa Stewart <melissa@donatilaw.com>; Will Routt <wroutt@watsonburns.com>; Brice Timmons <brice@donatilaw.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counselors,

Per our compromise please find attached a new randomized list of requested putative class members' discovery documents. We have reduced the list to six girls per year starting in 2011. For years 2012 – 2015 we have reduced the request by the number of our named class members present. In the event that the randomized girl requested is one of our named clients, please provide the closest putative class member immediately preceding or following our client from the Daily Supervision Check Sheet.

I understand that your client may not have been at full capacity at all times or that you may have removed a girl and not modified their numbering on the Daily Supervision Check Sheet which might result in no putative class member correlating to our requested random selection. Please follow the same instructions above and provide the nearest putative class member from the Daily Supervision Check Sheet for that given day if our requested random selection does not result in a putative class member being selected.

Please compare the list of random girls to our First Supplemental Initial Disclosures which indicates which putative class members we have been in contact with so we can obtain HIPAA releases for you to ensure that girl's records are provided unredacted.

If records are provided for random girls that we have not been in contact with, I would ask that you Bates stamp their records with some indication of whom those records belong to. For

11

example, I would ask that you Bates Stamp their records in the bottom left corner in some way such as TTS - Girl 8, Jan. 28, 2011_0000x. As well as using this same identifier as the title of their main folder folding all their records.

Additionally, for each and every separate girl identified I would respectfully request subfolders in any production for those girls which indicates which RFPD the documents you are disclosing are responsive too. Receiving 200,000 pages of redacted records, without identifiers or subfolders indicating which documents are responsive to which requests would be disfavored by the Court. Courts have interpreted

> the amended rule 34(b) to impose affirmative requirements on all massive productions of documents, with the logic being that the enormity of a production, alone, could render it useless to the requesting party even without any deliberate mixing on the part of the producing party. See Pass & Seymour, Inc. v. Hubbell Inc., 255 F.R.D. 331, 334 (2008)(Peebles, M.J.)(noting the disfavor that courts have shown to the "dumping of massive quantities of documents, with no indexing or readily apparent organization, in response to a document request from an adversary"). The amendment had the effect of requiring the producing party to produce documents in an organized, comprehensible arrangement - - either by specifically indexing each document to the request to which it was responsive, or, failing that matching, by producing the documents with the business' filing system or other organizational structure still intact and usable by the requesting party, thus "minimiz[ing] the burden of production while maintaining the internal logic reflecting business use." SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 409 (S.D.N.Y. 2009)(Scheindlin, J.).

*In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, No. MD 16-2695 JB/LF, 2018 U.S. Dist. LEXIS 140453, at *27-28 (D.N.M. Aug. 18, 2018).

Should you have any questions or like to discuss further please let me know.

Best regards,

Craig

**From:** Lindsey Romano <lromano@grsm.com>
**Sent:** Monday, July 25, 2022 8:15 PM
**To:** Brice Timmons <brice@donatilaw.com>; 'Will Routt' <wroutt@watsonburns.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** Craig Edgington <craig@donatilaw.com>; 'Mike Rosenthal' <mrosenthal@hkwyolaw.com>; 'Nathan Nicholas' <nnicholas@hkwyolaw.com>; 'Frank Watson' <fwatson@watsonburns.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Our position is set forth in our meet and confer letter. Essentially, our position is that HIPAA related issues prohibit TTS Defendants from disclosing the names of the putative plaintiffs and their records without authorization or additional court order. The overly burdensome argument includes the request for therapy records plus supervision sheets that quite frankly would take an extensive amount of time, cost, and effort to produce.

Our concern with the supervision sheets remains the disclosure of patients names without an express court order to avoid any confidentiality and HIPAA violations. Would you be willing to narrow your request to only the supervision sheets and forego the request for the full charts, with the caveat that the narrow issue before the Magistrate would be compelling the un-redacted versions of the supervision sheets and confirmation that our existing protective order applies to those individuals?

13

**LINDSEY M. ROMANO** | Assistant Managing Partner- Bay Area Offices

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**
Visit our COVID-19 HUB

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-4126 | P: 415-986-5900 | F: 415-986-8054 | lromano@grsm.

www.grsm.com
vCard | Bio | LinkedIn

---

**From:** Lindsey Romano
**Sent:** Monday, July 25, 2022 2:41 PM
**To:** Brice Timmons <brice@donatilaw.com>; Will Routt <wroutt@watsonburns.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** Craig Edgington <craig@donatilaw.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Thank you for the response. While TTS Defendants will not concede numerosity, perhaps in lieu of producing the documentation requested, we can come to an agreement as to providing Plaintiffs with class data points that would assist your analysis on numerosity.

As indicated in our meet and confer letter, based on our research, the allowable pre-certification discovery is more analogous to TTS providing specific class data points such as the aggregate amount of residents over the statutory ten year period, average age, and average length of stay. Please advise if this would be sufficient class data and if not, what other information you would need, outside of the specific treatment records and supervision sheets.

Sincerely,

**LINDSEY M. ROMANO** | Assistant Managing Partner- Bay Area Offices

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**

**Visit our COVID-19 HUB**

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-4126  |  P: 415-986-5900  |  F: 415-986-8054  |  lromano@grsm.

www.grsm.com
vCard  |  Bio  |  LinkedIn

**From:** Brice Timmons <brice@donatilaw.com>
**Sent:** Monday, July 25, 2022 1:29 PM
**To:** Lindsey Romano <lromano@grsm.com>; Will Routt <wroutt@watsonburns.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** Craig Edgington <craig@donatilaw.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

As to the HIPAA issues, we have a HIPAA compliant protective order in place already. As to the issue of whether we are only entitled to class discovery, the issue was not bifurcated. This was expressly discussed at the scheduling conference, and the Court did not bifurcate discovery. As to the issue of whether the production is unduly burdensome, the standard is "proportional to the needs of the case," and we have already provided a list of over 100 potential class members who have reached out about the suit. Accepting Angela Woodward's statements to the media as true, there are thousands of putative class members. If you would like to concede numerosity, we can discuss narrowing the request further.

**Brice M. Timmons**
Of Counsel
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 ext. 207
(901) 278-3111 facsimile
(800) 521-0578 toll free
brice@donatilaw.com

*The information contained in this email is legally privileged and confidential*

*information intended solely for the use of the person named above.  If the reader of this email is not the intended recipient, you are notified that any use, dissemination, distribution or copying of this email or its contents is strictly and absolutely prohibited. Unless otherwise specified, this email does not, by itself, create an attorney-client relationship.*

*IRS CIRCULAR 230 NOTICE: Pursuant to Treasury Department Circular 230, this is to advise you unless we otherwise expressly state in writing, e-mail communications, including attachments, from this firm are not intended or written to be used, and cannot be used for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code of 1986, as amended, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.*

**From:** Lindsey Romano <lromano@grsm.com>
**Sent:** Monday, July 25, 2022 3:18 PM
**To:** Will Routt <wroutt@watsonburns.com>; Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>
**Cc:** Craig Edgington <craig@donatilaw.com>; Brice Timmons <brice@donatilaw.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>
**Subject:** RE: Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counsel,

We reviewed your proposed Motion to Compel. Please allow this e-mail to serve as Defendants continued conferral on Defendants' Responses to Plaintiff's First Interrogatories and Requests for Production. You make the following statement below: "As I believe Craig and Brice have already discussed with you, the Trinity Teen Defendants' responses are inadequate." While Mr. Quinn discussed the subpoena you served on the TTS Defendants' accountant with Mr. Timmons, this discovery issue was not discussed. The e-mail below that you sent today is your first response to the July 11, 2022 conferral letter that we sent with the TTS Defendants' responses to Plaintiffs' First Set of

16

Interrogatories and Request for Production of Documents Propounded to the TTS Defendants.

Procedurally, based on the local rules, we must contact the Magistrate on discovery disputes prior to filing any discovery motions. (Wy. Local. Civ. R. 37.1(b)). Please ensure that we are included on the joint request to the Magistrate if we are unable to come to a resolution.

As to the substantive issues, in reviewing your proposed Motion to Compel, it appears that your discovery requests are unchanged from Plaintiffs' First Set of Interrogatories and Request for Production of Documents Propounded to the TTS Defendants. Please confirm that is your position.

Additionally, the Motion to Compel does not address the threshold issues raised in our July 11, 2022 conferral letter regarding the confidentiality and the unduly burdensome nature of the request.

In our conferral letter we highlighted our concerns and cited to other cases for your consideration. If the need for these records is solely for the purpose of Rule 23 certification and the issue of numerosity, we believe that we can come to a resolution to provide class data, without the need to produce almost a quarter million pages of documents at this stage of discovery. Please advise if you are willing to modify your requests to address the HIPAA and overly burdensome nature of your request.

Lastly, the Defendants have and continue to act in good faith in our responses and our efforts to meet and confer with Plaintiffs on this issue and ask that you remove any request for sanctions, as that is inappropriate and unwarranted in this circumstance. We look forward to hearing from you.

Sincerely,

**LINDSEY M. ROMANO** | Assistant Managing Partner- Bay Area Offices

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER®**
**Visit our COVID-19 HUB**

17

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-4126  |  P: 415-986-5900  |  F: 415-986-8054  |  lromano@grsm.

www.grsm.com
vCard  |  Bio  |  LinkedIn

---

**From:** Will Routt <wroutt@watsonburns.com>
**Sent:** Monday, July 25, 2022 9:57 AM
**To:** Thomas Quinn <tquinn@grsm.com>; Lillian Alves <lalves@grsm.com>; Lindsey Romano <lromano@grsm.com>
**Cc:** Craig Edgington <craig@donatilaw.com>; Brice Timmons (brice@donatilaw.com) <brice@donatilaw.com>; Mike Rosenthal <mrosenthal@hkwyolaw.com>; Nathan Nicholas <nnicholas@hkwyolaw.com>; Frank Watson <fwatson@watsonburns.com>
**Subject:** Sherman et al. v. Trinity Teen Solutions, Inc., et al., Case No. 2:20-cv-215-SWS

Counsel-

This is a consultation email.  Plaintiffs are in receipt of the Trinity Teen Defendants' Answers and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.  As I believe Craig and Brice have already discussed with you, the Trinity Teen Defendants' responses are inadequate.

Accordingly, please find attached a draft of Plaintiffs' Motion to Compel Discovery Answers and Production of Documents, and for Sanctions and Fees.  Please let us know at your earliest convenience whether the Trinity Teen Defendants can agree to some or all of the relief requested in the Motion.  If we are unable to reach agreement, Plaintiffs will be forced to seek judicial intervention.

Best,

Will

William E. Routt, III
**WATSON BURNS, PLLC**
253 Adams Avenue
Memphis, Tennessee 38103
901-529-7996
(fax) 901-529-7998
wroutt@watsonburns.com

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE PARTNER®**
http://www.grsm.com