Thomas Quinn (WY: #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **CARLIE SHERMAN**, **ANNA GOZUN**, and **AMANDA NASH**; on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> **TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD**; **KARA WOODWARD**; **KYLE WOODWARD; and DALLY-UP, LLC,** <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Doc. No. 20-CV-215-SWS <br><br> **DEFENDANTS' PROPOSED SCHEDULING ORDER** |

Defendants Trinity Teen Solutions, Inc. (TTS), Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally Up, LLC ("TTS Defendants") hereby offer their proposed scheduling order. The parties have conferred both telephonically and by exchanging drafts regarding the proposed scheduling order following the Court's grant of class certification. They are not able to agree. Accordingly, the parties submit separate proposed scheduling orders.

**PROCEDURAL HISTORY**

1.  The Court entered its original Scheduling Order on January 13, 2022. (Doc. 179).

1

2. The Court denied Plaintiff's Motion for Class Certification on October 5, 2022. (Doc. 247).

3. Plaintiffs filed a Motion to for a Stay on November 8, 2022 after filing an appeal of the Court's denial of their Motion for Class Certification. (Doc. 250).

4. The Tenth Circuit agreed to hear Plaintiffs' appeal on December 6, 2022. (Doc. 253 p. 2)

5. The Court entered a stay the same day. (Doc. 253).

6. The Tenth Circuit vacated the Court's denial of class certification on October 31, 2023. *Sherman v. Trinity Teen Solutions*, 84 F. 4th 1182 (10th Cir. 2023).

7. The Court granted class certification following remand by the Tenth Circuit on April 22, 2024. (Doc. 286) based on the following class definition: "From November 27, 2010, to the present, Plaintiffs, and all similarly situated persons who received treatment from Defendant Trinity Teen Solutions, Inc. and were subject to the provision of "agricultural labor" (as defined [in] 26 CFR § 31.3121(g)(1)) or any other manual labor to one or more of the Defendants without payment for said labor." (Doc. 286 p. 30). The Court stated: "[a]ll elements of all claims are certified for consolidated litigation within the class action, but upon a party's motion the Court will consider separately trying certain issues, such as damages and/or parental consent, if they prove too unwieldy for consolidated disposition." The Court additionally concluded as follows:

   i. **Class membership**. "Consulting Trinity's records can readily show who was a resident in the program during the relevant time and can also indicate, at least circumstantially, what labor they performed." (Doc. 286 p. 9). "Additionally, using much the same evidence would allow Trinity to challenge a person's membership in the proposed class by suggesting a class member was not a resident during the relevant time or was not subjected to the provision of labor."

ii. **Damages**. "The Court continues to find the issue of determining each class members' alleged damages does not lend itself well to classwide proof and weighs as a non-common, individual issue." (*Id*. at p. 21) (*see also* "…individual damages may demand separate determinations" at p. 28).

iii. **Actual Labor Performed**. "[E]vidence of the labor performed by the residents is not limited to common, classwide proof, as individual inquiry into each resident's work can also be an important source of evidence, and counter-evidence, on this question." (*Id*. at p. 24).

iv. **Defendants' Participation in A Venture**. "Evidence of Defendants' alleged benefit from their participation in the venture is subject to both classwide and individual examination." (*Id*. at p. 24).

v. **Parental Consent**. "The Court continues to find that this issue, perhaps better described as a potential defense, does not lend itself well to classwide proof." (*Id*. at p. 26).

8. By the time the Court entered the stay on December 6, 2022, the following deadlines passed:

    i. Motion to Amend or Join Parties. (Doc. 179, p. 5).

    ii. Motion to Dismiss Newly Amended Pleadings. (Doc. 179, p. 5).

    iii. Plaintiff Expert Designation. (Doc. 179, p. 6).

    iv. Defense Expert Designation. (Doc. 179, p. 6).

    v. Expert witness Depositions. (Doc. 179, p. 6).

    vi. Expert witness Supplementation. (Doc. 179, p. 6).

    vii. Listing of Other Witnesses. (Doc. 179, p. 8).

    viii.    First depositions. (Doc. 179, p. 8).

    ix.    Written discovery. (Doc. 179, p. 8).

9.  The following deadlines remained by the time the Court entered the stay on December 6, 2022:

    i.    Expert witness Supplementation: December 8, 2022 (2 days remaining). (Doc. 179, p. 6).

    ii.    Discovery cutoff: December 8, 2022 (2 days remaining). (Doc. 179, p. 8).

    iii.    Designated depositions: December 8, 2022 (2 days remaining). (Doc. 179, p. 8).

    iv.    *Daubert* motion filing and briefing: December 23, 2022-January 13, 2022 (17-38 days remaining). (Doc. 179, p. 7).

    v.    Dispositive motions filing and briefing: January 19, 2023-February 2, 2023 (44-58 days remaining). (Doc. 179, p. 8)

    vi.    Dispositive motions hearing: February 16, 2023 (72 days remaining). (Doc. 179, p. 9).

    vii.    Fact stipulations: May 4, 2023 (149 days remaining). (Doc. 179, p. 9).

    viii.    Motions in limine filing and briefing: May 4, 2023-May 11, 2023 (149-156 days remaining). (Doc. 179, p. 9).

    ix.    Independent medical examinations: at any time up 5 weeks prior to trial. (Doc. 179, p. 10).

    x.    Exchange witness and exhibit lists: 10 days prior to final pretrial conference. (Doc. 179, p. 11).

    xi.    Final pretrial order: 7 days prior to final pretrial conference. (Doc. 179, p. 10).

    xii.    Final pretrial conference: May 15, 2023 (160 days remaining). (Doc. 179, p. 10).

xiii.    Proposed voir dire questions, jury instructions, special verdict form, joint case
          statement: 7 days prior to commencement of trial. (Doc. 179, pp. 14, 15)

xiv.     Jury trial: June 5, 2023 for 10 days (181 days remaining) (Doc. 179, p. 14)

**Defendants' New Proposed Pretrial Deadlines**

i.    **Class Action Notice**. Defendants propose that they may challenge a "person's
       membership in the proposed class." (Doc. 286, p. 9). Plaintiffs disagree.  Defendants'
       propose multiple class action notices as set forth below. Plaintiffs disagree with
       multiple class action notices. The Court is authorized to require multiple notices
       pursuant to FED.R.CIV.P. Rule 23(d) which states:

       (d) CONDUCTING THE ACTION.

           (1) *In General.* In conducting an action under this rule, the court
       may issue orders that:
           (A) determine the course of proceedings or prescribe measures
       to prevent undue repetition or complication in presenting evidence
       or argument;
           (B) require—to protect class members and fairly conduct the
       action—giving appropriate notice to some or all class members of:
           (i) any step in the action;
           (ii) the proposed extent of the judgment; or
           (iii) the members' opportunity to signify whether they consider
       the representation fair and adequate, to intervene and present
       claims or defenses, or to otherwise come into the action;

       (Emphasis supplied). Accordingly, the TTS Defendants propose the following
       deadlines:

       a)    Submission of Parties' proposed class notice for approval to the Court: **May
              31, 2024**.

       b)    Defendants to submit to Plaintiffs a complete list of all persons who
              received treatment from Defendant Trinity Teen Solutions, Inc. from

November 27, 2010, to present, and their last known physical address: **June 7, 2024**.

    c) Deadline to establish notice website or publish notice of class certification in national media sources: **June 28, 2024.**

    d) Deadline to direct mail class notices to each class member: **June 28, 2024.**

    e) Time Period to opt out – TBD by Court.

ii.   Expert witness Depositions: July 31, 2024.

iii.  Expert witness Supplementation: August 20, 2024.

iv.  Discovery cutoff: August 20, 2024.

v.   Designated depositions: August 20, 2024.

ii.   *Daubert* motion filing and briefing:

    a) Motions by September 3, 2024

    b) Oppositions by September 17, 2024

iii.  Dispositive motions

    a) Motions by October 25, 2024

    b) Opposition by November 8, 2025.

iv.  Dispositive motion hearing: November ___

v.   Fact stipulations: December 17, 2024

vi.  Motions in limine

    a) Initial motions; January 14, 2025

    b) Oppositions: January 28, 2025

vii.  Independent medical examinations: at any time up 5 weeks prior to trial. (Doc. 179, p. 10).

    viii.    Independent medical examiner deposition: Any time prior to the commencement of trial. (Doc. 179, p. 10).

    ix.    Exchange witness and exhibit lists: 10 days prior to final pretrial conference. (Doc. 179, p. 11).

    x.    Final pretrial order: 7 days prior to final pretrial conference. (Doc. 179, p. 10).

    xi.    Final pretrial conference: May 15, 2023 (160 days remaining). (Doc. 179, p. 10).

    xii.    Proposed voir dire questions, jury instructions, special verdict form, joint case statement: 7 days prior to commencement of trial.

**Jury Trial with Class Representatives Carlie Sherman, Anna Gozun, and Amanda Nash: 10 Days**

Defendants propose a jury trial regarding liability only.

February 2025

Plaintiffs disagree with Defendants' proposal of Phase II and Phase III in their entirety.

**Class Membership Determination Phase II**

    i.    Challenges to "person's membership in the proposed class" by ___. *Id.* (Doc. 286, p. 9).

    ii.    Court order re Phase II of class membership determination

    iii.    Additional class notice.

**Liability Phase II: Individualized Determination of Defendant Benefit from Participation in a Venture**

    "Evidence of Defendants' alleged benefit from their participation in the venture is subject to both classwide and individual examination." (Doc. 286, p. 24).

**Liability Phase III: Individualized Assessments of Parental Consent**

Doc. 286, p. 26

**Class Membership Determination Phase III**

    i.    Challenges to "person's membership in the proposed class" by ___. *Id.* (Doc. 286, p. 9).

   ii.    Court order re Phase III of class membership determination

  iii.    Parties' submission of proposed class notice.

**Post-Trial**

    i.    Motions to Modify or Decertify Class (prior to entry of final judgment)

   ii.    Individualized Damages Assessments

  iii.    Motions for Attorneys' Fees and Costs

  iv.    Objections to Motions For Attorneys' Fees and Costs

Respectfully submitted this 21st day of May 2024.

/s/ *Thomas B. Quinn*
/s/ *Lillian Alves*
/s/ *Lindsey Romano*
Thomas Quinn (WY: #5-2630)
Lillian L. Alves (Pro Hac Vice)
Lindsey M. Romano (Pro Hac Vice)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

***Attorneys for Defendants Trinity Teen Solutions,***
***Angela Woodward, Jerry Woodward, Kyle***
***Woodward, Kara Woodward, and Dally-Up, LLC***

## CERTIFICATE OF SERVICE

I certify that on this 21st day of May 2024 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to all attorneys of record.

*/s/  Karla Freeman*
For Gordon Rees Scully Mansukhani, LLP