Thomas Quinn (WY: #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN**, **ANNA GOZUN**, and **AMANDA NASH**; on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> **TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **ANGELA C. WOODWARD; JERRY D. WOODWARD**; **KARA WOODWARD**; **KYLE WOODWARD**; and **DALLY-UP, LLC**, <br><br> Defendants. | Civil Doc. No. 20-CV-215-SWS <br><br> **TTS DEFENDANTS' OPPOSITION TO PLAINTIFFS'MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER, FOR EXTENSION OF TIME, AND TO SUBSTITUTE EXPERT WITNESS** |

Defendants Trinity Teen Solutions, Inc. (TTS), Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally Up, LLC ("Defendants") oppose Plaintiffs' requests to: (1) Amend the scheduling order; (2) Substitute their expert witness; and (3) For 30 days to "amend and supplement Plaintiffs' expert opinions" via an unidentified "replacement expert." Plaintiffs have unreasonably delayed and now seek to file a future report by a new expert and call it a

1

"supplement" in order to rehabilitate Dr. Boyd's past deficient report. The motion should be denied.

## TIMELINE

**November 25, 2020**: Plaintiffs file their class action Complaint. [Doc. 1].

**August 12, 2022**: Plaintiffs submit Dr. Sara Boyd's report in support of their Motion for Class Certification. [Doc. 216-2] The opinion, dated August 9, 2022, relied entirely on Dr. Boyd's discussions with six former residents, including the named Plaintiffs, conducted between November 23, 2020 and September 13, 2021. Defendants objected to the report due to its unreliability and requested *Daubert* briefing to the extent the Court intended to rely on any aspect of the report in issuing its opinion. [Doc. 224, pp. 4-5]. Defendants attached an example of Dr. Boyd's past exclusion as an expert in federal court in 2018 for similar issues. [Doc. 224-1].

**August 26, 2022**: Defendants filed a report by its expert, Dr. Karen Fukutaki, setting forth her opinion that Dr. Boyd's opinions were biased and failed to meet forensic evaluation standards. [Doc. 225-2].

**September 14, 2022**: Plaintiffs endorse the identical opinion by Dr. Boyd in support of their liability claims. [Doc. 233]. They stated they intended to supplement Dr. Boyd's report after she had a chance to review "new discovery documents." [Doc. 233]. The "new discovery documents" refer to class member discovery, not named Plaintiffs discovery [Doc. 209]. (Judge Rankin's August 12, 2022 discovery order pertaining to class member records disclosure).

**September 20, 2022**: Defendants moved to strike Dr. Boyd's opinion on the basis that it did on comply with Fed.R.Civ.P. 23(a). [Doc. 237]. Specifically, Defendants objected to Plaintiffs' representation that they would file a supplement based on receipt of additional discovery.

2

Defendants summarized the several thousand pages of discovery, including Plaintiff treatment records, in Plaintiffs' possession between February 1, 2022 and July 15, 2022. [Doc. 237, pp. 2-3]. Plaintiffs have never contested this. They had the named Plaintiffs TTS treatment records in their possession for over six months by the time Dr. Boyd issued her August 9, 2022 opinion that did not cite to a single page of the records.

**September 27, 2022**: Plaintiffs filed their opposition essentially arguing *Daubert* factors and stating again they would filed a supplement based on Defendants "244,000 page document production…*after* Plaintiffs were required to file their Motion for Class Certification." [Doc. 242].

**October 4, 2022**: Defendants filed their reply raising, again, Plaintiffs lack of diligence and the impropriety of their plan to rehabilitate Dr. Boyd's deficient opinion by filing a "supplement" in the future. [Doc. 246].

**October 5, 2022**: The Court denied Defendants' motion to strike without prejudice in its denial of Plaintiffs' Motion for Class Certification giving Defendants leave to "re-raise the issue via *Daubert* challenge." [Doc. 247, pp. 16-17]

**December 6, 2022**: The Court stayed the litigation during the pendency of Plaintiffs' interlocutory appeal of the denial of their motion for class certification two days prior to the deadline for expert report supplementation. [Doc. 253] [Doc. 179, p. 6].

**October 31, 2023**: The Tenth Circuit Court of Appeals vacated the Court's denial of class certification and remanded the case for further proceedings. [Doc. 265-2].

**April 22, 2024**: The Court granted class certification following remand. [Doc. 286].

**May 24, 2024**: The Court entered a new scheduling order. [Doc. 295]. Plaintiffs agreed to the deadlines, including expert supplementation by September 27, 2024 and *Daubert* briefing November 1, 2024-November 22, 2024. [Doc. 295, p. 2].

**September 23, 2024**: The Court entered an order denying Defendants' past motion to strike Dr. Boyd as moot without prejudice but "incorporating some or all of the designation issues as part of a future Rule 702/*Daubert* challenge, if Defendants determine such is warranted and appropriate."

**September 27, 20224**: Defendants timely-filed their expert designation, to include a past November 14, 2022 report issued by Dr. Boyd responding to defense experts criticisms of her opinions. [Doc. 307, 307-2].

At 3:38pm, counsel Nathan Nicholas sent the following e-mail to defense counsel: "Thomas, Lillian, or Lindsey, Would one of you please give me a call this afternoon if you have a moment? I've left a voicemail with Thomas last week, but never heard back. We would like to confer on some issues we've ecountered." [*sic*]. At 4:58pm Mountain, Plaintiffs filed the instant motion. [Doc. 308]. Defense counsel Quinn and the undersigned had out of office auto-replies in effect explaining to e-mail senders that they were out of the office until October 16, 2024 and September 30, 2024, respectively. In their motion, Plaintiffs state that counsel Quinn "never returned" their call and that "no response was received" to the same-day e-mail "conferral." [Doc. 308, p. 3]

Plaintiffs state: "On Friday, September 20, 2024, Dr. Boyd sent an e-mail simply stating she would no longer be available for this matter" and "After multiple attempts to reach Dr. Boyd, it was finally revealed that a conflict had emerged." [Doc. 308, p. 2]. Plaintiffs also call this a "newfound conflict of interest." *Id*. They give no hint as to the nature of the conflict. They also

4

claim to have identified a "replacement expert" and request 30 days to "amend and supplement" expert opinion." [Doc. 308, p. 2]. They claim this will not "greatly prejudice the parties, nor will it have an impact on the existing scheduling order and trial dates." *ID*.

## DISCUSSION

1. Plaintiffs failed to confer. Local rule 7.1(b)(1)(A) requires that the moving party state "specific efforts to comply with [the conferral rule for non-dispositive motions." Plaintiffs do not state when they contacted Mr. Quinn, the content of the message they left, or how long they waited until following up with the e-mail to all defense counsel sent not even 90 minutes before filing their motion. That message does not state what they wish to talk about outside of "some issues." There is no indication that Plaintiffs communicated their intention to file a motion. Local Rule 7.1(b)(1)(A) also states "A motion may be summarily denied for failure to certify conferral." That is appropriate here.

2. Plaintiffs are seeking improper expert opinion supplementation. Rule 26(e)(1) does not permit parties to produce "supplemental reports whenever they believe such reports would be 'desirable' or 'necessary' to their case," and supplemental reports are permitted "(1) upon court order; (2) when the party learns that the earlier information is inaccurate or incomplete; or (3) when answers to discovery requests are inaccurate or incomplete." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005). Although parties are permitted to supplement expert disclosures, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 2007 WL 1306759 *4

5

(D.N.M. April 20, 2007) (quoting *Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)). Plaintiffs have had multiple opportunities to supplement since they first disclosed Dr. Boyd over two years ago as outlined above. The District of Wyoming has denied simply efforts to "backdoor" expert opinions for failure to abide by the Court's scheduling order. *See e.g. Williams v. Vail Resorts Development Co.*, 2003 WL 25768659 at *4 (D. Wyo. Nov. 3, 2003) (Noting "I[i]f parties are allowed to supplement their expert designations after the scheduled deadline without leave of the Court, such would make deadlines meaningless.")

3. Defendants will be prejudiced by a new expert and late disclosure. Permitting late supplementation of expert reports also has the effect of denying the opposing party the opportunity to file a meaningful *Daubert* motion as to questionable expert testimony. See *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Public Schools*, 455 F. Supp. 2d 1286, 1299 (D.N.M. 2006). Here, the 30-day extension would require resetting all case deadlines, including the November *Daubert* briefing schedule. Defendants would be forced to go to trail without an opportunity to depose the new expert. Defendants prepared their case on time. Plaintiffs agreed to the deadlines the Court imposed. They want to "supplement" now that they have Defendants' supplemental reports in hand to send to their new expert.

## CONCLUSION

For the foregoing reasons, Defendants request that Plaintiffs' motion to supplement, substitute the expert, and extend deadlines be denied.

Respectfully submitted,

/s/*Thomas Quinn*
/s/*Lillian L. Alves*
Thomas Quinn (WY: #5-2630)
Lillian L. Alves (Pro Hac Vice)
Lindsey M. Romano (Pro Hac Vice)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

***Attorneys for Defendants Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kyle Woodward, Kara Woodward, and Dally-Up, LLC***

## CERTIFICATE OF SERVICE

  I certify that on this 2nd day of October 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to all attorneys of record.

               */s/ Linda S. Montoya*
               For Gordon Rees Scully Mansukhani, LLP