Bryce W. Ashby (TN Bar #26179) *(Pro Hac Vice)*
Melissa J. Stewart (TN Bar #40638) *(Pro Hac Vice)*
1545 Union Ave.
Memphis, TN 38103
(901) 278-1004 – Phone
(901) 278-3111 – Facsimile
bryce@donatilaw.com
melissa@donatilaw.com

Michael Rosenthal, WSB #5-2099
Nathan Nicholas, WSB #7-5078
Kelsey Prestesater, WSB #8-7234
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
Fax:  (307) 634-0985
mrosenthal@hkwyolaw.com
nnicholas@hkwyolaw.com
kprestesater@hkwyolaw.com

William F. Burns (TN Bar #17908) (*Pro Hac Vice*)
Frank L. Watson, III, (TN Bar #15073) *(Pro Hac Vice*)
William E. Routt, III, (TN Bar #28577) *(Pro Hac Vice)*
Craig A. Edgington (TN Bar #38205) (*Pro Hac Vice*)
Watson Burns, PLLC
253 Adams Avenue
Memphis, TN 38103
(901) 529-7996
bburns@watsonburns.com
fwatson@watsonburns.com
wroutt@watsonburns.com
cedgington@watsonburns.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN**, **ANNA GOZUN**; and **AMANDA NASH** on behalf of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD**; | Civil Doc. No. 20-CV-215-SWS |

1

| | |
|---|---|
| **KARA WOODWARD**; **KYLE WOODWARD**; and **DALLY-UP, LLC,** a Wyoming limited liability corporation, <br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

COMES NOW, Plaintiffs Carlie Sherman, Anna Gozun, and Amanda Nash (collectively "Named Defendants"), on behalf of themselves and the Class[1] as certified by this Court on April 22, 2024 (*See* ECF No. 286) (hereinafter "Plaintiffs"), hereby respond in opposition to *Defendants' Motion for Partial Judgment on the Pleadings* (ECF No. 309). In support of their opposition, Named Defendants state as follows:

### RELEVANT FACTS

On February 12, 2021, Named Plaintiffs filed the First Amended Complaint (ECF No. 106)[2] in this matter on behalf of themselves and all other similarly situated former patients of Trinity Teen Solutions, Inc. In the First Amended Complaint, Plaintiffs referred to each of the Defendants collectively as "Defendants." (ECF No. 106, p. 3). This collective tag included Defendants Kara Woodward and Kyle Woodward. (*Id.*).

On March 26, 2021, Defendants Trinity Teen Solutions, Angela Woodard, Jerry Woodward, Kyle Woodward, and Dally-UP, LLC ("collectively, "Trinity Defendants"), filed their joint *Motion to Dismiss Plaintiff's First Amended Class Action Complaint* (ECF No. 123).

---

[1] The class was defined by this Court as all people from November 27, 2010, to present, who received treatment from Defendant Trinity Teen Solutions, Inc. and were subjected to the provisions of "agricultural labor" (as defined [in] 26 CFR § 31.3121(g)(1)) or any other manual labor to one or more of the Defendants without payment for said labor.
[2] The First Amended Complaint is the operative complaint in this matter.

2

On November 30, 2021, this Court overwhelming rejected the Trinity Defendants' Motion to Dismiss, with the exception of RICO claims and state law negligence claims. (*See* ECF No. 157, p. 26). The Court ruled that "[t]he amended complaint states plausible claims concerning force labor under 18 U.S.C. §§ 1589(a) . . ., 1589(b), and 1590(a) against TTS Defendants." This assertion included Defendants Kara and Kyle Woodward for their actions once becoming employees of TTS.

On December 15, 2021, the Trinity Defendants jointly filed their *Answer to First Amended Complaint* (ECF No. 168).

In the Named Plaintiffs' First Amended Complaint, the Named Plaintiffs asserted that Defendant Kara Woodward was an owner, manager, and/or member of TTS and Dally-Up. Also, Named Plaintiffs asserted that Defendant Kara Woodward serves as the Staff Supervisor of TTS. (*Id.* at p. 17, ¶ 40). In response to Plaintiff's First Amended Complaint, Defendants admitted that Defendant Kara Woodward operated at TTS on a supervisory role after the discharge dates of the Named Plaintiffs. (ECF No. 168, at p. 8, ¶40).

In the Named Plaintiffs' First Amended Complaint, the Named Plaintiffs asserted that Defendant Kyle Woodward was an owner, manager, and/or member of TTS and Dally-Up. Also, Named Plaintiffs asserted that Defendant Kyle Woodward served as the Assistant Director and Marketing Director of TTS. (*Id.* at p. 17, ¶ 41). In response to Plaintiff's First Amended Complaint, Defendants admitted that Defendant Kyle Woodward began working at TTS on or about January 2015. (ECF No. 168, at p. 8, ¶41).

Furthermore, Named Plaintiffs asserted that at some time after 2010 that both Defendants Kara and Kyle Woodward became active employees of TTS and therefore benefitted from the forced labor and human trafficking executed by TTS. (ECF No. 106, p. 36, ¶ 111). Again,

Defendants admitted that Kara and Kyle Woodward became employees of TTS after 2010. (ECF No. 168, p. 19, ¶ 111).

Additionally, in the First Amended Complaints, Named Plaintiffs alleged that **each** of the Trinity Defendants "knowingly provided or obtained the labor services of Plaintiff and members of the putative class by means of force, threats of force, physical restraint, or threats of physical restraint in violation of 18 U.S.C. § 1589(a). (ECF No. 106, p. 59, ¶ 161). They also alleged that each of the Trinity Defendants "knowingly provided or obtained the labor services of Plaintiffs and members of the putative class by means of serious harm or threats of harm in violation of 18 U.S.C. § 1589(a). (*Id.* at ¶ 162). Finally, the Named Plaintiffs alleged that each of the Trinity Defendants "knowingly provided or obtained the labor services of Plaintiffs and members of the putative class by means of a scheme, plan, or pattern intended to cause services of Plaintiffs and members of the putative class to believe that, if they did not perform such labor services, they would suffer serious harm or physical restraint in violation of 18 U.S.C. § 1589(a). (*Id.* at ¶ 163).

Named Plaintiffs alleged similar allegations in the First Amended Complaint against Defendants Kyle Woodward and Kara Woodward, under both 18 U.S.C. §§ 1589(b) and 1590(a). (*Id.* at pp. 60-61, ¶¶ 163 – 175).

Any person who benefitted financially and/or received anything of value from participating in a venture which engaged in the trafficking of forced labor can be held accountable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and that is the case in this matter and this Court has already ruled that Plaintiffs satisfied the legal standards under Rule 12(b)(6) for this suit to continue against Defendants Kyle Woodward and Kara Woodward under the TVPRA.

## ARGUMENT

### A. Legal Standard

A ruling on a motion for judgment on the pleadings under Rule 12(c) is generally treated as a motion to dismiss under Rule 12(b)(6). *Alt. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). *See also Sanchez v. U.S. Dept. of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (noting application of Rule 12(b)(6) standard to Rule 12(c) claims).

> In a 12(c) motion, a trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. For the purposes of the motion, the court must take the well-pleaded factual allegations in the non-movant's pleading as true.

*Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir, 1991). Taking all of Plaintiffs' well-pleaded factual allegations found within their First Amended Complaint as true, this Court should deny *Defendants' Motion for Partial Judgment on the Pleadings* (ECF No. 309).

### B. Plaintiffs have met their burden under Rule 12(c) to state a plausible claim against Defendants Kyle and Kara Woodward

When considering a Rule 12(c) motion, facts subject to judicial notice may be considered. Specifically, this Court is allowed to take judicial notice of its own files and records in this matter, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (quotations omitted). As such, Plaintiff avers that this Court should take judicial notice of Plaintiffs' *Motion for Class Certification* (ECF No. 215), Plaintiffs' *Affidavits in Support of Plaintiffs' Motion for Class Certification* (ECF Nos. 215-1 – 215-36), Defendants Kyle Woodward and Jerry Woodward's depositions filed in support of said motion (ECF Nos. 216-3, 216-4), Plaintiffs' *Supplemental Brief for Class Certification* (ECF No. 235), and Plaintiffs' *Response in Opposition to Defendants' Objection to Plaintiff's Expert and Motion to Strike*(ECF No. 242).

To begin, thirty-six (36) class members provided affidavits in support of class certification alleging actions taken by both Kyle and Kara Woodward towards the class members:

> Trinity Teen Solutions, its employees, agents, or staff, including, but not limited to, Defendant Angela Woodward, Jerry Woodward, **Kara Woodward, and Kyle Woodward** (collectively "Defendants") knowingly provided or obtained my labor services and the labor services of other putative class members by means of force, threat of force, physical restraint, or threats of physical restraints.

Plaintiffs' *Affidavits in Support of Plaintiffs' Motion for Class Certification* (ECF Nos. 215-1 – 215-36, ¶ 4) (emphasis added). Each girls' affidavit then lays out the exact example of force, threat of force, physical restraint, or threat of physical restraint they suffered while at TTS.

Additionally in this matter, Defendant Kyle Woodward was deposed and his full transcript is in the record. During his deposition, he admitted to serving as the assistant director of TTS since 2015. Furthermore, he testified that he witnessed female mental health residents of TTS conducting the following typical duties of a ranch hand at TTS since 2015: loading and unloading hay, clearing fields for planting, conducting irrigation, mending fences, cleaning buildings on the ranch, cooking, disposing of dead animals, the administration of vaccines, the castration of animals, cleaning of ranch vehicles, the feeding of animals, and the grooming of animals. (ECF No. 215, p. 7; *See also* ECF No. 216-3, K. Woodward Dep. pp. 23:20 – 25:24, 28:12 – 31:20). Despite not compensating the girls at TTS for their own labor, affirmed that during his term as Assistant Director, TTS employed ranch hands, one at a rate of $10-$12 per hour, in the past to do the same type of work the girls performed on a regular basis. (ECF No. 216-3, K. Woodward Dep. pp. 23:18-31:20).

Just one example of Defendant Kyle Woodward's actions in participation of the recruitment scheme is found in Plaintiffs' *Supplemental Brief for Class Certification* (ECF No. 234). In this matter, Defendant Angela Woodward admittedly authorized Defendant Kyle

Woodward to create a false 5-star review of Trinity Teen Solutions to be posted on Facebook on April 30, 2015, for the fictitious Facebook profile under the name Laura Andreson. Defendant Kyle Woodward utilized the photo of a murder victim taken from a newspaper and used this profile to create a false advertisement of a positive experience at TTS. (*See Id.*, pp. 8-9). This false Facebook advertisement was still active as of the time of Kyle's deposition. (*Id.*, p. 9).

In this matter, Defendant Jerry Woodward was deposed, and his full transcript is in the record. During his deposition he admitted that Kara Woodward has handled insurance billing since she became an employee. (ECF No. 216-4, p. 94:7-13). Plaintiffs allege that Trinity Defendants profited from the scheme of forced labor, and part of that scheme involved fraudulent medical treatment and the billing of such treatment to insurance companies. (ECF No. 242, pp. 5-7).

Defendant Kara Woodward also took on the role of managing Trinity Teen Solutions' Facebook page and failed to take down the known false review/advertisement. (ECF No. 216-3). Since 2015 the only people that managed the TTS Facebook page were Defendants Kyle and Kara Woodward, with one of the advertisement companies potentially having access for a brief time. (*Id.*, pp. 62:24 – 63: 7).

Additionally, during her employment, Defendant Kara Woodward had supervision over the direct care staff and/or behavioral health assistants and the medical records they were placing in Plaintiffs' ICANotes. (*Id.*, p. 78:1-20). Therefore, Defendant Kara Woodward admittedly had a supervision role over the alleged employees who were directly involved in threatening of or harming Plaintiffs to produce their labor.

    C.    **Defendants Kyle and Kara Woodward's misconduct occurred during the time frame which covers this class action**

Defendants Kyle and Kara Woodward allege that because they were not present on the ranch in a major employment role during the actual times in which Named Plaintiffs were

7

residents, that they somehow escape liability. (*See generally* ECF No. 309-1, pp. 3 – 11). Both Defendants Kyle and Kara Woodward served as employees at Trinity Teen Solution after 2015. The class allegations range from 2010 to present. During this time, both Defendants served in supervisory roles, including over both the behavioral health assistants and class members. Furthermore, they were both in charge of marketing for TTS while the entity marketed with at least one known false review that utilized the photograph of a murder victim. The very fact that each of them derived their paycheck for over half a decade from TTS even as they witnessed TTS exploit minor children for labor is enough to defeat their Hail Mary attempt to escape liability in this matter. Even worse, both of these individuals served as supervisors of the people threatening or harming the Class Members and/or either did not prevent the harm or threat of harm from occurring or more accurately actually threatened or harmed the girls themselves.

## **CONCLUSION**

For the foregoing reasons, this Court should take all of Plaintiffs' well-pleaded factual allegations found within their First Amended Complaint as true and deny *Defendants' Motion for Partial Judgment on the Pleadings* (ECF No. 309).

Respectfully submitted,

/s/Craig A. Edgington
Craig A. Edgington (TN Bar #38205) (*Pro Hac Vice*)
William F. Burns (TN Bar #17908) (*Pro Hac Vice*)
Frank L. Watson, III, (TN Bar #15073) (*Pro Hac Vice*)
William E. Routt, III, (TN Bar #28577) (*Pro Hac Vice*)
Watson Burns, PLLC
5865 Ridgeway Center Parkway, Suite 300
Memphis, TN 38120
(901) 529-7996
cedgington@watsonburns.com
bburns@watsonburns.com
fwatson@watsonburns.com
wroutt@watsonburns.com

>Michael Rosenthal, WSB #5-2099
>Nathan Nicholas, WSB #7-5078
>Kelsey Prestesater, WSB #8-7234
>Hathaway & Kunz, LLP
>P.O. Box 1208
>Cheyenne, WY  82003-1208
>(307) 634-7723
>Fax:  (307) 634-0985
>mrosenthal@hkwyolaw.com
>nnicholas@hkwyolaw.com
>kprestesater@hkwyolaw.com
>
>Bryce W. Ashby (TN Bar #26179) *(Pro Hac Vice)*
>Melissa J. Stewart (TN Bar #40638) *(Pro Hac Vice)*
>1545 Union Ave.
>Memphis, TN 38103
>(901) 278-1004 – Phone
>(901) 278-3111 – Facsimile
>bryce@donatilaw.com
>melissa@donatilaw.com
>
>*ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of October 2024, a true and correct image of the foregoing was served via email upon the following:

Thomas Quinn (WY: #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com
*Attorneys for Defendants*

>*/s/ Craig A. Edgington*