Thomas Quinn (WY: #5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN**, **ANNA GOZUN**, and **AMANDA NASH**; on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **ANGELA C. WOODWARD; JERRY D. WOODWARD**; **KARA WOODWARD**; **KYLE WOODWARD**; and **DALLY-UP, LLC,**<br><br>Defendants. | Civil Doc. No. 20-CV-215-SWS<br><br>**REPLY IN SUPPORT OF TTS DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Defendants Trinity Teen Solutions, Inc. (TTS), Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally Up, LLC ("TTS Defendants") hereby offer their reply to Plaintiffs' opposition to Defendants' motion pursuant to FED.R.CIV.P. 12(c) for judgment on the pleadings. The TTS Defendants move to dismiss all claims against Defendants Kyle and Kara Woodward for failure to state a claim for which relief may be granted. (Doc. 313)

Plaintiffs do not deny that they have failed to state a timeframe by which Kyle or Kara Woodward acquired managerial or ownership capacity at TTS. Nor do they dispute that Kara and Kyle Woodward are near the ages of Plaintiffs themselves. "A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss. Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal punctuation omitted). Here, almost four years after filing this lawsuit, the extent of Plaintiffs' argument relies on impermissible and irrelevant facts outside of the First Amended Complaint (FAC). In short, Plaintiffs continue to draft behind allegations directed to grandparents, parents, and/or in-laws when it comes to Kyle and Kara Woodward.

Plaintiffs resort to documents outside the pleadings in attempt to sustain their claims against Kyle and Kara Woodward. They rely on *Tal v. Hogan* in support of their position asking the court to take "judicial notice" of the deposition testimony of Jerry and Kyle Woodward they submitted in support of their Motion for Class Certification. (Doc. 313, pp. 5-7). *Tal* does not stand for the proposition that there are no limitations on the use of information in court files. Documents in the Court's files "may only be considered to show their contents, not to prove the truth of the matters asserted therein." *Tal v. Hoga*n, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Here, Plaintiffs cite to these documents to prove the truth of the matters asserted. They are offering the substance of testimony Kyle and Jerry Woodward provided for the truth of their statements

2

about what they perceived at TTS. They do not offer Kara Woodward's testimony, however, as they do not dispute that they did not depose her.

Even if such "judicial notice" of Kyle and Jerry Woodward's testimony were appropriate, Plaintiffs' arguments regarding these documents does not support the claims against Kyle and Kara Woodward. Plaintiffs center their discussion on alleged employment tasks Kyle and Kara Woodward performed. To wit, they mischaracterize Defendants' argument as being that they should be dismissed because they were not "in a major employment role" when the named Plaintiffs were present. (Doc. 313, pp. 7-8). This is not Defendants' argument. The Court already ruled that Plaintiffs' theory of liability against the individual defendants stems from their alleged "ownership and/or managerial capacity." [Doc. 157, p. 6] The Court did not conclude that being an employee suffices to sustain the forced labor claims here. Accordingly, Defendants' argument here is that Plaintiffs fail to state sufficient facts of ownership and/or managerial capacity given the the undisputed circumstances of closeness in age between the named Plaintiffs, who were minors during their TTS residency, and Kara and Kyle Woodward.

To wit, Plaintiffs do not assert that either Kara or Kyle Woodward became owners, because they cannot. They assert Kara Woodward was "managing" the TTS Facebook page and handling insurance billing. (Doc. 313, p. 7). Calling performance of a particular task "managing" the task is not tantamount to being a manager at a business. Plaintiffs offer a non-sequitur about their view of dishonest Facebook activity. (Doc. 313, pp. 6-7). In addition to not being appropriate for judicial notice, this has no bearing on any element of the claims. Indeed, Plaintiffs fail to relate this argument to an element of the TVPRA.

In sum, Plaintiffs offer nothing that the Court can properly consider in salvage their insufficient claims against Kyle and Kara Woodward. They still have claims against TTS, Dally-Up, LLC, and Angie and Jerry Woodward. Defendants respectfully request that the Court grant their FED.R.CIV.P. 12(c) motion and dismiss the claims against Kyle and Kara Woodward.

Respectfully submitted this 21st day of October, 2024.

/s/ *Thomas B. Quinn*
/s/ *Lillian Alves*
/s/ *Lindsey Romano*
Thomas Quinn (WY: #5-2630)
Lillian L. Alves (Pro Hac Vice)
Lindsey M. Romano (Pro Hac Vice)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Telephone: (303) 534-5160
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

***Attorneys for Defendants Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kyle Woodward, Kara Woodward, and Dally-Up, LLC***

## CERTIFICATE OF SERVICE

I certify that on this 21st day of October 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to all attorneys of record.

>　　　*/s/ Karla Freeman*
>　　　For Gordon Rees Scully Mansukhani, LLP