

**FILED**

3:14 pm, 12/4/24

**Margaret Botkins
Clerk of Court**

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

---

**CARLIE SHERMAN**, **ANNA GOZUN**, **AMANDA NASH**, on behalf of themselves and similarly situated persons,

    Plaintiffs,

v.

**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD**; **KARA WOODWARD**; **KYLE WOODWARD**; **DALLY-UP, LLC**, a Wyoming limited liability company,

    Defendants.

Case No. 20-CV-215-SWS

---

### ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

---

This case comes before the Court on a Motion for Partial Judgment on the Pleadings (ECF 309), filed by filed by Defendants Trinity Teen Solutions, Angela Woodward, Jerry Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC (collectively, "TTS Defendants") seeking to dismiss all claims against Kara and Kyle Woodward for failure to state a claim for which relief may be granted.

The premise of TTS Defendants' argument is that Kyle and Kara Woodward are close in age to the named Plaintiffs Sherman and Nash (ECF 309 at 2) and many of the allegations are based upon events and timeframes that significantly predate when Kyle or Kara Woodward became involved in the operations of the Triangle Cross Ranch and the

Trinity Teen Solutions (TTS) program. *Id*. Defendants further assert that Kara Woodward's familial relationship to the Woodward family did not arise until her August of 2018 marriage to Kyle, which postdates the discharge dates of any of the named Plaintiffs. *Id*. Defendants request that this Court take judicial notice of the named plaintiffs' birth dates, the approximate ages of Kyle and Kara Woodward and their date of marriage. *Id*. at 2. Defendants further contend that Plaintiffs' amended complaint does not allege any dates when Kara or Kyle Woodward assumed any managerial, ownership or membership role in TTS and "proceed on a theory of liability against Kara and Kyle Woodward by way of impermissible group pleading based on allegation directed to family members." *Id*. at 2. Thus, Defendants assert "[b]ecause of how close Plaintiffs are to Kyle and Kara Woodward in age, it is not reasonable to infer that either . . . acted in such a capacity when any of the named plaintiffs were present." (ECF 309-1 at 9).

In response Plaintiffs assert that they have met their burden under Rule 12(c) and note that the claims in this matter are no longer limited to the named Plaintiffs and the dates of their presence at TTS, but include the "class" which has been certified by this Court and is defined "as all people from November 27, 2010, to present, who received treatment from Defendant Trinity Teen Solutions, Inc. and were subjected to the provisions of "agricultural labor" . . . or any other manual labor to one or more of the Defendants without payment for said labor." (ECF 313 at 1; see also Order on Class Certification, ECF 286 at 30). Plaintiffs go on to assert that this Court should take judicial notice of various motions and attachments filed with the court in support of their class certification motion and in opposition to Defendants' Motion to Strike. (ECF 313 at 5). The Court concludes that

Defendants' Motion for Judgment on the Pleadings must be denied.

## **STANDARD OF REVIEW**

Once the pleadings are closed, Federal Rule of Civil Procedure 12(c) allows a party to seek judgment based on the pleadings so long as it is early enough not to delay trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is considered under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). Where a Rule 12(b)(6) motion tests the sufficiency of the statements in the complaint, a Rule 12(c) motion "relates to the merits of the claims in the complaint; it 'has its historical roots in common law practice, which permitted either party, at any point in the proceeding, to demur to his opponent's pleading a secure a dismiss or final judgment on the pleadings." *Murphy v. Department of Air Force*, 326 F.R.D. 47, 48 (Dist. Of Columbia 2018); citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1369 (3d ed. 2004). Under Rule 12(c) the Court looks to the substantive merits of the pleadings and any judicially noticed facts. *Murphy supra* at 49.

The Court's function when considering a Rule 12(b)(6) or Rule 12(c) motion "is not to weigh potential evidence that the parties might present at trial." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). Instead, the Court examines the legal sufficiency of the complaint, and the motion should be granted "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them

in the light most favorable to the plaintiff." *Id.* (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). To overcome a Rule 12(b)(6) or Rule 12(c) motion, a complaint's factual allegations, assumed to be true, must "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original). "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). While the Court accepts the nonmoving party's well-pled factual allegations as true, it is not bound to accept an asserted legal conclusion as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). It is with these standards in mind that this Court evaluates Defendants' Motion.

## ANALYSIS

### 1. Scope of Judicial Notice

Both parties look to have this Court take "judicial notice" of various "facts" associated with their respective arguments. However, this Court may only take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

201(b). "Care must be taken that the requisite notoriety exists. Every reasonable doubt upon the subject should be resolved promptly in the negative." *The Estate of Lockett by and through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) quoting *Brown v. Piper*, 91 U.S. 37, 43, 23 L.Ed. 200 (1875). Applying these requirements courts have refused to take judicial notice of the contents of a news articles or medical records. *Id*; *see also Hill v. True*, 2021 WL 6112973 at 3 (10th Cir. Dec. 27, 2021). Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day. When courts have taken judicial notice of contents of news articles, they have done so for proof that something is publicly known, not for the truth of the article's other assertions. *See Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) ("The[ articles] serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.").

In this case Defendants request that this Court take judicial notice of the Representative Plaintiffs' (Sherman and Nash) dates of birth, the approximate ages of Kyle and Kara Woodward and the date of their marriage. (ECF 309-1at 2). Plaintiffs seek to have this Court take judicial notice of the Motion for Class Certification (ECF 215); the contents of various affidavits submitted in support of the class certification motion (ECF 215-1 thru 215-1-36); Kyle and Jerry Woodward's depositions (ECF 216-3 and 216-4); Plaintiffs' Supplemental Brief for Class Certification (ECF No. 235); and Plaintiffs' Response in Opposition to Plaintiffs' Expert and Motion to Strike (ECF 242). (ECF 313 at 5). Both parties' requests seek to have this Court take judicial notice of "facts" that exceeds the limits under Rule 201.

This Court cannot and will not take judicial notice of the truth or falsity of factual matters contained in deposition transcripts or materials filed with this Court. This Court will take judicial notice that on a certain date the brief or affidavit of a certain individual was filed, but the Court cannot take judicial notice of the facts averred or alleged within those filings.

> That the Court judicially notices the documents' existence, however, does not mean that the Court judicially notices the documents' content for the truth of the matter asserted. See Saltzburg, Federal Rules of Evidence Manual § 201.02[3], at 201–8 ("[A] court can take judicial notice that court filings contained certain allegations ..., [b]ut the truth of these allegations and findings are not proper subjects of judicial notice."). Indeed, any party can file a document in a proceeding, but that does not mean that the document's contents are beyond reproach.

*In re Santa Fe Natural Tobacco Company Marketing & Sales Practices and Products Liability Litigation*, 288 F.Supp.3d 1087, 1210 (D.N.M., 2017); *see also Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006). Plaintiffs' counsel requests this Court judicially notice the truth of the matters contained within those Court filings. That would be improper. Similarly problematic is Defendants' request to have this Court take judicial notice of the birthdates of Kyle and Kara Woodward. This request is made in the absence of any allegations or document (such as a birth certificate) contained in the pleadings or even the Court file. As to Kyle Woodward's birthdate, Defendants appear to rely upon his deposition testimony (ECF 216-3 at 16) where he identified his year of birth as being in 1992.[1] There is no date of birth provided for Kara Woodward. Their date of marriage was previously set forth in this Court's Order Granting Defendants' Joint Motion to Sever and

---

[1] Defendants' Brief cites to the Deposition with no specific page number, a practice not encouraged.

is not disputed. (ECF 178 at ¶ 8). Defendants also request and this Court can take judicial notice of the birth dates, admission dates and discharge dates of the representative plaintiffs. (ECF 309-2 and ECF 225-15). Given the absence of any objections or dispute the Court will do so, along with the dates of the other individuals listed in that document. (See ECF 225-15). However, the Court will not take judicial notice of the alleged birthdates of Kyle and Kara Woodward. Even doing so however, does not prove Kyle and Kara Woodward's entitlement to a judgment on the pleadings.

**2. Defendants Kyle and Kara Woodward are not entitled to Judgment on the Pleadings**

Plaintiffs' First Amended Complaint (ECF 106) alleges "Defendant Kara Woodward is an owner, manager, and/or member of TTS and Dally-Up. Also, Defendant Kara Woodward serves as the Staff Supervisor of TTS." *Id*. at ¶ 40.  In their Answer (ECF No. 171) Defendants asserted "that Kara Woodward took on a supervisory role at TTS after the respective discharge dates of the named Plaintiffs in this litigation . . .. The TTS Defendants deny all remaining allegations of Paragraph 40." *Id*. at ¶ 40.  As to Kyle Woodward Plaintiffs alleged "Defendant Kyle Woodward is an owner, manager, and/or member of TTS and Dally-Up. Also, Defendant Kyle Woodward is the Assistant Director and Marketing Director of TTS." (ECF 106 at ¶ 41). In response Defendants alleged "that Kyle Woodward began working at TTS on or about January 2015 . . .. The TTS Defendants deny all remaining allegations of Paragraph 41." (ECF 171 at ¶ 41). Plaintiffs go on to allege "Additionally, upon information and belief, Defendant Trinity Owners' children, Defendants Kara Woodward and Kyle Woodward, became active employees of TTS and

at all times benefited from the forced labor and human trafficking executed by Defendant Owners and TTS." (ECF 106 at ¶ 111). Defendants admitted that Kyle and Kara Woodward became employees of TTS, and that Kara was the spouse of Kyle, but denied all other allegations. (ECF 171 at ¶ 111). However, in addition to the claims of the representative Plaintiffs, Plaintiffs' First Amended Complaint asserts class action claims, which on April 22, 2024, this Court certified (See ECF 286). The class action allegations assert:

> 149.   The named Plaintiffs bring this action as a Class Action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, and pursuant to Rules 23(b)(1), 23(b)(2) and/or 23(b)(3) defines the class as follows:
>
>> From *November 27, 2010 to the present*, Plaintiffs, and all similarly situated persons who were housed at either Defendant Trinity Teen Solutions, Inc. or Defendant Triangle Cross Ranch, LLC and forced to provide manual labor *to one or more of the Defendants*.
>
> 150. Plaintiff Nash represents a subclass defined as:
>
>> From *November 27, 2017 to the present*, Plaintiffs, and all similarly situated persons within the applicable statute of limitations who were housed at Defendant Trinity Teen Solutions, Inc. who, due to the negligence of Defendant TTS, have been diagnosed with or suffer from Post-Traumatic Stress Disorder.

(ECF 106). As previously noted, this Court certified a class to include "all people *from November 27, 2010, to present*, who received treatment from Defendant Trinity Teen Solutions, Inc. and were subjected to the provisions of "agricultural labor" . . . or any other manual labor *to one or more of the Defendants* without payment for said labor." (ECF 286 at 30) (emphasis added). Defendants ignored these allegations and isolate their argument on "how close Plaintiffs are to Kyle and Kara Woodward in age, it is not reasonable to infer that either Kyle or Kara Woodward acted in such a capacity when any of the **named**

plaintiffs were present." (ECF 309-1 at 9).

As set forth in ECF 225-15 the admission and discharge dates for TTS residents varied from as early as 2009 to as late as 2020. Defendants provide this Court with no law to allow it to ignore the class allegations in the Complaint which extend from November 27, 2010 to present and are no longer limited to the representative class members. The premise upon which Defendants seek dismissal (the closeness in age between representative plaintiffs and Kyle and Kara) ignores the class certification.

Regardless, the allegations in the First Amended Complaint allege that Kyle and Kara Woodward were an owner, manager, and/or member of TTS and Dally-Up. In addition, Kara is alleged to have served as the Staff Supervisor of TTS and Kyle as the Assistant Director and Marketing Director of TTS. Contrary to Defendants' assertion, the age of Kyle and Kara Woodward do not make it unreasonable to infer they acted in those alleged capacities when either the named plaintiffs were present or during the time frame alleged, between November 27, 2020 to present. Contrary to Defendants' assertion, this is not an allegation limited to familial relationship.

Applying the same standards this Court previously found Plaintiffs' allegations sufficient to survive a motion to dismiss (ECF No. 157) against these Defendants and the Court further finds they are sufficient to survive Defendants' motion for judgment on the pleadings. Whether they survive beyond that is a question for another day.

## CONCLUSION

For the reasons set forth above the Court finds that Defendants' Motion for Partial Judgment on the Pleadings (ECF 309) must be and is hereby **DENIED.**

Dated this 4th day of December, 2024.

_____
Scott W. Skavdahl
United States District Judge