Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

Michael Rosenthal, (WSB #5-2099)
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
Fax: (307) 634-0985
mike@hkwyolaw.com

Nathan Nicholas, (WSB 7-5078)
KOCH LAW, PC
121 W. Carlson St., Ste 5
Cheyenne, WY 82009
(307) 631-6383
nnicholas@hkochlawp.com

Frank L. Watson, III (TN Bar #015073)
Craig Edgington (TN Bar #038205)
William E. Routt, III (TN Bar #028577)
William F. Burns (TN Bar#017908)
WATSON BURNS, PLLC
5865 Ridgeway Center Pkwy., Ste. 300
Memphis, TN 38120
(901) 529-7996
Fax: (901) 529-7998
fwatson@watsonburns.com
cedgington@watsonburns.com
wroutt@watsonburns.com
bburns@watsonburns.com
*ATTORNEYS FOR PLAINTIFFS*

Thomas Quinn (WY: 5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth St. Suite 3400
Denver, CO 80202
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com
*ATTORNEYS FOR DEFENDANTS*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

---

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

**CARLIE SHERMAN, and AMANDA NASH;**
on Behalf of themselves and all similarly
situated persons,                                          **CASE NO. 20-cv-215-SWS**

       **PLAINTIFFS,**

**v.**

**TRINITY TEEN SOLUTIONS, INC.,**
a Wyoming corporation; **ANGELA C.**
**WOODWARD, JERRY D. WOODWARD;**
**KARA WOODWARD; KYLE WOODWARD,**
And **DALLY-UP, LLC,** a Wyoming limited liability
Corporation,

       **DEFENDANTS.**

---

## STIPULATION OF CLASS ACTION SETTLEMENT

---

This Stipulation of Settlement ("Agreement") is entered into as of <u>May 19, 2025</u> by and among (a) Plaintiffs Carlie Sherman and Amanda Nash ("Representative Plaintiffs"), individually and on behalf of all "Class Members" as defined herein and (b) Defendants Trinity Teen Solutions, Inc., Angela C. Woodward, Jerry D. Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC ( "Defendants") in the lawsuit captioned *Sherman et al. v. Trinity Teen Solutions, Inc.* No. 2:20-cv-215-SWS ("Class Action" or "Action"). Collectively, the Representative Plaintiffs and the Defendants shall be referred to as "the Parties."

### 1.0    DEFINITIONS

The following terms shall be defined as follows:

1.1    "Administrator" shall mean a third-party administrator chosen by Class Counsel and approved by the Court to assist in administering and implementing the Settlement.

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

1.2    "CAFA Notice" means the notice of the proposed settlement in compliance with the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

1.3    "Claim Deadline" means the time period during which a Class Member may submit a claim form, which is the period beginning when the settlement administrator last mails the notice and ending forty-five days later.

1.4    "Claim Form" refers to the form by which Class Members seek benefits under this Settlement Agreement, attached as Exhibit 1 to this Settlement Agreement.

1.5    "Class" means, pursuant to Court's certification of the class, "[f]rom November 27, 2010, to the present, Plaintiffs, and all similarly situated persons who received treatment from Defendant Trinity Teen Solutions, Inc. and were subject to the provision of "agricultural labor" (as defined [in] 26 CFR § 31.3121(g)(1)) or any other manual labor to one or more of the Defendants without payment for said labor." For purposes of this Settlement only, the Parties agree that this Class definition applies to all Representative Plaintiffs Class Members. Genevieve Newsom and Madison Meier are excluded from the Class because they timely opted out.

1.6    "Class Counsel" means individually and collectively, the attorneys and law firms approved and appointed by the Court to represent the Class, including:

| | | |
|---|---|---|
| Frank L. Watson, III | Michael Rosenthal | Nathan Nicholas |
| William F. Burns | HATHAWAY & KUNZ, LLP | KOCH LAW, PC |
| William E. Routt, III | P.O. Box 1208 | 121 W. Carlson St., Ste 5 |
| William F. Burns | Cheyenne, WY 82003-1208 | Cheyenne, WY 82009 |
| Craig Edgington | (307) 634-7723 | (307) 631-6383 |
| WATSON BURNS, PLLC | Fax: (307) 634-0985 | nnicholas@hkochlawp.com |
| 5865 Ridgeway Ctr Pkwy, Ste. 300 | mike@hkwyolaw.com | |
| Memphis, TN 38120 | | |
| fwatson@watsonburns.com | | |
| bburns@watsonburns.com | | |
| wroutt@watsonburns.com | | |
| cedgington@watsonburns.com | | |

1.7     "Class Member" means a member of the Class who has not already opted out of the Class.

1.8     "Class Notice" means the notice of the proposed settlement to be provided to Class Members ("Exhibit 2" hereto).

1.9     "Class Period" means the following time period: from November 27, 2010, until Final Approval of this Class Settlement.

1.10    "Court" means the United States District Court, District of Wyoming, in which the Action is pending.

1.11    "Defendants" means Trinity Teen Solutions, Inc., Angela C. Woodward, Jerry D. Woodward, Kara Woodward, Kyle Woodward, and Dally-Up, LLC.

1.12    "Defendants' Counsel" means:

Thomas Quinn (WY: 5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth St. Suite 3400
Denver, CO 80202
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

1.13    "Doc." is a citation by document number filed in District of Wyoming case *Sherman et al. v. Trinity Teen Solutions, Inc.* No. 2:20-cv-215-SWS.

1.14    "Effective Date" means the date upon which Settlement shall become effective and is after the time period during which any appeal, petition for hearing, or writ of certiorari has expired.

1.15    "Final Approval Hearing" means the hearing at which the Court will make a final determination as to whether the terms of the Settlement Agreement are fair, reasonable, and adequate, and whether the settlement should be finally approved by the Court.

1.16    "Final Judgment" means the order entered by the Court after the Final Approval Hearing approving the Settlement.

1.17    "Gross Settlement Amount" means the agreed upon total of $2,300,000.00 dollars to settle this Class Action, which amount includes payment of all attorneys' fees for plaintiff's counsel, administration fees, class representative payments or incentive awards, and payments to Class Members as well as costs and expenses.

1.18    "Net Settlement Amount" shall mean the Gross Settlement Amount less any Court approved attorneys' fees and expenses, court-approved incentive awards, and claims administration costs not to exceed $150,000.00.

1.19    "Person" means any natural person, individual, corporation, limited liability company, association, partnership, trust, or any other type of legal entity.

1.20    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice to the Class.

1.21    "Released Claims" means the claims against the Defendants, Representative Plaintiffs, and the Class Members (as well as their respective heirs, next of kin, executors, administrators, spouses, officers, directors, shareholders, owners, managers, members, partners, principals, affiliates, divisions, subsidiaries, parents, contractors, attorneys, predecessors, successors, assigns, associates, agents, representatives, employers, and employees) that the Defendants, Representative Plaintiffs, Class Members shall deemed to have fully, conclusively, irrevocably, forever, and finally mutually released, relinquished, and discharged the others  from

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

any and all claims, duties, obligations, liabilities (of any kind or nature, without regard to amount, accrued or unaccrued) unknown claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, rights, and demands of any kind whatsoever that could have been raised or that arise in any way out of, relate to any facts that were alleged, or are in connection with the Action from November 27, 2010 to the date of Final Judgment.

1.22    "Released Persons" means the Defendant(s), Representative Plaintiffs, and Class Members together with each of their respective affiliates, agents, employees, officers, directors, parents, subsidiaries, attorneys, representatives, advisors, administrators, predecessors, successors, insurers, accountants, advisors, or anyone acting on their behalf.

1.23    "Releasing Persons" means Representative Plaintiffs,  Class Members, Defendants, and their respective family members, heirs, administrators, successors, and assigns.

1.24    "Representative Plaintiffs" means Carlie Sherman and Amanda Nash.

1.25    "Settlement" means the settlement contemplated by this Stipulation.

1.26    "Settlement Agreement" means this Stipulation of Class Action Agreement, including any permitted and executed amendments and exhibits hereto.

## 2.0    RECITALS

2.1    <u>Nature of the case.</u> Representative Plaintiffs brought a Class Action brought the civil cause of action within TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 1595.

2.2    <u>Purpose of Settlement Agreement.</u> This Settlement Agreement is entered into among the undersigned to compromise and settle all claims the matters raised by, or which could have been raised by Representative Plaintiffs and Class Members in the Action against

Defendants arising out of or related to any conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Class Action.

2.3    <u>Discovery</u>. The parties in the Action have vigorously litigated this case for over four years and, in doing so, have engaged in significant discovery, including thousands of pages of documents, often of handwritten material not amenable to technology assisted review,  class discovery including disputes regarding all aspects of the Class proposed by Representative Plaintiffs and their counsel, and disputes requiring Court assistance to accomplish resolution with respect to such issues as the appropriate scope of class discovery and state and federal confidentiality requirements in the context of class discovery (Doc. 203, 209, 210).  The parties conducted numerous depositions and substantial motion practice.

2.4    <u>Case Complexity</u>. Counsel for Representative Plaintiffs and Defendants in the Action have engaged in complex, substantial work. For example, the parties, at the time including various other plaintiffs and defendants, engaged in two rounds of Fed.R.Civ.P. 12(b)(6) motions practice (Doc. 72-73, 75, 80-83, 91-94; 120-52), completed motions practice and a hearing on the issue of severance of remaining parties and claims following rulings on the motions to dismiss (Doc. 169-70, 177-78),   briefed Representative Plaintiffs' Motion for Class Certification on a record consisting of hundreds of pages and included supplemental filings and a dispute over the contents of Defendants' briefing (Doc. 215, 216, 222, 224, 225, 227, 230, 234, 235, 230, 244) (inclusive of exhibits), completed briefing and oral argument before the Tenth Circuit Court of Appeals following the trial court's denial of Representative Plaintiffs' Motion for Class Certification, which record included an *amicus* brief from the U.S. Department of Justice (*see generally* Doc. 247, *Sherman v. Trinity Teen Sols., Inc.*, 84 F.4th 1182 (10th Cir. 2023)(vacating trial court's denial of Representative Plaintiffs' Motion

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

for Class Certification and remanding same); completed supplemental briefing following remand (Doc. 273, 277, 278), briefed Defendants' Motion for Judgment on the Pleadings, (Doc. 309, 313, 314), and filed numerous pleadings involving a dispute over Representative Plaintiffs' expert which was not resolved (Doc. 216-2, 224, pp. 4-5, 224-1, 225-2, 233, 236, 237, 242, 243, 246, 247, pp. 16-17, 306, 308, 310, 311, 312, 315, 316, 318, 319, 320, 321, 325).

   2.5 <u>Settlement Efforts.</u> The parties to the Action  conducted a third mediation before the Honorable Irma E. Gonzalez (Ret.) of JAMS mediation services on February 27, 2025. The Parties, through counsel, have conducted discussions and arm's length negotiations regarding a compromise and settlement of the Action with a view to settling all matters in dispute.

   2.6 <u>Position of Class Counsel.</u> Class Counsel submit that they have significant experience with class action claims, having collectively litigated and settled dozens of putative and certified class actions.  Based on this experience, Class Counsel believes that Representative Plaintiffs' claims have merit.  Class Counsel recognizes and acknowledge, however, that prosecuting such claims through further fact and expert discovery, dispositive motions, trial, potential additional proceedings dealing with class issues, appeals, and the prospects for satisfaction of any judgment will involve considerable uncertainty, time, and expense.

### 3.0 TERMS OF AGREEMENT

  3.1 <u>Settlement Payments</u>

    3.1.1 No later than 30  Business Days after Final Judgment, insurance carrier for Defendant shall deposit $2,300,000.00 into an escrow account directed by Class Counsel.

    3.1.2 The Administrator shall calculate distribution of settlement funds on a pro rata basis to each Class Member from the Net Settlement Amount. The amount to be paid to each Class Member shall be based upon the total

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

number of days that each Class Member spent at Trinity Teen Solutions. In making such determinations, the Administrator may consider all information reasonably available within Defendants' records. Class Members  must complete a Claim Form and return it to the Administrator by the deadline established in Section 1.3 in order to be entitled to receive her pro rata portion from the Net Settlement Amount.

3.1.3  The Administrator will periodically update Class Counsel and Counsel for Defendants regarding settlement payment via e-mail.

3.1.4  Within 30 days after last pro rata payment by Administrator, whichever is later, the Administrator shall provide a final accounting to the Parties of all payments under the Settlement Agreement.

3.2     Notice to Class Members

3.2.1  No later than 5 days after the date of Preliminary Approval Order, the Settlement Administrator shall establish a website containing copies of the Complaint, First Amended Complaint and attachment, the Agreement, the Preliminary Approval Order, and the Class Notice.  The Claim Form shall be available to download or print from the Settlement website. Class Counsel shall send notices of scheduled hearings to the Settlement Administrator to be posted on the website.  The Settlement Website shall use a Uniform Resource Locator (URL) that identifies the internet address as will be agreed upon by Class Counsel and Defendants' Counsel.  The Settlement website shall not include any advertising and shall not bear or include any logos or trademarks.  The Settlement website shall cease to operate, and the Administrator shall remove all information from the Settlement website no later than the date of final accounting as set forth in 3.1.4.

3.2.2  As of the date of Stipulation of Settlement, Defendants' Counsel have sent a list of last known addresses of Class Members to Plaintiffs' Counsel. If a Class Notice sent to any potential Class Member is returned as undeliverable, the Administrator will promptly log such return as undeliverable and provide copies of the log to Class and Defendants' Counsel.  If the mailing is returned to the Administrator with a forwarding address, the Administrator will forward the mailing to that address.  For other returned mailings, the Administrator will run the name and address one time through a single commercial database (e.g., Accurint) chosen by the Administrator, and, should the commercial database show a more current address, the Administrator shall re-mail the returned Class Notice to the more current address. No further efforts to locate or to find a more current address for Class Members is required.

3.2.3  As soon as practicable but in any event no later than 15 days after entry of the Preliminary Approval Order, the Administrator shall complete the

postcard mailing of the Class Notice to all Class Members.  Any material change(s) to the Class Notice or Claim Form agreed to by the Parties after entry of the Preliminary Approval Order must be approved by the Court prior to mailing.

3.3    Attorneys' Fees and Costs.

3.3.1  Class Counsel will apply to the Court for an award of attorneys' fees and expenses not to exceed 40 % of the Gross Settlement Amount concurrently with the submission of their motion in support of the Final Order and Judgment. These funds shall be sought to compensate class counsel for fees and expenses incurred in connection with the litigation.

3.3.2  Claims Administration shall not exceed $150,000.00, which shall be paid from the Net Settlement Amount. Class Counsel shall seek bids from various reputable administration services firm's promptly upon execution of this Agreement.  Defendants shall pay $150,000.00 to an escrow account directed by Class Counsel and which funds shall be paid to the Administrator for purposes of funding the Notice Plan and cost of administration within 3 days of entry of the Preliminary Approval Order.

3.4    Awards to Representative Plaintiffs. Class counsel shall apply to the Court to approve  Incentive Awards  not to exceed $15,000.00 to each Representative Plaintiff and Class Member Anna Gozun, for a total of $45,000.00 (in addition to their respective pro rata payments from the Class Fund) after the deduction of any Attorneys' Fees and Expenses approved by the Court and subject to approval by the Court. The Representative Plaintiffs and Ms. Gozun were each deposed, each had one parent deposed, they had their behavioral treatment records scrutinized and subject to opinions by experts, and they responded to requests for production, interrogatories, and requests for admission.

3.5    No Admission of Wrongdoing. This Settlement Agreement shall not be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever. Defendants have denied and continue to deny each and every allegation of liability, wrongdoing, and damages, as they believe they have substantial factual and legal defenses to all claims and class allegations.  Defendants

have always maintained, and continue to maintain, that they have acted in accordance with all federal and state laws and have complied with their duties and obligations to the Class Members. Nonetheless, Defendants have concluded that, because the continuation of the claims and allegations in the Action would be protracted and expensive, it is desirable that such claims be fully and finally settled on a class-wide basis (without any admission of fault or liability) in the manner and upon the terms set forth in this Agreement.

      3.6    <u>Non-Disparagement</u>. Representative Plaintiffs and Class Members shall not make any disparaging statements, verbal or written, about Releasees. Representative Plaintiffs and Class Members will not post or otherwise caused to be posted or published on any social media sites, public services review sites, or virtual communities, such as Facebook, Instagram, LinkedIn, Twitter, YouTube, TikTok, WhatsApp, Yelp, or blogs prior to the execution of this Agreement. "Disparagement" means remarks, comments, or statements that tend to impugn the character, physical or mental condition, honesty, integrity, morality, business acumen, or abilities of the individual or entity being disparaged. Nothing in this paragraph prevents the Representative Plaintiffs and Class Members from making true statements about their experiences.

          3.6.1  Defendants are limited to injunctive relief for a violation of Section 3.6. Representative Plaintiffs and Class Members agree that the terms of any future injunction granted for a violation of Section 3.6 shall include a prohibition that the Representative Plaintiff(s) and/or Class Member(s) who are the subject of the injunctive relief shall not post or cause to be posted or published on any social media sites, public services review sites, or virtual communities, such as Facebook, Instagram, LinkedIn, Twitter, YouTube, TikTok, WhatsApp, Yelp, or blogs any information in any form about Defendants or Defendants' past, present, or future residence, property, employment, business endeavors, or contact information such as address, telephone numbers, e-mail address, or social media handles or profiles.

          3.6.2  Nothing in the limitation set forth in Section 3.6.1 limits the relief Defendants may seek for the violation of any future injunction.

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

3.7    <u>Submission of the Settlement to the Court for Approval.</u> The undersigned agree to recommend approval of the Settlement by the Court as being fair, reasonable, and adequate. In that regard, the Parties agree that, as soon as practicable after execution of the Settlement Agreement, the Parties shall submit the Settlement Agreement, together with its exhibits, to the Court and shall apply for entry of a Preliminary Approval Order, preliminarily approving the proposed Settlement and setting a date for a hearing to determine final approval of the Settlement. The Preliminary Approval Order shall provide the court's decision whether to provide notice of the Settlement and related matters to be sent to Representative Plaintiffs and Class Members as specified herein.

3.8    <u>CAFA Notice.</u> Within ten days after filing of Motion for Preliminary Approval, Defendants shall send written notice of the Settlement to the Attorney General of the United States, the Wyoming Attorney General, the Wyoming Department of Family Services, and the state attorney general in each state in which a Class Member resides. The CAFA Notice shall provide notice of the proposed Settlement in compliance with the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*.

3.9    <u>Objections to the Settlement</u>. Any Class Member, who has not already opted out of the Class, may object to the proposed Settlement Agreement by submitting a written statement.

       3.9.1  To be timely, all written objections must be postmarked no later than thirty days before the Final Approval Hearing. A written objection must state the objecting Class Member's full name, address, telephone number, and email address, if any, and that of the Class Member's counsel, if any; the grounds for all objections, stated with specificity, and any evidence the objecting Class Member wishes to introduce in support of the objections; whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; proof of membership in the Class; a statement as to whether the Class Member intends to appear at the Final Approval Hearing, either individually or through counsel; if appearing at the Final Approval Hearing, the identity of any witnesses the Class member intends to have testify and copies of any exhibits the Class Member intends to introduce into evidence; the Class Member's signature; the case name and case number.

3.9.2  Subject to approval of the Court, any Class Member who files and serves a timely written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing,  to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the objection deadline; and (b) mails copies of the notice to Class Counsel and Defendant's Counsel identified in Section 2 of this Agreement, postmarked by the objection deadline.  The notice must include copies of any papers, exhibits, or other evidence that the objecting Class Member will present to the Court in connection with the Final Approval Hearing.  Any Class Member who does not file a notice of intention to appear in accordance with the Agreement shall not be entitled to appear at the Final Approval Hearing.

3.9.3  Any Class Member who fails to object to the Settlement in the manner described in this Section shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

3.9.4  Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, the Parties and all Counsel further agree to jointly request that any objector who seeks to appeal any ruling of the District Court with respect to such objection (or otherwise) be required to file a bond in the amount of $92,000 (4% of the Gross Settlement amount) in order to protect this Settlement.

3.10  <u>Effective Date</u>. The Effective Date of this Settlement shall be the date when all the following have occurred:

(a)  entry of the Preliminary Approval Order;

(b)  approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)  judgment has been entered by the Court and become final.

3.11  <u>Releases</u>. Upon satisfaction of the conditions required for the Effective Date as set forth in Section 3.10, Defendants, Representative Plaintiffs, and Class Members for themselves and for their assigns, agents, representatives, attorneys, heirs, executors, administrators, beneficiaries, and privies mutually release one another (as well as their respective heirs, next of

kin, executors, administrators, spouses, officers, directors, shareholders, owners, managers, members, partners, principals, affiliates, divisions, subsidiaries, parents, contractors, attorneys, predecessors, successors, assigns, associates, agents, representatives, employers, and employees). Further, Defendants, Representative Plaintiffs, and Class Members shall deemed to have fully, conclusively, irrevocably, forever, and finally mutually released, relinquished, and discharged one another (as well as their respective heirs, next of kin, executors, administrators, spouses, officers, directors, shareholders, owners, managers, members, partners, principals, affiliates, divisions, subsidiaries, parents, contractors, attorneys, predecessors, successors, assigns, associates, agents, representatives, employers, and employees) from any and all claims, duties, obligations, liabilities (of any kind or nature, without regard to amount, accrued or unaccrued) unknown claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, rights, and demands of any kind whatsoever that could have been raised or that arise in any way out of, relate to any facts that were alleged, or are in connection with the Action from November 27, 2010 – to the date of Final Judgment. The Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (or any like or similar statute or common law doctrine): A general release does not extend to claims that the creditor or Releasing Party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

additional or different facts, as to which the Releasing Parties expressly assume the risk, they freely and voluntarily give the release as set forth above.

    3.12    <u>Privacy of Documents and Information.</u> The Parties and their Counsel agree that they shall not use any of the documents and information provided to them during the course of this litigation for any purpose other than prosecution of this Class Action.

    3.13    <u>Confidentiality</u>. The terms of this Settlement shall remain confidential until this Settlement Agreement is filed in connection with a motion for preliminary approval of the Settlement, unless otherwise ordered by the Court.

    3.14    <u>Termination.</u> This Settlement Agreement is entered into only for purposes of settlement. If the Court fails to finally approve the Settlement Agreement (or any part thereof) or the Final Order or Judgment is not entered into for any reason, the Settlement Agreement will be null and void and the Parties will return to their respective positions as if this Settlement Agreement was never negotiated, drafted, or executed.

    3.15    <u>No Surviving Claims</u>.  Defendants, Representative Plaintiffs, and Class Members represent and warrant that, after entry of Final Judgment, they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

    3.16    <u>Entire Agreement.</u> The recitals set forth at the beginning of this Settlement Agreement are incorporated by reference and made a part of this Settlement Agreement. This Settlement Agreement constitutes the entire agreement and understanding of te Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Settlement Agreement shall be binding unless in writing and signed by each of the parties hereto.

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

3.17    <u>Interpretation</u>. Since all Parties and their Counsel participated in the drafting of this Settlement Agreement, and it is a result of lengthy, intensive arm's-length negotiations, the presumption that ambiguities shall be construed against the drafter does not apply. None of the Parties will be deemed the drafter of this Settlement Agreement for purposes of construing its provisions.

3.18    <u>Severability.</u> Should any court declare or determine any provision of this Settlement Agreement to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Settlement Agreement.

3.19    <u>Waiver.</u> A waiver by one Party of any provision or breach of this Settlement Agreement by any other Party shall not constitute a waiver of any other provision or breach of this Settlement Agreement.

3.20    <u>Headings</u>. All headings within this Settlement Agreement are purely for convenience and are not to be used as an aid in interpretation or as a substantive part of the Settlement Agreement. In the event of a dispute concerning the terms and conditions of the Settlement Agreement, the headings shall be disregarded.

3.21    <u>Governing Law and Choice of Forum</u>. This Settlement Agreement is made and entered into within and shall be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Wyoming, without regard to the principles of conflicts of laws. Any action to enforce this Settlement Agreement shall be brought only in the District of Wyoming.

3.22    <u>Continuing Jurisdiction</u>. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Class Representatives and

all Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

3.23    Counterparts. This Settlement Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile or electronic signature shall be deemed to constitute an original signature for the purposes of this Settlement Agreement.

3.24    Records Retention. The Administrator, Class Counsel and Defendants shall retain copies or images of all returned Class Notices, Claim Forms, and correspondence relating thereto, for a period of 1 year after the Final Accounting.

3.25    Calculation of Days. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days. In the event any date or deadline under this Agreement is a weekend or legal holiday, such date or deadline shall be on the first business day thereafter.

CONSENTED AND AGREED TO AS OF
May _____, 2025:


**On Behalf of Representative Plaintiffs and All Class Members:**


Carlie Sherman, Class Representative


Amanda Nash, Class Representative

Frank L. Watson, III
Craig A. Edgington
William F. Burns
William E. Routt
**WATSON BURNS, PLLC**

*Michael Rosenthal*
Michael Rosenthal (May 22, 2025 14:27 PDT)

Michael Rosenthal, (WSB #5-2099)
**HATHAWAY & KUNZ, LLP**

*Nathan Nicholas*

Nathan Nicholas
**KOCH LAW, PC**

**ON BEHALF OF DEFENDANTS:**

Thomas Quinn (WY: 5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
**GORDON REES SCULLY MANSUKHANI, LLP**

**TRINITY TEEN SOLUTIONS, INC.,**
a Wyoming corporation;

By: _____

Title: _____

**ANGELA C. WOODWARD**

By: _____

Title: _____

**JERRY D. WOODWARD**

By: _____

Title: _____

Frank L. Watson, III
Craig A. Edgington
William F. Burns
William E. Routt
**WATSON BURNS, PLLC**

_____

Michael Rosenthal, (WSB #5-2099)
**HATHAWAY & KUNZ, LLP**

_____

Nathan Nicholas
**KOCH LAW, PC**

**ON BEHALF OF DEFENDANTS:** May 20, 2025 | 11:04 AM PDT

*Thomas Quinn*
_____
Thomas Quinn (WY: 5-2630)
Lillian L. Alves (*Pro Hac Vice*)
Lindsey M. Romano (*Pro Hac Vice*)
**GORDON REES SCULLY MANSUKHANI, LLP**

**TRINITY TEEN SOLUTIONS, INC.,** May 20, 2025 | 10:43 AM PDT
a Wyoming corporation;

By: *Angela C Woodward*          *Jerry Woodward*
_____          _____

Title: Executive Director          Secretary/Treasurer
_____          _____

**ANGELA C. WOODWARD**

By: *Angela C Woodward*          May 20, 2025 | 10:43 AM PDT
_____

Title: Executive Director
_____

**JERRY D. WOODWARD**          May 20, 2025 | 10:40 AM PDT

By: *Jerry Woodward*
_____

Title: Secretary/Treasurer
_____

18

**KARA WOODWARD**

By: _____    May 19, 2025 | 11:46 AM PDT

Title: Defendant, Kara Woodward
_____

**KYLE WOODWARD**

By: _____    May 19, 2025 | 2:04 PM PDT

Title: Defendant
_____

**DALLY-UP, LLC,**
a Wyoming limited liability Corporation    May 20, 2025 | 10:43 AM PDT

By: _____    _____

Title: Executive Director    Secretary/Treasurer
_____

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

## **TRINITY TEEN SOLUTIONS CLASS ACTION CLAIM FORM**

I hereby certify that I was a resident  of Trinity Teen Solutions, Inc. between November 27, 2010, to present who received treatment and was subjected to agricultural or other manual labor without payment for said labor and am the individual entitled to reimbursement under the Settlement Agreement dated _____, 2025. I wish to participate in the settlement and receive appropriate compensation.

Name: _____

Start date at the Trinity Teen Solution Ranch: _____

End date at the Trinity Teen Solution Ranch: _____

Current Address: _____

 I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

_____
SIGNATURE

This Claim Form may be submitted to claims administrator, CMM Settlement Solutions, before _____ 2025 as follows:

1. By      email      transmission      to      CMM      Settlement      Solutions      at: fsc@cmmsettlementsolutions.com

2. By mail to CMM Settlement Solutions at: P.O. Box 17233, Memphis TN 38187.

Further    information    regarding    the    case    and    settlement    can    be    found    at www.trinityranchclassaction.com.

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**IF YOU WERE A RESIDENT AT TRINITY TEEN SOLUTIONS, INC. LOCATED IN POWELL, WYOMING FROM NOVEMBER 27, 2010, UNTIL ITS CLOSURE AND HAD TO PERFORM AGRICULTURAL OR MANUAL LABOR WITHOUT PAY, YOU ARE A MEMBER OF A CLASS ACTION LAWSUIT ("CLASS MEMBER") AND YOU MAY BE ENTITLED TO A MONETARY AWARD**

**PLEASE READ THIS NOTICE OF PROPOSED CLASS ACTION SETTLEMENT CAREFULLY BECAUSE YOUR LEGAL RIGHTS WILL BE AFFECTED.**

**\*\*\*DEADLINE TO RESPOND IS _____, 2025\*\*\***

The Purpose of this Notice ("Notice") is to inform you that:

The lawsuit known as *Carlie Sherman and Amanda Nash v. Trinity Teen Solutions, Inc. et al.*, Docket No. 2:20-CV-215-SWS (the "Lawsuit") has reached a settlement following a mediation with the Honorable Irma E. Gonzales (Ret.) held on February 27, 2025. Each side was represented by counsel during the mediation. In this case there were three mediations with three different mediators. The litigation has been pending since November 25, 2020.

At the conclusion of mediation before Judge Gonzales, the Named Plaintiffs, Carlie Sherman and Amanda Nash, entered into a settlement agreement with Trinity Teen Solutions, Inc. and its owners/employees to settle the forced labor Trafficking Victims Protection Reauthorization Act claims of former Trinity Teen Solutions residents. In the Lawsuit, the Named Plaintiffs alleged that they were supposed to receive therapy and schooling to address their behavior but instead were required to perform ranch and other manual labor in adverse conditions. The Defendants deny these allegations.

The District of Wyoming certified a Class in this Lawsuit. This is the definition of the Class approved by the District of Wyoming federal court: From November 27, 2010, to the present, Plaintiffs, and all similarly situated persons who received treatment from Defendant Trinity Teen Solutions, Inc. and were subject to the provision of "agricultural labor" (as defined [in] 26 CFR § 31.3121(g)(1)) or any other manual labor to one or more of the Defendants without payment for said labor. If you meet this definition, then you may be entitled to a monetary award under the settlement. There are approximately 264 people in the Class.

In order to settle the claims, the insurance carrier for Trinity Teen Solutions, Inc., Jerry D. Woodward, Angela C. Woodward, Kyle Woodward, Kara Woodward, and Dally-Up, LLC ("Defendants") have agreed to pay $2.3 million to the Class Members. Net proceeds will be distributed to Class Members after deduction of attorneys' fees of 40%, costs of $150,000 for settlement administration, and incentive awards to Ms. Sherman, Ms. Nash, and Ms. Anna Gozun of $15,000.00 each. The amount to be paid to each Class Member shall be based upon the total number of days that each Class Member resided at Trinity Teen Solutions.

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

If you would like to make a claim to receive a monetary award, YOU MUST TAKE THE FOLLOWING ACTION BY _____, 2025:

Complete and return a claim form to the Claims Administrator, CMM Settlement Solutions no later than _____, 2025 by one of the following means:

1. By email transmission to CMM Settlement Solutions at: fsc@cmmsettlementsolutions.com.
2. By mail to CMM Settlement Solutions at: P.O. Box 17233, Memphis TN 38187.

Whether you submit a claim or not, unless you already opted out of the Class, you will be bound by the terms of the settlement agreement. This includes a full release of claims of any kind whatsoever that could have been raised or that arise in any way out of, relate to any facts that were alleged, or are in connection with the Lawsuit. This will prevent you from separately suing Defendants for claims released by this settlement. Another term of the settlement agreement will restrict you from making any remarks, comments, or statements that tend to impugn the character, physical or mental condition, honesty, integrity, morality, business acumen, or abilities of the Defendants. You may make true statements about your experiences.

Further, you may object to the settlement agreement by submitting a written objection no later than thirty days before the Final Approval Hearing to the Court. Your objection can challenge the fairness of the settlement. The deadline for opting out of the settlement agreement or the Class has passed. A written objection must state the following:

- The case name and case number and the objecting Class Member's full name, signature, address, telephone number, and email address, if any, and that of the Class Member's counsel, if any.
- The grounds for all objections, stated with specificity.
- Any evidence the objecting Class Member wishes to introduce in support of the objections.
- Whether the objection applies only to the objector, to a specific subset of the class, or to the entire Class.
- Proof of membership in the Class; a statement as to whether the Class Member intends to appear at the Final Approval Hearing, either individually or through counsel.
- If appearing at the Final Approval Hearing, the identity of any witnesses the Class member intends to have testify and copies of any exhibits the Class Member intends to introduce into evidence.

Any Class Member who fails to object to the settlement agreement in the manner described above shall be deemed to have waived any objection, shall not be permitted to object to any terms or approval of the settlement at the final approval hearing, and shall be foreclosed from seeking any review of the settlement agreement by appeal or other means.

The settlement agreement is subject to final Court approval. If the Court approves the settlement agreement and you are a Class Member and do not make a claim or have not previously opted out, then you will not be entitled to collect any monetary award.

Docusign Envelope ID: B1EAA792-C936-4B3C-99B4-9852B5D6594A

If you have any questions about the Settlement Agreement, you may call the Notice Administrator at 1-888-415-8886, any of the Class Counsel lawyers, or you may visit www.trinityranchclassaction.com where you may view court documents including the proposed settlement agreement, the parties' filings and the District of Wyoming's orders pertaining to the settlement agreement, the First Amended Complaint that sets forth the claims, and other updates about the case.