IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CARLIE SHERMAN and AMANDA NASH on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>TRINITY TEEN SOLUTIONS, INC., a Wyoming corporation; ANGELA C. WOODWARD; JERRY D. WOODWARD; KARA WOODWARD; KYLE WOODWARD; and DALLY-UP, LLC, a Wyoming limited liability corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Doc. No. 20-CV-215-SWS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF MEDIATOR HON. (RET) IRMA GONZALEZ

I, IRMA GONZALEZ, declare under penalty of perjury as follows

1. I submit this Declaration in my capacity as the mediator in the above-captioned action and in connection with the proposed settlement of claims in the above-captioned class action (the "Settlement").

2. The parties' negotiations were conducted in confidence and under my supervision. The participants separately made confidential mediation presentations to me as part of their settlement negotiations pursuant to Rule 408 of the Federal Rules of Evidence, protecting disclosure made during such process from later discovery, dissemination, publication and/or use in evidence. By making this declaration, neither I nor the parties waive the protections of Rule 408. While I cannot disclose the contents of the mediation negotiations, the parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of approval of the Settlement. Thus, without in any way waiving the mediation privilege, I make this declaration based on personal knowledge and I am competent to testify as to the matters set forth herein.

3. I am a former U.S. District Judge, a former U.S. Magistrate Judge, and a former San Diego County Superior Court Judge. Prior to my 30-year judicial career I was in private practice at the law firm of Seltzer, Caplan, Wilkins, & McMahon and an Assistant United Stated Attorney in the Criminal Prosecution Division in the District of Arizona and Central District of California.

4. I was the chair of the Supreme Court Fellows Program Commission in 2012. I am on the Board of Trustees of the California Western School of Law and the Advisory Board of the San Diego Chapter of the Federal Bar Association. I received the American Bar Association Margaret Brent Women Lawyers of Achievement Award in 2021.

5. Over the past 11 years, I have served as a mediator, arbitrator, court-appointed neutral, and neutral evaluator in connection with large, complex cases, including successfully mediating a putative class action alleging that health insurance carrier underpaid claims to out-of-service ambulatory surgery clinics in claims involving unfair competition and violation of Employee Retirement Income Security Act (ERISA), a class action brought by mechanic helpers to recover wages on work days for which they did not take meal periods under California Labor Code, and a class action brought by individuals who enrolled in online business school and alleged fraud, failure to provide services paid for, and various other California Business Code violations.

6. On February 27, 2025, Class Counsel and Defendants participated in a full-day mediation session before me that extended into the evening hours. The participants included class counsel Frank Watson, Craig Edgington, Bill Burns, Will Routt, Nathan Nicholas, and Mike Rosenthal and class representatives Carlie Sherman and Amanda Nash. On the defense side, counsel Thomas Quinn and Lillian Alves, Defendants Angie Woodward, Jerry Woodward, Kyle Woodward, and Kara Woodward, and counsel for Markel Insurance Company attended.

7. In advance of the mediation session, the parties submitted detailed separate mediation statements and supporting exhibits addressing liability and damages for my eyes only. During the mediation, counsel for each side formally presented arguments regarding their clients' positions. The work that went into the mediation statements and competing presentations and arguments was substantial.

8. During the mediation session, I engaged in extensive discussions with counsel in an effort to find common ground between the parties' respective positions. During these discussions, I challenged each side separately to address the weaknesses in each of their positions and arguments. In addition to vigorously arguing their respective positions, the parties exchanged several rounds of settlement demands and offers.

9. The mediation process was an extremely hard-fought negotiation from beginning to end. Although I cannot disclose specifics regarding the participants' positions, there were many complex issues that required significant thought and practical solutions. Throughout the mediation process, the negotiations between the parties were vigorous and conducted at arm's-length and in good faith.

10. Based on my experience as a mediator and former judge, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the Settlement Class and all

parties involved. I further believe it was in the best interests of the parties that they avoid the burdens and risks associated with taking a case of this size and complexity to trial, and that they agree on the Settlement now before the Court. I strongly support the Court's approval of the Settlement in all respects.

11. Lastly, the advocacy on both sides of the case was excellent. All counsel zealously and capably represented their respective clients.

I declare under penalty of perjury that the foregoing facts are true and correct and that this declaration was executed this 11th day of March, 2025.

_____
Judge (ret.) Irma Gonzalez