FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 JUN -5 AM 9:16

MARGARET BOTKINS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

---

**CARLIE SHERMAN, and AMANDA NASH;**
on Behalf of themselves and all similarly
situated persons,

CASE NO. 20-cv-215-SWS

        **PLAINTIFFS,**

v.

**TRINITY TEEN SOLUTIONS, INC.,**
a Wyoming corporation; **ANGELA C.
WOODWARD, JERRY D. WOODWARD,
KARA WOODWARD; KYLE WOODWARD,**
And **DALLY-UP, LLC,** a Wyoming limited liability
Corporation,

        **DEFENDANTS.**

---

### PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

---

After reviewing the pleadings and Parties' Motion to Preliminarily Approve Class Action Settlement and accompanying exhibits including the Settlement Agreement, Class Notice, Claims Form, Term Sheet, Agreement of Ms. Sherman and Ms. Nash to the Term Sheet, and Declaration of Mediator Irma Gonzalez, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2. The Court preliminarily finds (a) the proposed Settlement resulted from extensive arm's-length negotiations; (b) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representatives' and the Settlement Class's claims; (c) Class Representatives and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (d) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.

3. Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement

1

Agreement and to show cause, if any exists, why the Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement shall be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4. The Court further preliminarily approves the form and content of the proposed Notices, which are attached to the Settlement Agreement as Exhibits 1-2, and finds the Notices are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notices fairly and adequately: (a) describe the terms and effect of the Settlement; (b) notify the Settlement Class that Class Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of expenses, and Incentive Awards for current and former Class Representatives; (c) notify the Settlement Class of the time and place of the Final Approval Hearing; (d) describe the procedure for objecting to the Settlement or any part thereof; and (e) direct potential Class Members to where they may obtain more detailed information about the Settlement.

5. The Court also preliminarily approves the proposed manner of communicating the Notices to the Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

6. Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

7. The Court appoints CMM Settlement Solutions to act as Settlement Administrator and perform the associated responsibilities set forth in the Settlement Agreement. If the Settlement is finally approved by the Court, the Settlement Administrator will supervise and administer the Settlement in accordance with the Settlement Agreement (together with the documents referenced therein and exhibits thereto) and the Judgment. The Parties and their Counsel shall not be liable for any act or omission of the Settlement Administrator.

8. Pursuant to Federal Rule of Civil Procedure 23(e), a Final Approval Hearing shall be held on **September 11, 2025, at 9:00 a.m. MDT** in the United States District Court for the District of Wyoming at 111 S. Wolcott Street, Courtroom No. 2, Casper, Wyoming, with the Honorable Scott W. Skavdahl presiding to:

      a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

      b. determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

      c. determine whether a final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

      d. determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and the Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

      e. rule on such other matters as the Court may deem appropriate.

9. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request for the Incentive Awards to Current and Former Class Representative may file an objection. An objector must file with the Court and serve upon Class Counsel and Defendant's Counsel a written objection containing the following:

    a. a heading referring to *Sherman v. Trinity Teen Solutions.*, Case No. **20-cv-215-SWS**, United States District Court for the District of Wyoming;

    b. a statement that the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number;

    c. a detailed statement of the specific legal and factual basis for each and every objection;

    d. a list of any witnesses the objector may call at the Final Approval Hearing, together with a brief summary of each witness's expected testimony;

    e. a list of and copies of any exhibits the objector may seek to use at the Final Approval Hearing;

    f. a list of any legal authority the objector may present at the Final Approval Hearing;

    g. the objector's name, current address, and current telephone number;

    h. the objector's signature executed before a Notary Public;

    i. identification of the objector's dates of admission and discharge from Trinity Teen Solutions

    j. if the objector is objecting to any portion of the Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses or Administration, Notice, and Distribution Costs, or the Incentive Awards to Current and Former Class Representatives on the basis that the amounts requested are unreasonable, the objector must specifically state the portion of such requests the objector believes is fair and reasonable and the portion that is not.

Such written objections must be filed with the Court and served on Class Counsel and Defense Counsel, via certified mail return receipt requested, and received no later than 5:00 p.m. MDT by the deadline of 30 calendar days prior to the Final Approval Hearing to:

**Class Counsel**

Frank L. Watson, III
William F. Burns
William E. Routt, III
Craig Edgington
WATSON BURNS, PLLC
5865 Ridgeway Ctr Pkwy, Ste. 300
Memphis, TN 38120
fwatson@watsonburns.com
bburns@watsonburns.com
wroutt@watsonburns.com
cedgington@watsonburns.com

Michael Rosenthal
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
Fax: (307) 634-0985
mike@hkwyolaw.com

Nathan Nicholas
KOCH LAW, PC
121 W. Carlson St., Ste 5
Cheyenne, WY 82009
(307) 631-6383
nnicholas@kochlawpc.com

**Defense Counsel**
Thomas Quinn
Lillian L. Alves
Lindsey M. Romano
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth St. Suite 3400
Denver, CO 80202
tquinn@grsm.com
lalves@grsm.com
lromano@grsm.com

**Settlement Administrator**
CMM Settlement Solutions
P.O. Box 17233,
Memphis, TN 38187

10. Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Final Approval Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the by the information listed. The Parties' Counsel may file any reply or response to any objections prior to the Final Fairness Hearing. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

11. Any objector who timely files and serves a valid written objection in accordance with the above paragraph shall also appear at the Final Approval Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Approval Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 9 above.

12. No later than 30 calendar days prior to the Final Approval Hearing Plaintiffs' Counsel and Plaintiffs shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment; (c) Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and/or the Incentive Awards.

13. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or a Judgment approving it is entered that does not become

Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement.

14. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representative and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

15. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement, and shall not be offered or received in evidence in any action or proceeding by or against any Party in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendant and any Class Member(s), the provisions of the Settlement Agreement, or the provisions of any related agreement, order, judgment, or release. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class certifiability, and Defendant specifically denies any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Settlement Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation in the event the Settlement is terminated.

16. The Court, along with any appellate court with the power to review the Court's orders and rulings in the Litigation, hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement of the Settlement Agreement and Settlement and the orders of the Court related thereto.

17. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Class.

SO ORDERED this 5th day of June, 2025.

BY THE COURT:

Scott W. Skavdahl
United States District Court Judge