Michael Rosenthal, WSB #5-2099
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
Fax: (307) 634-0985
mike@hkwyolaw.com

Nathan Nicholas, WSB #7-5078
Koch Law, PC
121 W. Carlson St. #3
Cheyenne, Wyoming 82009
(307) 631-6383
nnicholas@kochlawpc.com

Frank L. Watson, III (TN Bar #015073)
Craig Edgington (TN Bar #038205)
William E. Routt, III (TN Bar #028577)
William F. Burns (TN Bar#017908)
*Admitted Pro Hac Vice*
Watson Burns, PLLC
5865 Ridgeway Center Pkwy., Ste. 300
Memphis, TN 38120
(901) 529-7996
Fax: (901) 529-7998
fwatson@watsonburns.com
cedgington@watsonburns.com
wroutt@watsonburns.com
bburns@watsonburns.com
*ATTORNEYS FOR PLAINTIFFS*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN, ANNA GOZUN**; and **AMANDA NASH** on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD**; **KARA WOODWARD**; **KYLE WOODWARD**; and **DALLY-UP, LLC,** a Wyoming limited liability corporation,<br><br>Defendants. | **EXHIBIT A**<br><br><br><br><br><br><br><br>Civil Doc. No. 2:20-cv-215-SWS |

### DECLARATION OF FRANK L. WATSON, III IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1. I, along with William F. Burns, William E. Routt, III, Craig Edgington, Michael Rosenthal, and Nathan Nicholas, am appointed Class Counsel to the Certified Class in the captioned matter. I am admitted to practice in all state courts and in the Western and Middle U.S. District Courts in the State of Tennessee. I currently practice at WATSON BURNS, PLLC, a Tennessee law firm, which specializes in the prosecution of class action lawsuits throughout the nation. I have never been suspended, sanctioned, disbarred or disqualified by any Court or by any legal disciplinary body.

2. I have been involved in varying capacities with several class actions and complex litigation in Tennessee state courts and in various federal courts throughout the nation. I am admitted to practice before the Federal District Courts of Arkansas and Tennessee and the United States Court of Appeals for the Fourth, Fifth, Sixth Circuit, Seventh Circuit, and Eleventh Circuits, having handled numerous cases before each of these courts.

3. I have had substantial experience acting as both defense and plaintiffs' counsel in class action litigation. I initially gained experience defending clients in class actions, with a focus on securities class actions in particular. For example, in the action known as *In re Taxable Municipal Bond Securities Litigation* (M.D.L. 863), which involved the underwriting and sale of municipal bonds by Drexel Burnham Lambert and others, I served as class action co-counsel on behalf of a class of secondary market securities broker-dealers before the Honorable Judge Morey Sear in the United States District Court for the Eastern Division of Louisiana. In a Missouri class action styled *Hachey et al. v. Lutheran Church-Missouri Synod Foundation, et al.,* Case No. 00 CC 003359 involving the purchase and sale of collateralized mortgage obligation securities, I

served as class action defense counsel; this action resulted in a settlement in which my client was released from liability without any payment or consideration provided to the plaintiff class.

4. With respect to the representation of class action plaintiffs, I and my law partner, William F. Burns, have been appointed Lead and/or Co-Lead Class Counsel in a large number of highly successful matters ranging from defective products to financial services. Among others, these include:

- *Babb, et. al. v. Wilsonart International, Inc.* Civil Action No. 01818-04, Div. 4 (Cir. Ct. Shelby County, Tennessee filed Mar. 30, 2004)(appointed Co-Lead Class Counsel to consumer class action involving defective kitchen countertops owned by over 10,000 consumers; case was certified as a nationwide class action and ultimately settled for a compensatory damages of $23.5 million to the class).

- *Logan, et al. v. SCB Computer Technologies, Inc.* Case No. 03-2925 (W.D. Tenn. filed 2004)( appointed Lead Class Counsel to a collective and class action involving federal and state wage and hour violations, which resulted in a settlement for approximately 250 misclassified computer programmers) .

- *Stephenson v. Equity Title & Escrow of Memphis, LLC*, *et. al*, Civil Action No. 06-67 (Cir. Ct. Dyersburg County, Tennessee filed Apr. 21, 2006)( appointed Co-Lead Class Counsel in the successful certification and settlement of excessive title insurance of title insurance premiums involving over 10,000 consumers)

- *Squires v. The ServiceMaster Co. and Clayton Dubilier & Rice, Inc*., CH-08-0471-Part II (Chancery Ct. Shelby Co., Tennessee filed Mar. 11, 2008)( appointed Co-Lead Class Counsel to employees who held options on ServiceMaster stock that had been wrongfully canceled; case settled on a class basis for $1 million)

- *Howard v. Wilkes & McHugh, P.A. et al*., Case No. 2:06-cv-2833-JMP-tmp (W.D. Tenn. filed Dec. 12, 2006)(appointed Lead Class Counsel in class action against law firm for charging excessive fees in medical malpractice cases; case settled for $4 million)

- *Ham et al. v. Swift Transportation Co., Inc*. Case No. 2:09-cv-02145-JTF (W.D. Tenn. filed Mar. 11, 2009) (appointed Co-Lead Class Counsel to class of approximately 8,700 student truck drivers who lost their commercial drivers licenses based on the alleged wrongful actions of Swift's trucking driving school; case settled for compensatory damages and debt write off valued in excess of $17 million)

- *Manjunath A. Gokare, P.C. et al v. Federal Express Corp*., Case No. 2:11-cv-02131-JTF-cgc (W.D. Tenn. filed Nov. 11, 2011)(appointed Co-Lead Class Counsel to class of consumers to whom Federal Express had improperly imposed

> residential surcharges for the delivery of packages to non-residential addresses; case was settled for $20 million)

- *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, Case No. 10-cv-2304 SHM-tmp (W.D. Tenn. filed 2010) (appointed Co-Lead Class Counsel in class action against law firm for its collection of an unlawful attorney fee from delinquent real property taxpayers) and *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, CH-13-0899-Part III (Chancery Ct. Shelby County, Tennessee filed June 18, 2013)(subsequent case settlement in state court for $7.4 million)

- *Clemans v. New Werner Co. d/b/a Werner Co.*, Case No. 3:12-cv-05186-RBL (W.D. Wash. filed Mar. 2, 2012)(appointed Co-Lead Class Counsel in class action alleging that an attic ladder, made by Werner Co. prior to its bankruptcy in 2006, was defective; despite Werner's bankruptcy, case was settled by Werner's agreement to replace 300,000 attic ladders sold in the U.S, the retail value of which was $48 million)

- *Goodman v. Cashman et al and CIGNA Life Insurance Co.*, Case No. 3:14-cv-229-DPM (E.D. Ark. Dec. 10, 2015)(ERISA class action certified on behalf of participants in Crittenden Hospital Associations defunct health plan and appointed Co-Lead Class Counsel; settlement resulted in $4 million in medial payments and litigation expenses)

- *Powell v. Oldham*, Case No. 2:16-cv-02907-SHM/tmp (W.D. Tenn. Dec. 9, 2021)(Civil Rights class action against the Shelby County, Tennessee Jail for unlawful detention, resulting in $4.3 million settlement).

5. The above cases have been defended by some of the nation's largest and most respected defense firms, including McDermott, Will & Emery, LLP, Greenberg Traurig, LLP, Debevoise & Plimpton, LLP, Bass, Berry & Sims, Baker Donelson and Waller Lansden. I and Mr. Burns have also successfully handled a number of appeals under Rule 23(f) of the Federal Rules of Civil Procedure.

6. My law partner, William F. Burns, similarly has extensive class action experience, having served as Lead or Co-Lead Class Counsel in each of the cases identified in paragraph 4 above. Mr. Burns also served as Co-Lead Class counsel before Judge Jon P. McCalla of the United States Court for the Western District of Tennessee in the class action styled *The Farm and Industrial Supply Co., Inc. Profit Sharing Plan et al v. First Mercantile Trust Company et al*, Case

4

No. 02-cv-2946-M/A . That class action involved ERISA and RICO claims brought to recover fee overcharges imposed on 2,500 pension plans. After substantial discovery, Mr. Burns was able to secure a settlement of over $19 million for the class. (*Id.* at ¶ 6).

7. I have also given seminars concerning class litigation. For example, on behalf of the Federal Bar Association in November 2005, I participated in a Class Action Fairness Act seminar in which myself, Judge Mays and Professor Robert Banks of the University of Memphis Law School served as the panelists. Mr. Burns and I also gave a CLE Seminar on class actions at the Memphis Bar Association annual meeting, known as "Bench Bar," in May 2012.

8. In 2020, my firm and my co-Class Counsel became involved in the representation of the named Plaintiffs in connection with their forced, uncompensated labor at the premises controlled by Defendants. I and Class Counsel investigated the facts and circumstances that our clients had been exposed to with respect to Defendants' forced labor practices as well as the various legal claims that are set forth in the Class Action Complaint. Before and after the filing of Plaintiff's Original Class Action Complaint and amendments thereto, our law firms have:

   (i) interviewed and/or communicated with approximately 100 girls who are prospective class members in order to gather evidence;

   (ii) responded to and defeated (in part) Defendants' Motions to Dismiss;

   (iii) have propounded document requests, and responded to Defendants' discovery requests;

   (iv) have reviewed thousands of documents;

   (v) have appeared several times before the Magistrate concerning discovery disputes;

   (vi) have taken and/or defended approximately ten (10) depositions;

   (vii) expended significant litigation expenses prosecuting the claims of the Plaintiffs and the Class.

9. The above class action cases have required the Watson Burns and our co-counsel firms to risk thousands of dollars in litigation expenses by advancing these expenses on behalf of these classes a contingency fee basis. Watson Burns and our co-counsel have the financial strength and resources to fund class litigation, which often requires plaintiff counsel to bear the cost of class notice, experts and significant electronic discovery costs.

10. The Parties in this case have reached a settlement (the "Class Settlement"), which the Court preliminarily approved on June 5, 2025. The Settlement followed over four (4) years of contested litigation, and it is the result of good faith, arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

11. I have devoted greater than 267.3 hours to this litigation. At my standard hourly rate of $515 per hour, I have spent a total of $137,659.50 litigating this action.

12. My partner and co-Class Counsel, William F. Burns, has devoted 80.6 hours to this litigation. At his standard hourly rate of $495 per hour, he has spent a total of $39,897.00 litigating this action.

13. My associate and co-Class Counsel, William E. Routt, III, has devoted $304.7 hours to this litigation. At his standard hourly rate of $395 per hour, he has spent a total of $120,356.50 litigating this action.

14. The times and hourly rates of my co-Class Counsel are enumerated in their contemporaneously filed Declarations and can be summarized as follows:

| Law Firm | Timekeeper | Hourly Rate | Hours Expended | Total |
|---|---|---|---|---|
| WATSON BURNS, PLLC | Frank L. Watson, III | $515.00 | 267.3 | $137,659.50 |
| | William F. Burns | $495.00 | 80.6 | $39,897.00 |
| | William E. Routt, III | $395.00 | 304.7 | $120,356.50 |

| Law Firm | Timekeeper | Hourly Rate | Hours Expended | Total |
|---|---|---|---|---|
| HATHAWAY & KUNZ, LLP | Craig Edgington | $350.00 | 1,528 | $534,800.00 |
| | Paralegals | $175.00 | 67.8 | $11,865.00 |
| | Michael Rosenthal | $450.00 | 190.5 | $85,725.00 |
| | Nathan Nicholas | $325.00 | 335.0 | $108,875.00 |
| | Kelsey Prestesater | $325.00 | 20.6 | $6,695.00 |
| | Legal Assistants | $175.00 | 69.4 | $12,145.00 |
| KOCH LAW, PC | Nathan Nicholas | $425.00 | 47.0 | $19,975.00 |
| **TOTALS:** | | | | $1,077,993.00 |

15. Plaintiff's lodestar of $1,077,993.00 therefore exceeds the request for fees and expenses of $920,000.00 that Class Counsel seek in connection with the Class Settlement.

16. Moreover, these hours do not include any hours performed after the date of this filing and thus do not include preparation for the Final Fairness Hearing, travel and attendance at the Final Fairness Hearing, or Counsel's involvement in the ongoing claims period and claims process, which will continue after the Final Fairness Hearing. While this is merely a prediction, it is likely that Counsel will expend in excess of 100 hours that is not included in the chart above.

17. My firm has incurred $7,600 in expenses in the prosecution of this case. Class Counsel has incurred a total of $54,545.55 in expenses in the prosecution of this case, which includes expenses associated with voluminous discovery, numerous depositions, and the ordinary costs of litigation. All of these expenses were necessary and reasonable for the prosecution of this case.

18. I fully understand the undesirability of civil rights, education, and TVPRA cases as they are both expensive and time consuming. Our legal team took on this demanding case without any real expectation of payment other than a potential award of attorney fees if we were successful.

19. I do not believe that many firms or solo practitioners would undertake such a novel and important case for the protection of the rights of victims of human trafficking or who are were willing to risk their time, funds, and efforts to vindicating their clients' rights. I firmly believe that the settlement is fair, reasonable, and adequate and is in the best interests of the class. The Settlement provides a substantial and immediate recover to the Class Members. Without Court approval of the Settlement, this case may well languish in ongoing discovery, trial, and appeal, and the Class Members may not see any recovery for years, if ever.

20. All of my time was appropriately expended in furtherance of this litigation and was all necessary for the preparation of this case. Substantial time was devoted to this matter due to the length of this litigation.

21. The risks of ongoing litigation further support approval of the Settlement. For example, Markel Insurance Company filed a lawsuit against the Defendants here alleging that Defendants' actions were not covered under the relevant insurance policies. Markel sought, among other things, declaratory relief that it owed no duty to defend or indemnify Defendants under the relevant policies and that coverage was barred. *See Markel Insurance Co. v. Trinity Teen Solutions, Inc., et al.*, Case No. 1:24-cv-00181-SWS, United States District Court for the District of Wyoming. Should the Court Settlement not be finalized, the Class is at substantial risk of receiving no recovery whatsoever in the event Markel prevails in its action against Defendants as no insurance funds would be available for the Class. Likewise, Defendant Trinity Teen Solutions, Inc. filed suit against Blue Cross and Blue Shield of Wyoming ("BCBS") seeking compensation for alleged treatment provided to Class Members for behavior and mental health issues. *See Trinity Teen Solutions, et al. v. Blue Cross and Blue Shield of Wyoming*, Case No. 30350, in the District Court for the Fifth Judicial District of the State of Wyoming. Should BCBS prevail, it is anticipated that Defendants will have little, if any, assets available to compensate the Class.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

<u>*Frank L. Watson, III*</u>
FRANK L. WATSON, III

Executed on: August 12, 2025