Michael Rosenthal, WSB #5-2099
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
Fax: (307) 634-0985
mike@hkwyolaw.com

Nathan Nicholas, WSB #7-5078
Koch Law, PC
121 W. Carlson St. #3
Cheyenne, Wyoming 82009
(307) 631-6383
nnicholas@kochlawpc.com

Frank L. Watson, III (TN Bar #015073)
Craig Edgington (TN Bar #038205)
William E. Routt, III (TN Bar #028577)
William F. Burns (TN Bar#017908)
*Admitted Pro Hac Vice*
Watson Burns, PLLC
5865 Ridgeway Center Pkwy., Ste. 300
Memphis, TN 38120
(901) 529-7996
Fax: (901) 529-7998
fwatson@watsonburns.com
cedgington@watsonburns.com
wroutt@watsonburns.com
bburns@watsonburns.com
*ATTORNEYS FOR PLAINTIFFS*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **CARLIE SHERMAN, and AMANDA NASH;** on Behalf of themselves and all similarly situated persons, | **CASE NO. 20-cv-215-S** |
| **PLAINTIFFS,** | |
| v. | **EXHIBIT B** |
| **TRINITY TEEN SOLUTIONS, INC.,** a Wyoming corporation; **ANGELA C. WOODWARD, JERRY D. WOODWARD; KARA WOODWARD; KYLE WOODWARD,** And **DALLY-UP, LLC,** a Wyoming LLC, | |
| **DEFENDANTS.** | |

1

## DECLARATION OF ATTORNEY CRAIG A. EDGINGTON
## IN SUPPORT OF FEES AND EXPENSES

STATE OF TENNESSEE
COUNTY OF TIPTON

I, Craig A. Edgington, after being duly sworn, on oath state as follows:

1. I am an attorney licensed to practice law in the state of Tennessee and practice law at the law firm of Watson Burns, PLLC, located at 5865 Ridgeway Center Parkway, Memphis, TN 38120

2. I have been licensed to practice law since 2020, am an active member of the Federal Bar Association, and am in good standing with the Tennessee Bar. Furthermore, I am admitted to all courts of the State of Tennessee and the following federal courts: the Western, Middle and Eastern Districts of Tennessee, the Western and Eastern Districts of Arkansas, the District of Colorado, the Southern District of Illinois, the Sixth Circuit, the Eighth Circuit, the Tenth Circuit, the Eleventh Circuit, and the Supreme Court of the United States.

3. A substantial portion of my practice is devoted to the areas of civil rights litigation. Over 90% of my practice is devoted to federal civil rights litigation arising under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1983, Title IX of the Civil Rights Act, and occasionally under other federal civil rights statutes. The vast majority of my cases arise within the criminal justice or educational context. For the entirety of my career, I have been active counsel in at least one civil rights class action.

4. In 2021, I was awarded $275 per hour in a 42 U.S.C. § 1983 federal class action settlement under a Lodestar calculation with no multiplier applied in *Turnage v. Oldham*, 2021 U.S. Dist. LEXIS 239877 (W.D. Tenn. Dec 9, 2021) (Mays, J.)

2

5.      In September 2022, I was awarded $260 per hour in an ADA class action case under a Lodestar calculation with no multiplier applied in *G.S. et al, v. Governor Gill Bill Lee*, 2:21-cv-02552-SHL-atc (W.D. Tenn. 2022) where both my fee and time were contested. In that matter, Judge Sheryl Lipman only reduced my billed time by .1 hour. (ECF No. 140, PageID # 1859, n. 8). This award was for work conducted in mid to late 2021.

6.      In November 2023, I was awarded $250 per hour in *Autumn Sanders v. Shelby County Schools*, 2:19-cv-2056-JTF-cgc (W.D. Tenn. 2019), a case of similar novelty involving a disabled student who was injured following the denial of her read-aloud-accommodation under the ADA and Section 504 of the Rehabilitation Act. This award was for work that was performed prior to September 2019.

7.      In February 2024, following a successful false arrest § 1983 jury trial, I was awarded $290 per hour in *Kesha Gray v. Shelby County, et al.*, 2:20-cv-02947 (W.D. Tenn. 2020) (ECF No. 195) for work conducted between 2020 and 2024. In that matter the defendants' attorneys, who also represented Shelby County, challenged my fees and rates.

8.      In July 2024, I departed the structure of a standard firm as an employee and became a civil rights partner, undertaking substantial risk by foregoing a standard paycheck and earning only what I personally earned through litigation. At that time, I increased my standard hourly rate to $350.00.

9.      I have expended $37,178.83 dollars in expenses in this litigation, excluding any travel/lodging expenses to Wyoming for the class certification hearing, oral argument at the 10th Circuit, or travel expenses to Wyoming for the final hearing on settlement approval.

10.     I devoted greater than 1,528 hours in this litigation for at a total of $534,800.00. Including the assistance provided by my paralegal of 67.8 hours at $175.00 per hour, I and my

staff have approximately $546,665.00 in billable time devoted to this matter.

11. Fact development and discovery review were my responsibility in this case. I aggressively sought discovery, including participating in judicial conferences on discovery disputes. Documents in discovery exceed 300,000 pages. I devoted hundreds of hours to reviewing documents myself to properly evaluate the Plaintiffs' claims. We did not hire a third party company to review these documents. These documents were dumped in our lap without proper labeling, making it necessary to open each document which was only titled with a Bates Stamp Number to determine what, if any, benefit the document had to this litigation.

12. I prepared for, attended, and/or conducted over a dozen depositions myself. There was not a single deposition taken that I did not in some form participate in.

13. I fully understand the undesirability of civil rights, education, and TVPRA cases as they are both expensive and time consuming. Our legal team took on this demanding case without any real expectation of payment other than a potential award of attorney fees if we were successful.

14. I do not believe that many firms or solo practitioners would undertake such a novel and important case for the protection of the rights of victims of human trafficking or who are were willing to risk their time, funds, and efforts to vindicating their clients' rights. I firmly believe that the settlement is fair, reasonable, and adequate and is in the best interests of the class.

15. All of my time was appropriately expended in furtherance of this litigation and was all necessary for the preparation of this case. Substantial time was devoted to this matter due to the length of this litigation.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of August 2025 at Memphis, Tennessee.

*[signature]*

Craig A. Edgington

5