Michael Rosenthal, WSB #5-2099
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
Fax: (307) 634-0985
mike@hkwyolaw.com

Nathan Nicholas, WSB #7-5078
Koch Law, PC
121 W. Carlson St. #3
Cheyenne, Wyoming 82009
(307) 631-6383
nnicholas@kochlawpc.com

Frank L. Watson, III (TN Bar #015073)
Craig Edgington (TN Bar #038205)
William E. Routt, III (TN Bar #028577)
William F. Burns (TN Bar#017908)
*Admitted Pro Hac Vice*
Watson Burns, PLLC
5865 Ridgeway Center Pkwy., Ste. 300
Memphis, TN 38120
(901) 529-7996
Fax: (901) 529-7998
fwatson@watsonburns.com
cedgington@watsonburns.com
wroutt@watsonburns.com
bburns@watsonburns.com
*ATTORNEYS FOR PLAINTIFFS*

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

---

**CARLIE SHERMAN, and AMANDA NASH;**
on Behalf of themselves and all similarly
situated persons,

       **PLAINTIFFS,**

**v.**

**TRINITY TEEN SOLUTIONS, INC.,**
a Wyoming corporation; **ANGELA C.
WOODWARD, JERRY D. WOODWARD;
KARA WOODWARD; KYLE WOODWARD,**
And **DALLY-UP, LLC,** a Wyoming LLC,

       **DEFENDANTS.**

**CASE NO. 20-cv-215-S**

**EXHIBIT C**

**DECLARATION OF ATTORNEY MICHAEL ROSENTHAL
IN SUPPORT OF FEES AND EXPENSES**

STATE OF WYOMING
COUNTY OF LARAMIE

I, Michael Rosenthal, after being duly sworn on oath state as follows:

1. I am an attorney licensed to practice law in the state of Wyoming and am a senior litigator at the law firm of Hathaway & Kunz LLP, located at 2515 Warren Ave., Suite 500, Cheyenne, WY 82001.

2. I have been licensed to practice law since 1983 and am an active member in good standing of the Wyoming State Bar Association.

3. My activity in service to the bar includes the following: Between 1987 and 2014, I served on the Board of Directors and Past-President's Board for the Wyoming Trial Lawyers Association and served as WTLA President in 1994-1995. In 1993, I served as a Member of the Public Information and Education Committee for the Wyoming State Bar Association. I was elected by the members of the Wyoming State Bar to serve on the Wyoming Judicial Nominating Commission from 1996 to 2000. I served as the Chairman of the Wyoming State Bar Convention in 2008. In 2011, I served as the President of the American Inns of Court, Ewing T. Kerr Chapter, of which I was a founding member. In 2016 was awarded the Thomas G. Gorman Excellence in Professionalism Award for exemplifying the highest standards of excellence, integrity, civility, ethics and professionalism in the practice of law by the Inn. I served the public interest as a member of the Clients' Security Fund Committee for the Wyoming State Bar Association. I was nominated and elected as Wyoming's first Fellow of the American College of Civil Trial Mediators. I have been named *Best Lawyers in America* "Lawyer of the Year" for Cheyenne for personal injury

2

litigation (plaintiff) three times.

4. I am admitted to all courts of the State of Wyoming and the federal courts for the Districts of Wyoming and Colorado and the Tenth Circuit, Court of Appeals.

5. Furthermore, I have been involved as counsel in varying capacities in several class actions and complex litigation in Wyoming state courts and in federal court for the District of Wyoming.

6. A substantial portion of my practice is devoted to the areas of serious injury, wrongful death, and products liability. My specialties include civil litigation and trials; mediation and arbitration; regulatory and communications law; government relations and lobbying; and employment law and litigation.

7. In 2020, Hathaway & Kunz was approached to serve as the local counsel in this matter. My co-counsel and I investigated the facts and circumstances that our clients had been exposed to with respect to Defendants' forced labor practices, as well as the various legal claims that were set forth in the Class Action Complaint.

8. Based on this investigation, Hathaway & Kunz LLP chose to take a more active role and equally contribute to the litigation with co-counsel, and I volunteered to be the senior partner from Hathaway & Kunz to supervise work on this matter.

9. Class counsel are experienced in class action litigation such as this and are familiar with the claims, remedies and defenses at issue in this case, including the limits of Defendants' ability to satisfy a judgment.

10. This matter was filed on November 25, 2020, and included nearly twenty (20) Defendants in the beginning, all of whom elected to file dispositive motions rather than address the merits of this litigation. The entire first year of litigation was devoted to legal research and

responding to dispositive motions. (*See generally* ECF No. 157) (Orders denying TTS Defendants' Motion to Dismiss issued on November 30, 2021).

11. Fact development and discovery were extensive in this action. Documents in discovery exceed 300,000 pages. Class counsel devoted hundreds of hours to reviewing documents to properly evaluate the Plaintiffs' claims as well as potential defenses. We did not hire a third-party company to review these documents. These documents were often produced without proper organization or labeling, making it necessary to open and review each document. Most of the Defendants' documents were only titled with a Bates Stamp Number, thus requiring careful review to determine what, if any, benefit the document had to this litigation.

12. Our team prepared for and conducted over a dozen depositions.

13. Class counsel appeared several times before the Magistrate Judge to brief and argue discovery disputes.

14. The settlement in this matter follows three separate extensive mediations and over four years of litigation and negotiations between the Parties. The settlement provides substantial and immediate relief to the Class Members in a non-reversionary gross settlement of $2,300,000. Given the factual realities of the case, Class Counsel firmly believe the settlement is fair, reasonable, and adequate, and is in the best interests of the Class. This settlement came as the result of good faith, arm's length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case, in particular.

15. Class Counsel seek an award of attorneys' fees equaling forty percent of the gross settlement amount, which amounts to $920,000. This amount is within the range of reasonable and customary class action settlements in the Tenth Circuit and in general.

16. Class Counsel have extensive experience in class actions and have dedicated

substantial time to this case—over 2,000 hours in investigation and research, motions practice, discovery, mediation, settlement and administration.

17. At Class Counsel's standard hourly rates, their aggregate hours amount to a total lodestar of more than the award sought.

18. On behalf of Hathaway & Kunz, LLP, I have personally recorded 190.5 hours of time working on this matter since its inception, which amount includes my individual work as well as direct management and supervision of the work of the associates and legal assistants of my firm. As a Partner, my normal hourly rate for billable legal work is $450. During his time with our firm, Associate Nathan Nicholas worked extensively on the case and recorded 335 hours. Associate Kelsey Prestesater logged 20.6 hours on the matter. The Hathaway & Kunz hourly billing rate for Associates' time is $325. In addition, Legal Assistants Patty Wood and Hayley Weaver also performed work on this matter, totaling 69.4 hours. The hourly rate for legal assistants at Hathaway & Kunz LLP is $175. Hathaway & Kunz LLP has expended $9166.72 in expenses in this litigation, excluding any travel/lodging expenses to Wyoming for the class certification hearing, oral argument at the 10th Circuit, or travel expenses to Wyoming for the final hearing on settlement approval.

19. I do not believe that many firms or solo practitioners in Wyoming would undertake such a novel and important case for the protection of the rights of victims of human trafficking and forced labor or who were willing to risk their time, funds, and efforts for nearly 5 years to vindicate the rights of those individuals who collectively make up this class.

20. All of Class Counsel's time was appropriately expended in furtherance of this litigation and was all necessary for the preparation of this case. Substantial time was devoted to this matter due to the length of this litigation.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of August 2025.

By: /s/ Michael Rosenthal
Michael Rosenthal, WSB #5-2099
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY  82003-1208
(307) 634-7723
Fax:  (307) 634-0985
mike@hkwyolaw.com
