Michael Rosenthal, WSB #5-2099
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
Fax: (307) 634-0985
mike@hkwyolaw.com

Nathan Nicholas, WSB #7-5078
Koch Law, PC
121 W. Carlson St. #3
Cheyenne, Wyoming 82009
(307) 631-6383
nnicholas@kochlawpc.com

Frank L. Watson, III (TN Bar #015073)
Craig Edgington (TN Bar #038205)
William E. Routt, III (TN Bar #028577)
William F. Burns (TN Bar#017908)
*Admitted Pro Hac Vice*
Watson Burns, PLLC
5865 Ridgeway Center Pkwy., Ste. 300
Memphis, TN 38120
(901) 529-7996
Fax: (901) 529-7998
fwatson@watsonburns.com
cedgington@watsonburns.com
wroutt@watsonburns.com
bburns@watsonburns.com
*ATTORNEYS FOR PLAINTIFFS*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

**CARLIE SHERMAN, and AMANDA NASH;**
on Behalf of themselves and all similarly
situated persons,

      **PLAINTIFFS,**

**v.**

**TRINITY TEEN SOLUTIONS, INC.,**
a Wyoming corporation; **ANGELA C.**
**WOODWARD, JERRY D. WOODWARD;**
**KARA WOODWARD; KYLE WOODWARD,**
And **DALLY-UP, LLC,** a Wyoming LLC,

      **DEFENDANTS.**

**CASE NO. 20-cv-215-S**

**EXHIBIT D**

## DECLARATION OF ATTORNEY NATHAN NICHOLAS
## IN SUPPORT OF FEES AND EXPENSES

STATE OF WYOMING
COUNTY OF LARAMIE

I, Nathan Nicholas, after being duly sworn, on oath state as follows:

1. I am an attorney licensed to practice law in the state of Wyoming at the law firm of Koch Law, P.C., located at 121 W. Carlson St., Suite 200, Cheyenne, WY 82009.

2. I have been licensed to practice law since 2013. I am in good standing with the Wyoming Bar.

3. I have been involved in varying capacities with several complex litigation matters in Wyoming state courts and in various federal courts throughout the nation. I am admitted to the Wyoming Supreme Court and the U.S. District Courts for the Districts of Wyoming and Colorado.

4. A substantial portion of my practice is devoted to complex litigation and personal injury, including workplace accident, serious injury, wrongful death, and products liability.

5. I joined Koch Law, P.C. in January of this year. Prior to January 2025, I was an associate at Hathaway & Kunz, LLP.

6. In 2020, I was approached by Tennessee counsel to serve as the local counsel in this matter. Mr. Rosenthal and I investigated the facts and circumstances that our clients had been exposed to with respect to Defendants' forced labor practices as well as the various legal claims that were set forth in the Class Action Complaint.

7. Based on this investigation, Hathaway & Kunz chose to take a more active role and equally contribute to the litigation with co-counsel.

8. Class counsel are experienced in class action litigation such as this and are familiar

with the claims, remedies, and defenses at issue in this case, including the limits of Defendants' ability to satisfy a judgment.

9. This matter was filed on November 25, 2020, and included nearly twenty (20) Defendants in the beginning, all of whom elected to file dispositive motions rather than address the merits of this litigation. The entire first year of litigation was devoted to legal research and fighting dispositive motions. (*See generally* ECF No. 157) (Orders denying TTS Defendants' Motion to Dismiss issued on November 30, 2021).

10. Fact development and discovery were extensive in this litigation. Documents in discovery exceed 300,000 pages. Class counsel devoted hundreds of hours to reviewing documents to properly evaluate the Plaintiffs' claims. We did not hire a third-party company to review these documents. These documents were dumped in our lap without proper labeling, making it necessary to open each document which was only titled with a Bates Stamp Number to determine what, if any, benefit the document had to this litigation.

11. Our team prepared for and conducted over a dozen depositions.

12. Our team appeared several times before the Magistrate concerning discovery disputes.

13. This settlement in this matter follows three mediations and over four years of litigation and negotiations between the Parties. The settlement provides substantial and immediate relief to the Class Members in a non-reversionary gross settlement of $2,300,000. Given the factual realities of the case, Class Counsel firmly believe the settlement is fair, reasonable, and adequate, and is in the best interests of the Class. This settlement came as the result of good faith, arm's length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

14. Class Counsel seek an award of attorneys' fees equaling forty-percent of the gross settlement amount, which amounts to $920,000. This amount is within the range of reasonable and customary class action settlements in the Tenth Circuit and in general.

15. Class Counsel have extensive experience in class actions and have dedicated substantial time to this case—over 2,000 hours in investigation and research, motions practice, discovery, mediation, settlement and administration.

16. Since joining Koch Law, P.C., I have attributed 47 hours of my time to this matter. My "of counsel" rate at Koch Law, P.C. is $425 per hour. Totaling $19,975 in billable-equivalent fees.

17. At Class Counsel's standard hourly rates, their aggregate hours amount to a total lodestar in excess of the award sought.

18. I do not believe that many firms or solo practitioners would undertake such a novel and important case for the protection of the rights of victims of human trafficking and forced labor or who are were willing to risk their time, funds, and efforts to vindicating their clients' rights.

19. All of Class Counsel's time was appropriately expended in furtherance of this litigation and was all necessary for the preparation of this case. Substantial time was devoted to this matter due to the length of this litigation.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of August 2025.

*Nathan Nicholas*
Nathan Nicholas