UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

FILED

9:13 am, 8/20/25

**Margaret Botkins**
**Clerk of Court**

Anna Alsup Gozun,

Class Member,

v.

Trinity Teen Solutions, et al.,

Defendants.

Case No. 2:20-cv-00215-SWS

# EMERGENCY MOTION: (1) FOR LEAVE TO PROCEED PRO SE; (2) TO EXPEDITE; AND (3) FOR LIMITED RULE 23(d) PROTECTIVE RELIEF

## I. INTRODUCTION

Class member Anna Alsup Gozun moves for (A) leave to proceed pro se as to matters affecting her individual rights; (B) expedited consideration of that request before the upcoming final approval hearing; and (C) alternatively, limited protective relief under Fed. R. Civ. P. 23(d) to preserve her rights and prevent prejudice pending resolution of her representation status. Ms. Gozun formerly served as a Class Representative until November 27, 2024, when the Court entered Doc. 322 terminating her as a representative and confirming she continues as a class member. While in that fiduciary role, she reasonably understood she could not opt out. By the time she was terminated, the opt-out period had passed. The June 2025 Class Notice listed only Sherman and Nash and omitted Ms. Gozun, providing no guidance to a former representative who had reverted to class status. This left a procedural gap: unable to opt out while a representative, and then lacking meaningful notice and clarity after returning to the class. On June 20, 2025 (Doc. 346), the Court required position statements addressing whether she may be permitted to opt out now. Defendants filed; Class Counsel did not. On July 30, 2025, attorney Nathan A. Nicholas of Hathaway & Kunz informed Ms. Gozun that Class Counsel would not represent her; to her knowledge, no motion to withdraw has been filed as required by D. Wyo. L.R. 84.3(b). The final approval hearing is less than a month away. Without leave to proceed pro se, Ms. Gozun cannot be heard on matters affecting her individual rights in advance of final approval.

## II. RELIEF SOUGHT

A. Pro se leave. Authorize Ms. Gozun to appear and file on her own behalf as to matters affecting her individual rights (including, as appropriate, issues of opt-out/objection, notice, or adequacy), without resolving any such substantive issues at this time. B. Expedited consideration. Decide this motion on the papers at the Court's earliest convenience before the final approval hearing. C. Alternative Rule 23(d) protective relief (if timing requires). If pro se leave cannot be resolved in time, enter a short interim order that: (1) preserves/tolls Ms.

Gozun's opt-out and objection rights pending further order; and (2) prohibits use of Ms. Gozun's name in support of settlement approval or attorneys' fees absent her written consent; all without prejudice to the remainder of the class. D. In-camera/under-seal pathway without waiver (if the Court desires review). Grant leave for Ms. Gozun to submit, in camera/under seal, (i) the Sept. 25, 2024 call recording; (ii) Oct. 9, 2024 all-counsel Zoom corroboration; and (iii) her July 30, 2025 and Aug. 19, 2025 correspondence referenced in her declaration, accompanied by a request under Fed. R. Evid. 502(d) that any such submissions do not effect a waiver of attorney-client privilege or work product in this or any other proceeding, including any subject-matter waiver.

## III. GROUNDS

Former representative; notice gap. Ms. Gozun served as a Class Representative until Nov. 27, 2024 (Doc. 322). In that fiduciary role, she reasonably understood she could not opt out. The June 2025 Class Notice omitted her entirely and gave no guidance for a former representative who reverted to class status. Doc. 346 non-compliance. On June 20, 2025 (Doc. 346), the Court ordered position statements on whether she may opt out. Defendants filed; Class Counsel did not, depriving her of advocacy on a Court-identified rights issue. Representation limbo. On July 30, 2025, Nathan A. Nicholas (Hathaway & Kunz) informed her that Class Counsel would not represent her. To her knowledge, no motion to withdraw has been filed under L.R. 84.3(b). She is effectively unrepresented on matters uniquely affecting her while counsel remains of record. Imminent prejudice. With the final approval hearing less than a month away, absent pro-se status (or limited protective relief), Ms. Gozun cannot be heard on issues affecting her individual rights before final approval.

## IV. AUTHORITY

The Court has broad discretion under Rule 23(d) to issue orders that protect class members and supervise counsel, and under Rule 23(e) to ensure any settlement is fair, reasonable, and adequate, considering objections and adequacy of representation. D. Wyo. L.R. 84.3(b) requires that counsel may withdraw only by motion and order, with duties continuing until withdrawal is granted. Due process requires meaningful notice and an opportunity to opt out for absent class members. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985).

Date: August 19, 2025

Respectfully submitted,

/s/ Anna Alsup Gozun

anna.gozun@outlook.com

## CERTIFICATION UNDER L.R. 7.1(b)(1)(A)

Ms. Gozun certifies that she attempted in good faith to confer. Because Class Counsel has disclaimed representation without withdrawing, and no substitute counsel has appeared,

conferral was impracticable. She has served this filing on defense counsel and class counsel pursuant to Fed. R. Civ. P. 5 and L.R. 5.1(c).

## DECLARATION OF ANNA ALSUP GOZUN (28 U.S.C. § 1746)

I, Anna Alsup Gozun, declare under penalty of perjury: 1. I served as a Class Representative until Nov. 27, 2024 (Doc. 322), and remained a class member thereafter. 2. While a representative, I understood opt-out was unavailable to me. After Doc. 322, the June 2025 Class Notice omitted me and did not explain how a former representative could exercise rights as a class member. 3. On June 20, 2025 (Doc. 346), the Court ordered filings on whether I may opt out. Defense Counsel filed; Class Counsel did not. 4. On July 30, 2025, attorney Nathan A. Nicholas of Hathaway & Kunz informed me that Class Counsel would not represent me. To my knowledge, no motion to withdraw has been filed under D. Wyo. L.R. 84.3(b). 5. Between Sept. 12–19, 2024, I communicated with class counsel regarding Donati's withdrawal and conflicts involving attorneys Brice Timmons and Craig Edgington. I objected to Donati's withdrawal only because I was not provided information about potential negative impact on the class. 6. On Sept. 25, 2024, I spoke by phone with Mr. Nicholas regarding case strategy and conflicts; I preserved a recording of that call. 7. On Oct. 9, 2024, I participated in a Zoom meeting with all class counsel, still in my capacity as a lead plaintiff, regarding case planning and the expert witness's withdrawal. 8. On Aug. 19, 2025, I emailed the Clerk (cc'ing counsel) to clarify representation and my understanding that I could not file pro se while counsel remained of record. 9. Class counsel has invoked my name in filings supporting settlement approval and fees; I do not support either and did not authorize such use. Executed on August 19, 2025. /s/ Anna Alsup Gozun