FILED

4:37 pm, 9/10/25

Margaret Botkins
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

Carlie Sherman and Amanda Nash et al.,
Plaintiffs,

v.

Trinity Teen Solutions et al.,      Civil Action No. 2:20-cv-215-SWS
Defendants.

### Notice of Pro Se Status and Emergency Motion for Protective Order

*Filed by Anna Gozun, Pro Se Objector and Former Class Representative.*

### Introduction

Pursuant to Federal Rule of Civil Procedure 23(d), Anna Alsup Gozun ("Ms. Gozun") respectfully moves for a narrowly tailored protective order limiting direct, one-on-one contact by Class Counsel with her, and prohibiting retaliation or coercion. Expedited consideration is warranted because the final settlement hearing is tomorrow morning, which Ms. Gozun has been permitted to observe via Zoom (without argument unless called upon).

### Background

1. Ms. Gozun has recently filed submissions in this matter pro se.

2. On September 8, 2025, shortly after her objection was docketed, Ms. Gozun received a phone call from Nathan Nicholas, a member of Class Counsel. She did not answer. This was Class Counsel's first attempted direct contact with her since June 2025.

3. On September 9, 2025, after Ms. Gozun emailed the Clerk of Court, the Court's law clerk responded (copying all parties and Class Counsel) that, absent a Court order, it would not appear improper for Class Counsel to contact her directly.

4. The final settlement hearing is September 11, 2025. The Court has granted Ms. Gozun leave to observe via Zoom and directed that she will not further discuss her objection unless called upon.

5. In light of the pending hearing, her prior experiences, and the issues raised in her filings—including allegations of coercive practices and fear of retaliation by certain members of current Class Counsel—she seeks a limited order to prevent direct outreach and to bar retaliation now, during, and after the hearing.

**Legal Standard**

6. Rule 23(d) authorizes the Court to issue orders to protect class members and manage the conduct of class actions, including regulating communications to prevent confusion, coercion, or interference with class members' rights. The relief requested is narrow, content-neutral, and tied to the record here.

**Requested Relief**

Ms. Gozun respectfully requests that the Court enter an order that:

a. Confirms on the record that she is proceeding pro se and that prior Class Counsel do not represent her, as previously requested;

b. Limits Direct Contact: Class Counsel—and their partners, associates, staff, investigators, vendors, and agents—shall refrain from direct, one-on-one communications with Ms. Gozun, including by telephone, text message, messaging apps, social media, or in-person outreach, outside the presence or notice of other parties;

c. Channels Communications: Any necessary communications shall occur via (i) docketed filings, (ii) communications through the Clerk's Office, or (iii) written correspondence copying all counsel of record and Ms. Gozun;

d. Anti-Retaliation: Class Counsel and those acting at their direction shall not intimidate, harass, coerce, or retaliate against Ms. Gozun for filing objections, seeking relief, or otherwise participating in these proceedings, including attempts to pressure her to withdraw or modify her filings;

e. Duration: The protections shall remain in effect through the conclusion of settlement approval proceedings and any appeals, or at minimum for 60 days after the final settlement hearing, unless modified by further order or with Ms. Gozun's written consent;

f. Permitted Communications: Nothing in the order precludes (i) proper service under Fed. R. Civ. P. 5, (ii) communications expressly authorized by the Court, or (iii) written communications copying all counsel of record limited to logistical or scheduling matters;

g. Enforcement: Violations may be addressed by appropriate remedies, including sanctions, upon motion or the Court's own initiative; and

h. Expedited Consideration: Given the hearing tomorrow morning, the Court may grant this motion on an expedited basis, or alternatively state these directives on the record at the hearing and enter the written order forthwith.

WHEREFORE, Ms. Gozun respectfully asks the Court to grant this motion.

Dated: September 10, 2025

Respectfully submitted,

/s/ Anna Alsup Gozun

Anna Alsup Gozun, Pro Se

anna.gozun@outlook.com

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2025, I submitted the foregoing Notice of Pro Se Status and Emergency Motion for Protective Order to the Clerk of Court for filing in the U.S. District Court for the District of Wyoming. Because I am proceeding pro se and not using CM/ECF, I will rely upon said filing by the Clerk to serve this upon all Parties and Class Counsel.

Dated: September 10, 2025

/s/ Anna Alsup Gozun

Anna Alsup Gozun, Pro Se