# EXHIBIT A

CORE/3525483.0002/230256109.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **CARLIE SHERMAN** and **AMANDA NASH**, on behalf of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br><br>vs.<br><br>**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming corporation; **ANGELA C. WOODWARD**; **JERRY D. WOODWARD**; **KARA WOODWARD**; **KYLE WOODWARD**; and **DALLY-UP, LLC**, a Wyoming limited liability corporation,<br><br>    Defendants. | Case No. 2:20-cv-00215-SWS |

## SECOND STIPULATED MODIFIED PROTECTIVE ORDER

Before the Court is the Parties' *Joint Motion for Entry of Second Stipulated Modified Protective Order* [Doc. No. ____] concerning the recording, confidentiality designation, attendance at, and dissemination of deposition testimony and exhibits thereto pursuant to Fed. R. Civ. P. 26(c), which seeks to amend the Stipulated Modified Protective Order entered at Doc. No. 200. Finding good cause, the Court **GRANTS** the Motion.

**IT IS THEREFORE ORDERED** that this Second Stipulated Modified Protective Order, shall apply as follows:

**1.    Purpose of Modified Order.** The purpose of this Order is to further prevent the disclosure of matters deemed confidential and to further protect confidential, medical, privileged, or proprietary information or documentation. All provisions of the existing Protective Order, entered by this Court on January 11, 2022, shall continue to remain in effect.

**2.    Additional Designation of Confidentiality as to Depositions and Exhibits.** In

2

addition to the information designated as confidential in the previous Protective Order, the Exhibits attached to the depositions that were previously marked as Confidential shall maintain their confidentiality.

**3.     Designation of Confidentiality.** The Parties agree to the below procedure for determining confidentiality of depositions as follows:

a)     The Parties agree that the parties shall have fourteen (14) days from the date of receipt of the signed deposition transcript (or if waived, the date of receipt of the deposition) to designate portions of the deposition as confidential;

b)     Any Party shall have seven (7) days therefrom to accept or object to the confidentiality designations of the other Party;

c)     To the extent the Parties are not in agreement as to the proposed confidentiality designations, then the designating Party may submit the proposed confidentiality designations to the Magistrate.

d)     The Parties agree to not file or make public the depositions, exhibits thereto, or any portion thereof, until: 1) after 14 days from the receipt of the signed deposition (or if waived, the date of receipt of the deposition transcript), to allow for the potential proposed confidentiality designations of the other Party; or 2) an agreement on the proposed confidentiality designations; or, 3) if no agreement is reached between the Parties, then until the issue of the proposed confidentiality designations is resolved by the Magistrate.

**4.     Limitations on the Recording and Dissemination of Depositions.** The recording or dissemination in any fashion of the depositions, other than by the designated videographer and court reporter, is prohibited. However, counsel may, in good faith, disseminate or use the depositions for purposes of litigation and settlement in this matter. In separate litigation titled

*Trinity Teen Solutions, Inc. and Heavens Peak Behavioral Health Services, Inc. v. Blue Cross & Blue Shield of Wyoming*, pending in the District Court of the Fifth Judicial District for Park County, Wyoming, CV-30350 ("Park County Litigation"), Trinity Teen Solutions, Inc. has been requested to produce transcripts of the following individual's depositions that have been marked confidential in the above-captioned case pursuant to this Protective Order: (1) Kyle Woodward, (2) Angie Woodward, (3) Jerry Woodward, (4) Jenna Neve, and (5) Justin McColl.  Notwithstanding any provision to the contrary, one or either of the Parties may provide the foregoing deposition transcripts and the exhibits thereto to counsel for Blue Cross & Blue Shield of Wyoming in the Park County Litigation.  All counsel in the Park County Litigation shall treat the transcripts and exhibits as confidential pursuant to the Protective Order that was entered in the Park County Litigation.

    **5.**    **Limitations on Attendance at Depositions.** The Parties' depositions shall not be attended by persons other than the deponent, counsel, the named Parties, court reporter, and videographer, whether in person or by any remote means.

    **6.**    **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, record, or other information.

    **7.**    **Duration.** The confidentiality obligations imposed by this Court shall remain in effect unless otherwise expressly ordered by the Court, including after any resolution, judgment, or other disposition or conclusion of this lawsuit, including all appeals. This Court shall retain continuing jurisdiction to enforce the terms of this Order after this lawsuit is resolved, including but not limited to all appeals. Any Party may request in writing that other Parties return or destroy all confidential information and all copies thereof to the Party who provided the confidential

information. Each party has thirty (30) days from the date of the written request to return the confidential information.

**8.     No Waiver.** This Stipulated Modified Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Order. Additionally, this Stipulated Modified Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders, or from agreeing amongst themselves by proper Order to modify the terms of this Stipulated Modified Protective Order.

**9.     Jurisdiction.** The Court shall retain jurisdiction of this cause after termination as appropriate to enforce the provisions of this Stipulated Modified Protective Order.

**10.    Docket Filings**. All documents of any nature including, but not limited to briefs, motions, memoranda, transcripts, discovery responses, evidence, and the link that are filed with the Court for any purpose and that contain the designated confidential depositions, or any exhibit thereto, shall be provisionally filed under restricted access with the filing Party's motion for leave to file restricted access documents. A party seeking to file the confidential depositions or exhibits thereto must comply with the Court's rules and electronic docketing procedures for filing such motions.

ALL OF WHICH IS HEREBY ORDERED ADJUDGED AND DECREED, the above-recited provisions of the Parties' agreement being incorporated in the ordering part of this order as though copied verbatim herein.

DATED this _____ day of _____, 2025.

_____
Scott P. Klosterman
United States Magistrate Judge